**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ELWOOD JONES, JR. | : | |
| Petitioner, | : | CASE NO. C-1-01-564 |
| v. | : | JUDGE THOMAS M. ROSE |
| MARGARET BAGLEY, WARDEN | : | MAGISTRATE JUDGE MERZ |
| Respondent. | : | |

**WARDEN'S POSITION ON PRO SE AFFIDAVIT OF PETITIONER ELWOOD JONES**

Respectfully submitted,

**JIM PETRO**
Ohio Attorney General


s/ Heather L. Gosselin
**HEATHER L. GOSSELIN (0072467)**
Deputy Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
Phone: (614) 728-7055
Fax:    (614) 728-8600

**COUNSEL FOR RESPONDENT**

1

On May 14, 2004, Magistrate Judge Merz received a letter from Petitioner Elwood Jones (hereinafter "Jones"). In that letter, Jones requested that the Court file his February 6, 2004 affidavit. By Order issued July 3, 2004, this Court ordered the parties to "file with the Court counsel's positions on the manner in which the Court should handle the Pro Se Affidavit" on or before July 1, 2004. The Warden submits the following in response to this Court's order.

The Warden respectfully submits that the best course of action in this case in light of the pro se affidavit and recent correspondence submitted by Elwood Jones is to bring Jones in for a colloquy regarding how he would like to proceed. This is necessary because it is unclear from the affidavit and related correspondence if Jones truly wishes to dismiss his petition and waive further federal litigation or simply wishes to remove counsel, Gregory Meyers and James Owen, from the case.

In paragraph #2 of his affidavit, Jones states that he wishes to "[v]olunteer to give up the remaining of my Federal Appeals and any Clemencies (sic) hearing before the Ohio Parole Authority as of 2/6/04 of my free will and sound mind. I Volunteer (sic) to be executed as an innocent man in the State of Ohio for the following reasons stated in this Affidavit." Jones Affidavit, pg. 1. In the following three and a half pages he asserts that he is innocent of the crime he has been convicted of and explains his theory of why he was arrested and convicted. Jones Affidavit, pgs. 2-5. He concludes his affidavit by articulating frustration with his attorneys and all attorneys who are appointed to represent death sentenced inmates on appeal and alleges that they are only interested in reducing the sentence to life without parole, "[i]nstead of being focused upon facts to completely vindicate their client and demonstrate the Bies (sic) and Prejudice Misconduct (sic) committed by the State, allowing them to obtain a conviction upon a

Defendant for a crime he or she did not commit and violating a defendants (sic) ability to a fair and impartial trial!" Jones Affidavit at 5.

In subsequent correspondence to this Court Jones has requested an evidentiary hearing on his claims and has even outlined evidence that would be presented if such a hearing is granted, while again reiterating his frustration with his counsel. For example, in a June 11, 2004 letter to Magistrate Judge Merz, Jones wrote, "By their own admissions to this court in written and on the record (sic), counsel have been unprepared and overworked, and there's been a total lack of communication. This is what has forced me to make the decision that have made (sic) with respect to my affidavit of February 6, 2004." Jones letter to Magistrate Judge Merz dated June 11, 2004, pg. 3.

In light of the conflicting positions taken by Jones – requesting to waive his federal appeal and then requesting an evidentiary hearing on his petition – the Warden submits that the only way to truly know what Jones' wishes are would be to bring him into Court and question him on the record with respect to how he would like this Court to proceed. The Warden further submits that at the colloquy, this Court should instruct Jones that he has three options to choose from: 1) continue litigating his petition before this Court through the representation of Gregory Meyers and James Owen; 2) continue litigating his petition before this Court but do so pro se; and 3) voluntarily dismiss his petition with prejudice.

As noted above, Jones has expressed dissatisfaction with his attorneys. As such, the Warden submits it is necessary to instruct Jones that he has the right to appointed counsel but that he also has the ability to waive that right. Jones should therefore be instructed that he could request that current counsel be removed from his case. The Warden submits, however, that Jones should also be instructed that if he chooses to have current counsel, Gregory Meyers and

3

James Owen, removed from the case he will have to represent himself because although he has the right to appointed counsel he does not have the right to counsel of his choice.

The Warden believes that it is particularly important that Jones be questioned on his desire to retain counsel in light of recent litigation in other capital cases regarding counsel's representation during federal habeas corpus proceedings. In *Cooey v. Bradshaw*, 96-CV-797 (N.D. Ohio 2003), unreported, attached, Judge Polster stayed Cooey's execution to allow the Court time to consider a Rule 60(b) motion on a claim that "ineffective assistance of federal habeas appellate counsel impugned the integrity of the habeas proceedings." To avoid similar problems in Jones' case and to ensure that this Court is proceeding according to Jones' wishes, it is necessary to conduct a colloquy with Jones on the record before determining how to proceed.

The Warden therefore respectfully requests that this Court schedule a hearing on the record at which to conduct a colloquy with Jones.

    Respectfully submitted,

    **JIM PETRO**
    Ohio Attorney General


    s/ Heather L. Gosselin_____
    **HEATHER L. GOSSELIN (0072467)**
    Deputy Attorney General
    Capital Crimes Section
    30 East Broad Street, 23rd Floor
    Columbus, Ohio 43215-3428
    Phone: (614) 728-7055
    Fax:   (614) 728-8600

    **COUNSEL FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Warden's Position Regarding Pro Se Affidavit of Elwood Jones* has been delivered to Gregory Meyers, Ohio Public Defender's Office, 8 East Long Street, 11th Floor, Columbus, Ohio 43215-0587 **and** James David Owen, 5354 North High Street, Suite 3D, Columbus, Ohio 43214, via this Court's electronic filing system on this the 30th day of June 2004.

                                        s/ Heather L. Gosselin
                                        **HEATHER L. GOSSELIN (0072467)**
                                        Deputy Attorney General