

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD WADE COOEY, II,** | ) | **CASE NO. 5:96 CV 797** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **MARGARET BRADSHAW, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is Petitioner Richard Wade Cooey, II's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b), filed on July 22, 2003. The Rule 60(b) motion asks this district court to grant relief to Petitioner on the basis that ineffective assistance of federal habeas appellate counsel impugned the integrity of the habeas proceedings.

Also before the Court is Petitioner Cooey's Motion for Stay of Execution Pending this Court's Review of Petitioner's Fed. R. Civ. P. 60(b) Motion, filed on July 22, 2003. The stay motion asks the Court to stay the execution scheduled for tomorrow, July 24, 2003, so that newly appointed counsel can competently litigate the Rule 60(b) motion and file any other appropriate pleadings.

For the following reasons, the Court defers ruling on Petitioner's Rule 60(b) motion and **GRANTS** Petitioner's motion for stay of execution pending the Sixth Circuit's *en banc* rehearing of *Abdur'Rahman v. Bell*, Case Nos. 02-6547/6548 (6th Cir. Mar. 5, 2003) (order granting rehearing *en banc*), or until the Sixth Circuit has construed its June 10, 2003 letters to Cooey's former federal appellate habeas counsel.

In addition, Petitioner filed a Motion for Certificate of Appealability on July 23, 2003. Based on the Court's ruling in this Memorandum of Opinion and Order, that Motion is hereby **DENIED AS MOOT**. Petitioner may refile this motion when and if such motion becomes appropriate.

## I.   BACKGROUND

On December 5, 1986, Richard W. Cooey, II was convicted in the Common Pleas Court of Summit County, Ohio of two counts of aggravated murder, two counts of aggravated robbery, two counts of kidnaping, one count of felonious assault, and four counts of rape. The court sentenced Cooey to incarceration for 48 to 140 years for the robbery, kidnaping, assault and rape convictions. It sentenced him to death for the convictions of aggravated murder. The convictions and sentence were affirmed on direct appeal.[1]

Cooey's petition for state post-conviction relief was denied by the trial court, a decision that was affirmed on appeal. *State v. Cooey*, Nos. 15895, 15966, 1994 WL 201009 (Ohio Ct. App. May 25, 1994).

---

[1]*See State v. Cooey*, No. 12943, 1987 WL 31921 (Ohio Ct. App. Dec. 23, 1987); *State v. Cooey*, 46 Ohio St.3d 20 (1989). The United States Supreme Court denied certiorari on April 1, 1991. *Cooey v. Ohio*, 499 U.S. 954 (1991).

On October 17, 1996, Cooey filed a 28 U.S.C. § 2254 petition for writ of habeas corpus

in district court. On September 4, 1997, the district court denied the writ,[2] and subsequently

issued a certificate of probable cause for appeal under the procedure that pre-dated the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner filed his notice of

appeal.

On October 12, 2000, after having reviewed the parties' proof briefs, a panel of the Sixth

Circuit Court of Appeals issued an order ruling that the AEDPA applied to Cooey's habeas case,

and that the district court's issuance of a certificate of probable cause under the pre-AEDPA

version of 28 U.S.C. § 2253(c) was ineffective. The panel also elected to treat his appeal as a

request for certificate of appealability ("COA"). After expressing its tentative conclusion that

Petitioner had failed to make a substantial showing of the denial of a constitutional right,

theSixth Circuit directed him to show cause why it should not deny his COA application.

Attached to the unreported show cause order was an appendix summarizing the panel's tentative

findings with respect to each issue raised in the appeal. The appendix also detailed numerous

instances of Cooey's careless (or worse) brief writing.[3] After further briefing and oral argument,

the Sixth Circuit issued a decision on April 16, 2002, in which it concluded that a COA should

be issued as to only two of the seven issues raised.[4] As to the two remaining issues, the Sixth

---

[2]*See Cooey v. Anderson*, 988 F.Supp. 1066 (N.D. Ohio 1997) (Bell, J.).

[3]*See Cooey v. Coyle*, No. 98-3050, Appendix to October 12, 2000 Order, at 22, 25, 26, 29, 33, 47, 48, 50, 51, 52, 61, 64, 69 (finding some of Cooey's claims were irrelevant, his case law inapposite, and his factual assertions erroneous).

[4]*See generally Cooey v. Coyle*, 289 F.3d 882 (6th Cir. 2002). The two issues that survived COA review were: (1) whether the Ohio Supreme Court failed on direct appeal to correct the trial court's errors in weighing the aggravating and mitigating factors, and (2) whether Cooey's trial counsel provided ineffective assistance. *Id.* at 887-88.

-3-

Circuit concluded that (1) the Ohio Supreme Court's reweighing of aggravating circumstances and mitigating factors on direct appeal did not involve a decision that was contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts in light of the evidence presented, and (2) Petitioner was not entitled to relief based on ineffective assistance of counsel.

On March 31, 2003, the United States Supreme Court denied Cooey's petition for writ of certiorari,[5] and later denied the petition for rehearing on May 19, 2003.[6]

After granting the State's motion to set an execution date, the Ohio Supreme Court scheduled Cooey's execution for July 24, 2003.[7]

On June 10, 2003, a little over one month before Cooey's execution date, the Chief Deputy Clerk of the Sixth Circuit Court of Appeals mailed letters to the two attorneys who had represented Cooey in his habeas appeal. The letter to one attorney stated:

> I am writing to advise you that I have asked the Ohio Public Defender's Office to be prepared to locate new counsel for Mr. Cooey in the event that he wishes to initiate any new federal filings between now and his scheduled execution date of July 24, 2003.
>
> The court has authorized me to tell you that you will not receive any new appointments on appeal or extensions of appointments under the Criminal Justice Act in capital cases. This reflects the court's dissatisfaction with both the quality of the appellate briefs and the oral argument in *Cooey v. Coyle* and the amount of the attorney's fees which were paid to you and [co-counsel] for Mr. Cooey's representation.
>
> I sent a similar letter to [co-counsel] so that he is also fully apprised of his status as to any future capital litigation involving

---

[5] See *Cooey v. Coyle*, ___ U.S. ___, 123 S.Ct. 1620 (Table) (Mar. 31, 2003).

[6] See *Cooey v. Coyle*, ___ U.S. ___, 123 S.Ct. 2126 (Table) (May 19, 2003).

[7] See *State v. Cooey*, 98 Ohio St.3d 1560 (Table) (May 7, 2003).

Mr. Cooey and other death penalty appeals in this circuit.

The letter to the other attorney, although referencing a different case, stated:

> This is a death penalty appeal in which you appear to be co-counsel of record with [name omitted]. The usual case opening letter with an extension of the CJA appointment will, however, be going only to [name omitted].
>
> I am authorized to tell you that the court will not appoint or extend any trial appointments to you in capital cases. This reflects the court's dissatisfaction with both the quality of the appellate briefs and the oral argument in *Cooey v. Coyle* and the amount of the attorney's fees which were paid to you and [co-counsel] for Mr. Cooey's representation. On behalf of the court, I have asked the Ohio Public Defender's office to find a substitute for you in this appeal and to be prepared, if necessary, to arrange for new counsel for Mr. Cooey in the event he wishes to initiate any new federal filings between now and the end of July.
>
> I will be sending a similar letter to [co-counsel] so that she is fully apprised of her status as to any future capital litigation involving Mr. Cooey.

Both letters are entered in detail on the Sixth Circuit's docket.

On the same day that the Chief Deputy Clerk issued these letters, she telephoned attorney Joe Bodine, Esq. of the Office of the Ohio Public Defender.[8] Because Attorney Bodine was unavailable, the call was taken by Ohio Senior Assistant Public Defender Gregory Meyers, Esq. of that office. The Chief Deputy Clerk asked Attorney Meyers if he could locate replacement habeas counsel for the *Cooey* case. She explained that the reason for the request was the Sixth Circuit panel's displeasure with Cooey's habeas appellate counsel. She asked that the Ohio Public Defender's Office be prepared to find new counsel for Cooey in the event that he intended

---

[8]The facts in the next two paragraphs are gleaned from the *Reply to Respondent's Memorandum Opposing Richard Cooey's Motion for Appointment of Counsel and Request for a Stay in This Death Penalty Case in Which Execution is Set for July 24, 2003* ("Reply"), filed by Cooey on July 21, 2003. Although this brief was filed *pro se* by Cooey, it was prepared by voluntary *pro bono* counsel Adele Shank. *See Reply*, at 4 n.1.

to initiate any further federal litigation. Attorney Meyers agreed to assist in locating new counsel, and the Chief Deputy Clerk faxed copies of the afore-quoted letters to Attorney Meyers.

On June 10, 2003, in an earlier-scheduled conference with Attorney Meyers, habeas appellate counsel discussed their plan to attempt to seek review of several issues in federal court. Attorney Meyers asked them whether they had received any correspondence from the Sixth Circuit. After responding that they had not, Attorney Meyers faxed his copies of the Sixth Circuit letters to them. (They did not actually receive the letters until two days later, on June 13, 2003.) Attorney Meyers was subsequently unable to find counsel willing to take on this case in the short time remaining before the scheduled execution on July 24, 2003.[9]

On Wednesday, July 16, 2003, Cooey filed in this district court a *pro se* "Motion to Appoint Counsel in this Death Penalty Case in Which Execution is Set for July 24, 2003." Because the Court's electronic filing system was in disrepair that entire week, the Court did not actually receive this *pro se* Motion until Thursday, July 17, 2003. The Court initially granted the motion in an order dated July 17, 2003, appointing the Federal Public Defender's Office as counsel.[10] The next day the Federal Public Defender filed a Motion to Withdraw, citing Ohio Code of Professional Responsibility DR 6-101 and its lack of experience litigating death penalty

---

[9] The undersigned held a telephone conference with counsel on July 21, 2003 in which Attorney Meyers represented that he was in contact with the Sixth Circuit Clerk's Office and that he had worked diligently to locate new counsel, but was unsuccessful. He stated that as late as the weekend of July 12, 2003, he thought he had located counsel in Cincinnati but learned on Monday, July 14, 2003 that this attorney could not do it — and he communicated as much to the Sixth Circuit.

[10] The July 17, 2003 order of appointment directed the Federal Public Defender's Office to represent Cooey "for the limited purpose of determining whether the petitioner is entitled to any of the federal relief sought (Fed. R. Civ. Proc. 60(b), recall of the mandate, and Writ of Habeas Corpus under 28 U.S.C. § 2254), and if so, for the filing of the appropriate pleadings."

cases. The Court granted the Motion to Withdraw in an order dated Monday, July 21, 2003, and

appointed Attorney Meyers to represent Cooey.[11]

On July 22, 2003, Cooey filed the pending Rule 60(b) motion and the motion for stay of

execution. On July 23, 2003, Respondent filed its response brief. Having reviewed the briefs,

the Court is prepared to issue its ruling.

## II.   LAW

Petitioner has styled his filing as a Rule 60(b) motion for relief from judgment.

Respondent argues that, in accordance with Sixth Circuit precedent, the Court should treat the

Rule 60(b) motion as a successive habeas petition, over which the Court lacks jurisdiction.

### A.   Rule 60(b) Motion

Federal Rule of Civil Procedure 60(b) provides a party with relief from judgment under

six discrete circumstances:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representative from a final judgment, order,
> or proceeding for the following reasons: (1) mistake, inadvertence,
> surprise, or excusable neglect; (2) newly discovered evidence
> which by due diligence could not have been discovered in time to
> move for a new trial under Rule 59(b); (3) fraud (whether
> heretofore denominated intrinsic or extrinsic), misrepresentation,
> or other misconduct of an adverse party; (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a
> prior judgment upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the judgment
> should have prospective application; or (6) any other reason
> justifying relief from the operation of the judgment. The motion
> shall be made within a reasonable time, and for reasons (1), (2),
> and (3) not more than one year after the judgment, order, or
> proceeding was entered or taken.

*Id.* In addition to the six enumerated grounds for relief, the court can entertain an independent

---

[11]The Court appointed Attorney Meyers "for the purpose of advising Petitioner whether he
has any further federal remedies and if so, to file the appropriate pleadings."

action to relieve a party from, or to set aside, a judgment.[12] In *United States v. Beggerly*, 524

U.S. 38, 46 (1998), the United States Supreme Court set forth the standard by which an

independent action should be analyzed. In *Beggerly*, the Court stated "[i]ndependent actions

must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of

'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from

rigid adherence to the doctrine of *res judicata*." *Id.* (quoting *Hazel-Atlas Glass Co. v. Hartford-*

*Empire Co.*, 322 U.S. 238, 244 (1944)). The Court concluded that "an independent action under

Rule 60(b) is available only to prevent a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47;

*See also Charter Township of Muskegon v. City of Muskegon*, 303 F.3d 755, 762 (6th Cir. 2002);

*Porter v. Chicago School Reform Bd. of Trustees*, 187 F.R.D. 563, 566 (N.D.Ill. 1999).

To successfully plead an independent action under Rule 60(b), the movant must satisfy

the following elements:

> (1) a judgment which ought not, in equity and good conscience, to
> be enforced; (2) a good defense to the alleged cause of action on
> which the judgment is founded; (3) fraud, accident, or mistake
> which prevented the defendant in the judgment from obtaining the
> benefit of his defense; (4) the absence of fault or negligence on the
> part of the defendant; and (5) the absence of any adequate remedy
> at law.

*Barrett v. Secretary of Health & Human Services*, 840 F.2d 1259, 1263 (6th Cir. 1987) (citing 11

C. Wright & A. Miller, *Federal Practice & Procedure* § 2868, at 238 (1973)) (in turn quoting

*National Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir.1903)).

---

[12] This "savings clause" of Rule 60(b) permits a party to file a motion for an independent
action or a fraud upon the court. These are separate sources for obtaining relief under the Rule.
*Buell v. Anderson*, Nos. 02-4033/4055, 2002 WL 31119679, at *3 (6th Cir. Sept. 24, 2002). While
Respondent addressed the fraud upon the court prong of the savings clause, concluding Petitioner
could not successfully assert it, Respondent did not address the independent action prong of the
clause.

-8-

In *McQueen v. Scroggy,* 99 F.3d 1302 (6th Cir. 1996), the Sixth Circuit held that Rule

60(b) motions filed in the context of habeas proceedings are the "practical equivalent" of

successive § 2254 petitions:

> We agree with those circuits that have held that a Rule 60(b)
> motion is the practical equivalent of a successive habeas corpus
> petition and therefore is subject to a cause and prejudice analysis.
> *See Blair v. Armontrout,* 976 F.2d 1130, 1134 (8th Cir. 1992), *cert.*
> *denied,* 508 U.S. 916, . . . (1993); *Lindsey v. Thigpen,* 875 F.2d
> 1509, 1511-12, 1515 (11th Cir. 1989); *Landano v. Rafferty,* 897
> F.2d 661, 668 (3d Cir. 1990); *Jones v. Murray,* 976 F.2d 169, 172
> (4th Cir. 1992); *Clark v. Lewis,* 1 F.3d 814, 825-26 (9th Cir. 1993);
> *Williams v. Whitley,* 994 F.2d 226, 230 n. 2 (5th Cir. 1993); *Bonin*
> *v. Vasquez,* 999 F.2d 425, 426 (9th Cir. 1993).

99 F.3d at 1335 (parallel citations omitted). The filing of successive § 2254 petitions is

addressed in 28 U.S.C. § 2244(b)(3)(A), which states:

> Before a second or successive application permitted by this section
> is filed in the district court, the applicant shall move in the
> appropriate court of appeals for an order authorizing the district
> court to consider the application.

*Id.* A claim presented in a second or successive habeas corpus application "shall be dismissed"

unless:

> (A) the applicant shows that the claim relies on a new rule of
> constitutional law, made retroactive to cases on collateral review by
> the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been
> discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of
> the evidence as a whole, would be sufficient to establish by clear
> and convincing evidence that, but for constitutional error, no
> reasonable factfinder would have found the applicant guilty of the
> underlying offense.

28 U.S.C. § 2244(b)(2). Thus, reading *McQueen* and § 2244 together, a habeas petitioner filing a

Rule 60(b) motion must first seek permission to do so from the Sixth Circuit, and must make a

showing of a constitutional error that undermines the validity of the conviction.

One of my colleagues on this Court recently addressed a factual and legal scenario

somewhat similar to the instant case. *Benner, II v. Coyle*, No. 5:98 CV 693 (Gaughan, J.). After

that court denied a habeas petition, petitioner's counsel withdrew and his appellate habeas

counsel filed a motion with the Sixth Circuit Court of Appeals to remand the matter to the district

court so that petitioner could file an amended habeas petition. As grounds, petitioner asserted,

among other things, that he was denied his statutory right to competent, qualified counsel in his

habeas proceedings. The Sixth Circuit denied the motion to remand, stating in pertinent part:

> Benner has not presented for our review a finding by the district
> court that his habeas representation was ineffective. Rather, he
> apparently expects this court to find that his representation was
> ineffective and remand accordingly. But, determining the
> ineffectiveness of habeas counsel is not the initial responsibility of
> an appellate court. Moreover, 28 U.S.C. § 2254(i) provides: 'The
> ineffectiveness or incompetence of counsel during Federal or State
> collateral post-conviction proceedings shall not be a ground for
> relief in a proceeding arising under section 2254.' Thus, in spite of
> the defects in his initial habeas representation, Benner has not
> shown that his alleged ineffective habeas representation warrants a
> remand.

*Benner v. Coyle*, No. 99-3570 (6th Cir. Nov. 1, 1999) (citation omitted). Benner then returned to

district court and filed a Rule 60(b) motion to present his claim of deficient habeas trial counsel

to that court. Relying on the Sixth Circuit's holding in *McQueen* and a subsequent unreported

Sixth Circuit decision,[13] that court denied the Rule 60(b) motion. *Benner, II v. Coyle*, No. 5:98

CV 693 (N. D. Ohio Jan. 4, 2000) (Memorandum of Opinion and Order Denying Rule 60(b)(6)

---

[13]*Bradley v. Tate*, No. 97-3612, 1998 WL 702338 (6th Cir. 1998) (construing a Rule 60(b)
motion as a successive petition because the habeas petitioner presented the same ground in his
original petition which was rejected on the merits).

Motion) (Gaughan, J.). The court subsequently denied petitioner's application for COA on the

basis that it did not have jurisdiction to issue a COA on a second or successive habeas petition.[14]

The Sixth Circuit affirmed the district court's denial of a COA, finding it unnecessary to address

the district court's holding that Benner's Rule 60(b) motion was tantamount to a successive

habeas petition, because the petitioner had not alleged a constitutional violation. *Benner, II v.*

*Coyle*, No. 00-3158 (6th Cir. June 21, 2002) (order denying application for a COA).

    *Benner* is distinguishable from the instant case. Here, it appears that the Sixth Circuit

itself may have determined that habeas appellate counsel was not competent. Conversely, in

*Benner,* there is no indication that either the district court or the Sixth Circuit in any way

substantiated Benner's claim of incompetent or ineffective habeas counsel.

    In conflict with the Sixth Circuit, unlike the holdings in *McQueen* and *Benner,* the Second

and Seventh Circuits have held that a 60(b) motion is not the equivalent of a successive § 2254

petition. *See Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001); *Banks v. United States,*

167 F.3d 1082, 1083-84 (7th Cir. 1999) (per curiam); *Dunlap v. Litscher*, 301 F.3d 873, 875-76

(7th Cir. 2002). These Circuits have found a distinction between a Rule 60(b) motion and a

successive habeas petition based on the relief sought. In other words, where a habeas petitioner is

attacking the habeas proceedings, and not his state court conviction or sentence, these Circuits

have held that a Rule 60(b) motion is the proper vehicle for bringing such a challenge. *See*

*Banks*, 167 F.3d at 1083-84; *Dunlap*, 301 F.3d at 875-76; *Rodriguez*, 252 F.3d at 198.

    While *McQueen* would seemingly control this court's decision, the Sixth Circuit will

shortly be re-visiting the issue of whether a Rule 60(b) motion is the practical equivalent of a

successive habeas petition. In *Abdur'Rahman v. Bell*, Nos. 02-6547/6548 (6th Cir. Mar. 5, 2003)

---

[14] *See* entry of April 20, 2000, Doc. No. 58, Case No. 5:98 CV 693.

(order granting rehearing *en banc*), the Sixth Circuit granted a habeas petitioner's request for *en banc* rehearing to determine if a divided panel of the Sixth Circuit correctly determined that a Rule 60(b) motion must be treated as a successive habeas petition. Although the United States Supreme Court originally granted the state prisoner's petition for writ of certiorari to review the Sixth Circuit's decision on this issue, see *Abdur'Rahman v. Bell*, 535 U.S. 1016 (2002), it later dismissed the writ of certiorari as improvidently granted. *See Abdur'Rahman v. Bell*, 537 U.S. 88 (2002), *rehearing denied* ___ U.S. ___, 123 S.Ct. 1344 (Feb. 24, 2003). Justice Stevens wrote a dissent from this ruling in which he distinguished between a Rule 60(b) motion that is in fact an application to file a second or successive habeas petition, and a properly styled Rule 60(b) motion. He quoted the reasoning of Judge Tjoflat, who filed a dissenting opinion in *Mobley v. Head*, 306 F.2d 1096 (11th Cir. 2002):

> The distinction lies in the harm each is designed to cure. A 'second or successive' habeas corpus petition, as discussed above, is meant to address two specific types of constitutional claims by prisoners: (1) claims that 'rel[y] on a new rule of constitutional law,' and (2) claims that rely on a rule of constitutional law and are based on evidence that 'could not have been discovered previously through the exercise of due diligence' and would establish the petitioner's factual innocence. 28 U.S.C. § 2244(b)(3)(A). Neither of these types of claims challenges the district court's previous denial of relief under 28 U.S.C. § 2254. Instead, each alleges that the contextual circumstances of the proceeding have changed so much that the petitioner's conviction or sentence now runs afoul of the Constitution.
>
> In contrast, a motion for relief under Rule 60 of the Federal Rules of Civil Procedure contests the integrity of the proceeding that resulted in the district court's judgment.
>
> . . . . .
>
> When a habeas corpus petitioner moves for relief under, for example, Rule 60(b)(3), he is impugning the integrity of the district court's judgment rejecting his petition on the ground that the State obtained the judgment by fraud. Asserting this claim is quite

> different from contending, as the petitioner would in a successive
> habeas corpus petition, that his conviction or sentence was obtained
> 'in violation of the Constitution or laws or treaties of the United
> States.' 28 U.S.C. § 2254(a).
>
> In sum, a 'second or successive' habeas corpus petition, like all
> habeas corpus petitions, is meant to remedy constitutional
> violations (albeit ones which arise out of facts discovered or laws
> evolved after an initial habeas corpus proceeding), while a Rule
> 60(b) motion is designed to cure procedural violations in an earlier
> proceeding--here, a habeas corpus proceeding--that raise questions
> about that proceeding's integrity. . . .

123 S.Ct. at 597-98 (Stevens, J. dissenting) (quoting *Mobley*, 306 F.3d at 1100-05). Justice

Stevens' dissent may have prompted the Sixth Circuit to grant the motion for rehearing *en banc*

in *Abdur'Rahman*.

It is fair to characterize as unsettled the issue of whether a Rule 60(b) motion must always

be treated as a second or successive habeas petition. Were this any other civil action, the district

court would unquestionably have the discretion to stay the case pending the Sixth Circuit's

resolution of a legal issue that impacts directly on the matters before the district court.

Accordingly, the Court will defer ruling on Petitioner's Rule 60(b) motion pending the Sixth

Circuit's *en banc* ruling in *Abdur'Rahman*.

### B.    Adequacy of Habeas Appellate Counsel

Respondent also argues that, under 28 U.S.C. § 2254(i), petitioner is not entitled to relief

based on ineffectiveness or incompetence of state or federal post-conviction counsel.

It is well-established that there is no constitutional right to counsel in a post-conviction

proceeding, and that there is no constitutional claim to ineffective assistance of post-conviction

counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Frazier v. United States*, No. 97-

6338, 2000 WL 658072, at **1 (6th Cir. May 9, 2000); *Benner v. Coyle*, No. 99-3570, 1999 WL 33453848, at **1 (6th Cir. Nov. 1, 1999).

However, while a petitioner is not constitutionally entitled to effective assistance of counsel during habeas proceedings, an indigent petitioner has a federal statutory right to experienced appointed habeas counsel. Section 848(q)(4)(B) of Title 21 of the United States Code provides:

> In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).[15]

*Id.* Section 848(q)(8) of Title 21 of the United States Code provides:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

*Id.* Thus, while a petitioner may not be constitutionally entitled to effective assistance of habeas counsel, §§ 848(q)(4)(B) and 848(q)(8), taken together, indicate that ensuring that petitioners have qualified counsel is a vital part of the review process for capital cases.

Respondent argues that 28 U.S.C. § 2254(i) precludes Cooey from asserting claims of habeas appellate counsel's incompetence. The Court disagrees. Under 28 U.S.C. § 2254(i): "The

---

[15]The referenced paragraphs detail the experience and qualification of counsel.

ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Respondent would have the Court treat <u>any</u> document filed in the course of a habeas proceeding as one "arising under section 2254." Thus, if a properly styled Rule 60(b) motion, which does not attack the underlying conviction or sentence, is not the functional equivalent of a § 2254 petition, § 2254(i) does not bar a court from considering it.

This comports with the Seventh Circuit's holding that Rule 60(b) is "an appropriate means to bring a claim that the conduct of counsel affected the integrity of the court's habeas proceeding." *Banks*, 167 F.3d at 1084. As the Seventh Circuit stated:

> We note that the district court has authority to reopen [the] habeas case only if it finds that counsel's conduct affected the integrity of its own proceedings.

*Id.* at 1083. As to any concerns that this will open up the floodgates of further habeas litigation, the Seventh Circuit held:

> [W]e intend no limitation on the rule announced in *Burris v. Parke*, 130 F.3d 782 (7th Cir. 1997), that a Rule 60(b) motion cannot be used to circumvent restraints on successive petitions for habeas corpus. *See also Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir.), *cert. denied*, 524 U.S. 965, . . . (1998); *Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir.) (per curiam), *cert. denied*, 519 U.S. 989, . . . (1996). Petitioners cannot avoid meeting the requirements of 28 U.S.C. § 2244(b) and § 2255 ¶ 8 simply by restyling their requests as motions for reconsideration in the initial collateral attack. *Burris*, 130 F.3d at 783; *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

*Id.* at 1083-84 (parallel citations omitted).

In this case, not only does it appear, based on the Sixth Circuit's letters to habeas appellate counsel, that Petitioner may have been deprived of competent counsel in those

proceedings, but that he was without any federal representation whatsoever for at least five weeks prior to his execution date.

## III.  ANALYSIS

Based on the foregoing, should the Sixth Circuit in *Abdur'Rahman* rule in the State's favor, Cooey's Rule 60(b) motion would be treated as a second or successive § 2254 habeas petition. In that case, the district court would not have jurisdiction, and Cooey would have no chance of securing approval from the Sixth Circuit to file a second or successive habeas petition because there is no Sixth Amendment right to counsel in habeas proceedings. Should the Sixth Circuit rule in Abdur'Rahman's favor, the undersigned would deal with the merits of Cooey's Rule 60(b) motion.[16]

The underlying premise of the stay of execution is that the Court of Appeals' letters to Cooey's prior appellate habeas counsel have cast a cloud over the integrity of the habeas process, and that it would be unseemly for Cooey to be executed while that cloud exists. Rule 60(b) relief is "reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross'" and to prevent grave miscarriages of justice. *United States v. Beggerly*, 524 U.S. 38, 46-47 (1998). The Court finds that the extraordinary circumstances in this case could warrant Rule 60(b) relief. It is for the Sixth Circuit to make the ultimate determination as to the meaning and import of its June 10, 2003 letters,[17] and the Court of Appeals, of course, has the authority and

---

[16] Respondent contends that the Supreme Court's holding in *Bowersox v. Williams*, 517 U.S. 345, is fatal to Petitioner's motion. In *Bowersox*, the Supreme Court held that "[a] stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are 'substantial grounds upon which relief might be granted.'" *Id.* at 346 (citations omitted). Should the Sixth Circuit find that a properly-styled Rule 60(b) motion is viable in a habeas proceeding, then *Bowersox* would not be applicable as it pertains only to successive habeas petitions.

[17] Respondent argues that the letters merely reflect the Sixth Circuit's displeasure with counsel's overzealousness, rather than with their lack of competency. *Respondent's*

discretion to take up this question separately and independently from any decision in

*Abdur'Rahman*. I have had 48 hours to grapple with this unprecedented situation. Ultimately, I

have concluded that the integrity of the federal courts would be impugned if the State of Ohio

executes Richard Cooey tomorrow.

I have not found another case where, at the conclusion of habeas litigation and just prior

to the scheduled execution, a Court of Appeals took the step of removing appellate habeas

counsel from any further involvement in the case and ordering that counsel not receive any

further capital appointments, based primarily upon the Court's dissatisfaction with the quality of

the appellate briefs and oral argument in that particular case.[18]

The exigent circumstances of this case have not allowed sufficient time to flesh out the

principles underlying my decision. The unintended result of the Court of Appeals' June 10, 2003

letters has been that Petitioner Cooey was without counsel in the critical period leading up to his

execution. It was not until Monday afternoon, July 21, 2003 , in a conference call I convened

with counsel, that counsel whom I had just appointed to represent Cooey articulated the basis for

the Rule 60(b) challenge. Counsel for Petitioner then had barely more than 24 hours to prepare

his motion, which I received at 7:00 p.m. on Tuesday evening, July 22, 2003. The Ohio Attorney

General's office had even less time to prepare their response, which I received this morning, July

23, 2003, at 11:15 a.m.[19]

---

*Memorandum*, at 8-11.

[18]The Sixth Circuit also expressed its displeasure at the amount of the attorney's fees paid
to counsel.

[19] The quality of the briefing from both sides has been excellent, particularly considering
the extraordinary time pressures.

Federal habeas corpus exists to ensure the integrity of the process that may lead to the execution of Cooey and other capital defendants. But unless there are some safeguards to the integrity of the federal habeas process itself, it cannot serve this critical purpose. Even though there is no Sixth Amendment right to counsel in habeas cases, Congress has mandated that indigent capital defendants be provided experienced counsel at public expense to assist them throughout the habeas process. *See* 21 U.S.C. §§ 848(q)(4)-(8). Without competent counsel to research, brief, and litigate the issues, there is no way that federal judges could perform our essential role in these cases. The appointment of qualified counsel also serves to give the public confidence that capital punishment is meted out fairly.

I am not suggesting that the federal courts should create a new Rule 60(b) round of death penalty litigation, after federal habeas corpus has been concluded, the focus of which would be the adequacy of legal representation during federal habeas litigation.[20] What I am saying is that a federal court has an obligation to protect a death row petitioner's statutory habeas corpus rights if, during the proceedings, the caliber of representation is as poor as the Sixth Circuit's June 10, 2003 letters to counsel suggests. A district or appellate court always has the authority to stop the habeas proceedings, discharge current counsel, and appoint new counsel.

Here, Richard Cooey brutally raped and murdered two women. He and his associates set up this heinous crime by standing on a bridge and dropping a concrete chunk through the windshield of a randomly selected car as it passed underneath. Cooey and his associates then

---

[20] Respondent contends this would be the result should Cooey be permitted to litigate his Rule 60(b) petition. *See Respondent's Memorandum,* at 14.

-18-

tortured and murdered the two victims under the guise of offering assistance.[21] A state that elects to establish a system of capital punishment presumably has in mind such defendants.

Reasoned and thoughtful people may debate the significance of the life of Richard Cooey. The function of federal habeas corpus, however, is to ensure the integrity of a state's judicial process, particularly when that may culminate in a defendant's execution. It is our responsibility as federal judges to ensure the integrity of our own process, and that is why I have stayed Cooey's execution. If I have drawn an incorrect inference or have made an incorrect conclusion from the Court of Appeals' June 10, 2003 letters, the Court of Appeals may correct my error independently from whatever decision it renders in the *en banc* rehearing in *Abdur'Rahman v. Bell*.

For the foregoing reasons, the Court defers ruling on Petitioner's Rule 60(b) motion and **GRANTS** Petitioner's motion for stay of execution pending the Sixth Circuit's *en banc* rehearing of *Abdur'Rahman v. Bell*, or until the Sixth Circuit has construed its June 10, 2003 letters to Cooey's former federal appellate habeas counsel.

**IT IS SO ORDERED.**

Dan Aaron Polster
**United States District Judge**

---

[21]The only serious questions raised in the federal habeas proceedings pertain to the penalty, or mitigation, phase of the trial. It is only a few of these issues that Petitioner has raised in his Rule 60(b) motion that he contends his federal habeas attorney failed adequately to litigate and which he wishes to reopen. *See Petitioner's Motion*, at 14.