IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


ELWOOD H. JONES JR.                                   CASE NO. C-1-01-564
   PRO SE PETITIONER

   V.                                                 JUDGE THOMAS M. ROSE

MARGARET BAGLEY WARDEN
     RESPONDENT                                       MAGISTRATE JUDGE MERZ


PRO SE MOTION IN RESPONSE TO WARDEN
BAGLEY, AND SAID COUNSEL GREGORY MEYERS
--- MOTION ---


    THE RESPONDENT AND ABOVE ASSIGNED COUNSEL APPEAR TO MISUNDERSTAND THE PURPOSE FOR WHICH I HAVE ASKED THIS HONORABLE COURT [ON JUNE 2, 2004] TO GRANT [PRO SE] PETITIONER-JONES (I.E., MYSELF) A HEARING, AND PERMISSION TO SUBPOENA SAID WITNESSES: [2] FORMER BLUE ASH OFFICERS; TRACY LENNARD; JOE DETERMAN, AND LOUIS F. STRIGARI.

    THE SOLE PURPOSE OF THE AFOREMENTIONED WITNESSES' TESTIMONY IS TO ESTABLISH FOR THIS COURT EXACTLY HOW AND WHEN [SAID] COUNSEL GREGORY W. MEYERS AND JAMES D. OWEN WERE GIVEN CREDIBLE INFORMATION SUPPORTING THE ASSERTION OF SUPPRESSION BY THE HAMILTON COUNTY PROSECUTION IN [SAID PRO SE] PETITIONER-JONES' CASE. (E.G., PRIOR TO FILING DISCOVERY, AND IN PREPARATION, TRACY LENNARD [MR. OWEN'S ASSISTANT] CALLED AND SPOKE WITH THE 2 BLUE ASH POLICE OFFICERS IN ORDER TO CONFIRM CERTAIN INFORMATION THAT THEY PROVIDED. IT WAS DUE TO THIS INFORMATION SUPPLIED BY SAID FORMER BLUE ASH OFFICERS [...USED BY SAID COUNSEL], WHICH DISCOVERY WAS THEREBY GRANTED FROM & BY THIS COURT.)

    THE RESPONDENT & SAID COUNSEL ARE, AND HAVE CLEARLY MISCONSTRUED THE ISSUE AT HAND, WHICH HAS ONLY TO DO WITH COUNSEL'S MISREPRESENTATION -- THEREBY DEPRIVING PETITIONER-JONES A FAIR HEARING IN THE COURT... SPECIFIC TO THE MISREPRESENTATION (& "THE ISSUE AT HAND") IS THE FAILURE OF COUNSEL [MR. MEYERS] TO TAKE ADVANTAGE OF AN OPPORTUNITY IN THE DEPOSITION[S] OF HAMILTON COUNTY PROSECUTOR-MARK PIEPMEIRE & PROSECUTOR TIEGER (ON TWO DIFFERENT OCCASIONS) TO AT-LEAST ASK THE QUESTIONS OF RELEVANCE & IMPORTANCE WITHIN THE NOTED 4 AREAS (I.E., PGS. 3, 4, & 5  §§§§ A, B, C, & D) OF MY 02/06/04 AFFIDAVIT.

    THE RESPONDENT AND SAID COUNSEL ARE OBVIOUSLY CONFUSED AS TO WHAT I HAVE ADDRESSED IN MY LETTER TO THE COURT ON JUNE 11, 2004; WHEREBY SUCH CONFUSION [BY SAID COUNSEL, SPECIFICALLY] FURTHER EXEMPLIFIES THE SEPARATION & MISREPRESENTATION INDUCED BY COUNSELS FAILURE TO REPRESENT MY INTEREST, BY AT THE VERY LEAST ASKING THE AFOREMENTIONED QUESTIONS, AND NOT MERELY QUESTIONS PERTAINING TO HIS INTEREST. (BECAUSE HIS INTEREST SEEM TO OBVIOUSLY NOT BE THE SAME AS MINE.)

AS TO THE PURPOSE FOR WHICH I HAVE REQUESTED THIS HONORABLE COURT FOR THE SAID HEARING: I HAVE DILIGENTLY TRIED TO GET SAID COUNSEL [GREGORY MEYERS] TO AT-LEAST ASK THE SPECIFIED QUESTIONS FROM SECTION[S] (1)(A)(B) & (2) OF MY JUNE 11, 2004 LETTER (PERTAINING TO THE DEPOSITIONS OF PROSECUTOR-PIEPMEIRE OR PROSECUTOR-TIEGER ON APRIL 6, 2004); AND SAID COUNSEL HAS REFUSED TO DO SO, AFTER AGREEING ON 02/19/04 -- IF I HELD OFF ON REQUESTING THE SAID AFFIDAVIT OF 02/06/04 (PLEASE SEE ATTACHED AGREEMENT NOTARIZED LETTER OF 02/25/04) TO BE FILED.

AFTER HAVING RECEIVED A COPY [ON APRIL 26, 2004] OF THE SAID DEPOSITIONS OF PROSECUTOR-PIEPMEIRE AND PROSECUTOR-TIEGER; AND LEARNING THAT SAID COUNSEL AGAIN REFUSED TO [AT-LEAST] ASK THE QUESTIONS WITHIN THE 4 AREAS OF THE SAID AFFIDAVIT OF 02/06/04 (PGS. 3, 4, 5, §§§§ A, B, C, D), I ADVISED SAID COUNSEL [ON APRIL 27, 2004] TO NOTIFY THIS COURT. (SEE ATTACHED NOTARIZED LETTER OF 04/27/04, PERTAINING TO MY DECISION WITH REGARDS TO MY 02/06/04 AFFIDAVIT)

AT THIS TIME, I RESPECTFULLY REQUEST THIS HONORABLE COURT TO ALLOW ME TO WITHDRAW THE SAID AFFIDAVIT OF 02/06/04, SO THAT THIS MATTER (I.E., SAID COUNSEL'S OTHERWISE EVIDENT MISREPRESENTATION) IS CLEAR ON THE RECORD WITH RESPECT TO PETITIONER-ELWOOD H. JONES JR.S' WISHES.

I PRAY THAT THIS HONORABLE COURT STEPS IN TO RESOLVE THE MATTER IN THE SAID HEARING THAT THIS HONORABLE COURT SUGGESTED [IN A LETTER ON JUNE 18, 2004], FOR WHICH COUNSEL WAS TO CONSIDER THE MATTERS I [ELWOOD H. JONES JR.] HAVE RAISED, AND DETERMINE IF THEY CAN PROPERLY BE INCLUDED IN THE MOTION FOR EVIDENTIARY HEARING.

RESPECTFULLY SUBMITTED

*[signature]*

CC: ASSISTANT ATTORNEY GENERAL HEATHER GOSSELIN
JAMES OWEN
GREGORY MEYERS
07/08/04

E.H. JONES, JR
339-441 #2 HSE 2050
PO BOX 788
MANSFIELD, OH 44901

Mr. E. H. Jones Jr.
# 339-441 # 2 Hse. 2050
P.O. Box 788
Mansfield, Ohio
        44901-0788

## AGREEMENT

Mr. J.D. Owen, Mr. G.W. Meyers

    Please be advised that I am going on record concerning the conversation we had on 2/19/04 while visiting with me here at the Mansfield Death Row Unit - To discuss with me "parts" of the meeting held in Magistrate Judge Michael R. Merz chambers on 2/19/04, and the affidavit I submitted to the court on 2/6/04.

    #1- I Elwood H. Jones Jr. on 2/19/04 agreed to in the presence of attorney James D. Owen, Gregory W. Meyers "To take the next 45 working days and Think about a number of things discussed and offered in that meeting with respect to this case." before making a final decision concerning the matter before the court as of 2/6/04.

    #2- I Elwood H. Jones Jr. at no time during the meeting with Mr. Owen, Mr. Meyers on 2/19/04 agreed to withdraw the said Affidavit submitted to the court on 2/6/04, or to inform Magistrate Judge Michael R. Merz of such matters. I only agree to take the next 45 working days and give some serious thought to this decision, I have before the court.

    #3- I Elwood H. Jones Jr. on or after April 9, 2004, I will either submit a Motion to the District Court asking the court to accept my Affidavit of 2/6/04, as an Open and Intelligent waver of the remainder of my appeals, or, at this time I will with draw the said Affidavit of 2/6/04.

                          Further Affiant Sayeth Naught

*Elwood H. Jones Jr.*
Mr. Elwood H. Jones Jr.

Sworn to and Subscribed before me this 24th day of FEB 2004.

*[signature]*

GREGORY A. MORROW
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires Nov. 21, 2006

Mr. E.H. Jones Jr.
#339-441 2 Hse, 2050
P.O. Box 788
Mansfield, Ohio
    44901

4-27-2004

Dear Mr. Owen;

After reviewing the depositions of prosecutor Mark Piepmeier and Seth Tieger, taken on April 5, 2004 by said counsel Gregory W. Meyers. The said transcripts of the depositions just arrived for my review on April 26, 2004 by U.S. Mail.

After carefully reviewing both of the above depositions I was totally disappointed in what I read and, the manner you continuously wanted to focus and, address an issue... I rejected before and, during the actual Trial. "I was not interested in plea negotiations or a plea bargin discussions then and, certainly not today or who initiated the offer." The records are clear, I Elwood H. Jones Jr. was not interested in any kind of plea.

So, my question is this, why didn't you take the opportunity to address factual materials found in the records with-held by the Blue Ash Police department and Prosecution Files uncovered.
    A) Guest Questionnaire show there was a number of incidents reported by guests "There was someone trying to get into these rooms with a key during the time line Ms. Nathan arrived at the Hotel on September 2nd, 1994 at 4:00 P.M. into the time line her body was found on the floor of the Hotel room at 8:00 A.M. on September 3, 1994."
    B) The two employee's statement given to Detective Ladd describing a dark complexion guy and a white guy with grey hair, leaving Ms. Nathans room upon hearing screams. One of the guys had a walkie talkie in his hand that morning.?

Please be advised you've made my decision easier therefore my Affidavit of February 6, 2004 submitted to the court, stands. So please notify Magistrate Judge Michael R. Merz within 10 working days that my decision is final and to accept my affidavit of 2-6-2004 as my final decision.!

                                    Further Affiant Sayeth Nought

*Elwood H. Jones Jr.* (signature)
Elwood H. Jones Jr.


Sworn to and subscribed to me this 29th day of April, 2004

_____
NOTARY

GREGORY A. MORROW
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires Nov. 21, 2006