IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


ELWOOD H. JONES JR.
     PRO SE PETITIONER                  CASE NO# C-1-01-564
                                        JUDGE THOMAS M. ROSE
     V.                             MAGISTRATE JUDGE MERZ

MARGARET BAGLEY /WARDEN
     RESPONDENT

---

PRO SE PETITIONERS MOTION TO SUPPLEMENT THE RECORD

---

PRO SE PETITIONER-ELWOOD H. JONES JR. RESPECTFULLY REQUESTS PERMISSION FROM THIS HONORABLE COURT TO SUPPLEMENT THE RECORD [PURSUANT TO ANY AND ALL APPLICABLE RULES] UPON NECESSITY AND IN THE INTERESTS OF JUSTICE, SO THAT THIS HONORABLE COURT MAY THEREIN BE FULLY APPRISED OF PETITIONER-JONES' CLAIM[S], PREDICATED ON A MOST EGREGIOUS VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AS PROVIDED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. IT IS THROUGH THIS MOST EGREGIOUS VIOLATION OF PETITIONER-JONES' CONSTITUTIONAL RIGHT[S] TO DUE PROCESS THAT A DEPRIVATION OF ANY MEANINGFUL, FAIR OR RELIABLE REVIEW OF PETITIONERS' CASE EXIST; WHICH IS THE DIRECT RESULT OF PETITIONER-JONES' COUNSEL'S INEXPLICABLE FAILURE TO PERFORM A REASONABLE AMOUNT OF INVESTIGATION SO THAT THEY MAY THEN COMPETENTLY DISCERN, WITH KNOWLEDGE THEREFROM, THE EXTENT AND/OR CREDIBILITY CONCERNING PETITIONERS' AVAILABLE MEANS OF RELIEF -- WHICH PETITIONER-JONES HAS VERIFIABLY COMMUNICATED TO COUNSEL ON MORE THAN ONE OCCASION...

PRO SE PETITIONER-JONES HEREIN NOW RESPECTFULLY REQUESTS THIS HONORABLE COURT TO ACCEPT THIS MOTION AS PART OF THE RECORD. THE GROUNDS FOR THIS MOTION ARE MORE FULLY SET FORTH IN THE ATTACHED MEMORANDUM IN SUPPORT.


RESPECTFULLY SUBMITTED,

ELWOOD H. JONES JR.

#339-441 2-HSE 2050
P.O. BOX 788
MANSFIELD, OHIO 44901-0788

## MEMORANDUM IN SUPPORT
## I. INTRODUCTION

PRO SE PETITIONER-JONES RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT PERMIT HIM TO EXPAND THE RECORD WITH DOCUMENTS [RECOVERED THROUGH A DISCOVERY MOTION FROM THIS COURT] RELEVANT TO THE CLAIMS IN HIS PETITION AND NECESSARY TO THE REASONED DETERMINATION OF SUCH CLAIMS. THESE DOCUMENTS ARE RELEVANT TO PETITIONERS' MOTION TO AN EVIDENTIARY HEARING. THE DOCUMENTS CONSISTS OF NUMEROUS MATERIALS OF WHICH THE STATE SUPPRESSED IN VIOLATION OF PETITIONER-JONES' RIGHT TO BE PROVIDED WITH ANY & ALL EXCULPATORY-IMPEACHMENT EVIDENCE TO WHICH JONES MAY HAVE BEEN ABLE TO SUCCESSFULLY DEFEND HIMSELF AGAINST THE STATES OTHERWISE UNCONSTITUTIONAL CONVICTION. PETITIONER-JONES ASSERTS THAT IN ORDER FOR THE DUE PROCESS CLAUSE TO BE JUSTIFIABLY SATISFIED, THIS HONORABLE COURT MUST BE FURNISHED WITH AN ABSOLUTE CLEAR RECORD OF ALL THE FACTS NECESSARY AND RELEVANT TO ANY & ALL CLAIMS UPON WHICH TO ACCORD JONES THE RELIEF HE IS DUE. IT IS THEN, AND ONLY THEN, THAT PETITIONER WILL BE EMPOWERED (BY MEANS OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS WHICH IS WHOLLY FREE FROM ANY PROCEDURAL LIMITATIONS) TO EFFECT AN APPEAL OR CLAIM -- AND/OR DEFEND HIMSELF AGAINST AN OTHERWISE UNCONSTITUTIONAL CONVICTION AND/OR SENTENCE. WHERE A FAILURE (THROUGH ANY MEANS) TO ACCORD THIS INALIENABLE RIGHT OCCURS [E.G., AN ATTORNEYS INEFFECTIVENESS], A CONSTITUTIONAL VIOLATION OF THE MOST BASIC PROPORTION HAS BESET PETITIONER-JONES AND RELIEF IS DUE.

UPON ACQUIRED INFORMATION, THIS HONORABLE COURT GRANTED PETITIONER-JONES A DISCOVERY MOTION, WHEREBY VARIOUS DOCUMENTS (WITHHELD BY THE STATE) WERE RECOVERED. THESE DOCUMENTS PROVIDE RELEVANT & VIABLE INFORMATION IN SUPPORT OF NUMEROUS CLAIMS PRESENTED TO THIS COURT. PETITIONER-JONES REFLECTS ON THIS COURTS PRIMARY FUNCTION, WHICH IS THEREBY ONLY EMPOWERED TO ENTERTAIN AND GRANT RELIEF TO COGNIZABLE ISSUE OF CONSTITUTIONAL VIOLATIONS OF EGREGIOUS PROPORTION.

## II. LIST OF EXHIBITS /DOCUMENTS SUBMITTED:

**EXHIBIT A-1, A-2, A-3, A-4:** EMBASSY SUITES HOTEL EMPLOYEE PROFILES;

**EXHIBIT B-1, B-2, B-3:** GUEST QUESTIONNAIRS OF SAMUEL J. HUFFAKER, SIDNEY GITTELMAN, & TOM WELLMAN;

**EXHIBIT C-1, C-2:** STATEMENTS OF EMPLOYEES DEMETRIUS WILLIAMS, & RYAN NORMAN;

**EXHIBIT D-1, D-2, D-3, D-4:** MULTIPLE STATEMENTS OF EMPLOYEE JESSE WALLACE (D-1: SEPT. 3, '94; D-2: SEPT. 13, '94; D-3: SEPT. 23, '94; D-4: NOV. 6, '96);

**EXHIBIT E-1, E-2:** POLICE CONSTRUCTION OF EMPLOYEES LOCATION "BY GIVEN STATEMENT." & ACTUAL TIME RECORD OF EMPLOYEES;

**EXHIBIT F:** POLICE NOTES FROM EMPLOYEE LACY ESPIE;

**EXHIBIT G-1, G-2:** POSITIVE HEPATITIS-B TEST RESULTS FOR MS. NATHAN (I.E., THE VICTIM); & NEGATIVE HEPATITIS-B TEST RESULTS FOR MR. JONES;

**EXHIBIT H-1, H-2, H-3:** LETTERS WRITTEN BY MR. JONES TO ATTORNEYS CONCERNING THE INCLUSION OF SAID EXHIBITS /DOCUMENTS INTO PETITION.

### III. RELEVANCE OF DOCUMENTS IN INSTANT PROCEEDINGS:

THE EMBASSY SUITES HOTEL EMPLOYEE PROFILE[S] DOCUMENTS **(EXHIBIT A-1 – A-4)** ARE RELEVANT TO PETITIONER'S PROSECUTORIAL MISCONDUCT & INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS; BUT BEAR ALSO ON THE DEPRIVATION OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS, WHEREBY THE STATES FAILURE TO TURN OVER SUCH A DOCUMENT PROHIBITED PETITIONER FROM ADEQUATELY CHALLENGING THE STATES CASE AND THEREBY DEFENDING HIMSELF. HAD MR. JONES BEEN DULY PROVIDED WITH SAID DOCUMENTS, ITS VALUE CANNOT BE DEMEANED: IN DEFENSE OF THE STATES INFERENCES, PETITIONER WOULD'VE BEEN ABLE TO CROSS-EXAMINE VARIOUS WITNESSES AND MAKE THE JURY AWARE THAT HE WAS NOT THE ONLY EMPLOYEE WITH A CRIMINAL CONVICTION. WHERE PETITIONER WAS DEPRIVED OF THIS OPPORTUNITY, AT THE HANDS OF THE STATES MISCONDUCT IN WITHHOLDING EXCULPATORY-MATERIAL AND COUNSEL'S FAILURE TO PROPERLY INVESTIGATE, PETITIONER-JONES CAN'T BE SAID TO HAVE RECEIVED A FAIR TRIAL.

THE GUEST QUESTIONNAIARS OF SAMUEL J. HUFFAKER, SIDNEY GITTELMAN, AND TOM WELLMAN **(EXHIBITS B-1 – B-3)** ARE RELEVANT TO PETITIONER'S CLAIMS OF PROSECUTORIAL MISCONDUCT, INEFFECTIVE ASSISTANCE OF COUNSEL, AS WELL AS THE DEPRIVATION OF HIS CONSTITUTIONAL RIGHT[S] TO DUE PROCESS. HAD PETITIONER-JONES BEEN DULY PROVIDED WITH THESE DOCUMENTS (AS WELL AS THE NUMEROUS OTHER CORRESPONDING QUESTIONNAIRS), HE WOULD HAVE HAD THE ABILITY TO SUBSTANTIATE AN ALTERNATE SUSPECTS THEORY BASED ON THE FACT THAT TWO SUSPICIOUS INDIVIDUALS (A WHITE GUY, AND A BLACK GUY -- BOTH TALL IN HEIGHT)

WERE OBSERVED BY MULTIPLE GUESTS TRYING TO ENTER INTO THE GUESTS' ROOMS. FAILURE TO HAVE BEEN PROVIDED WITH THIS INFORMATION CANNOT BE TAKEN LIGHTLY. WHATEVER ITS USE, HAD PETITIONER BEEN PROVIDED WITH THE INFORMATION, HE WOULD HAVE BEEN IN A MUCH DIFFERENT POSITION IN DEFENDING HIMSELF. THAT IN MIND, IT CANNOT BE SAID THAT MR. JONES RECEIVED A FAIR TRIAL IN ACCORDANCE WITH DUE PROCESS STANDARDS.

THE STATEMENTS OF EMBASSY SUITES EMPLOYEES DEMETRIUS WILLIAMS AND RYAN NORMAN **(EXHIBITS C-1 & C-2)** ARE RELEVANT TO PETITIONER-JONES' CLAIMS OF PROSECUTORIAL MISCONDUCT, INEFFECTIVE ASSISTANCE OF COUNSEL, AND THE DEPRIVATION OF DUE PROCESS. WERE PETITIONER PROVIDED WITH THESE STATEMENTS, HE WOULD'VE BEEN ABLE TO ESTABLISH A CORRELATION WITH THOSE OBSERVATIONS OF NUMEROUS GUESTS: WHEREIN, "A BLACK GUY" /"DARK SKINNED GUY" AND A "WHITE GUY" WAS OBSERVED... THIS INFORMATION WAS CERTAINLY MATERIAL TO MR. JONES DEFENSE; AND A FAILURE TO HAVE PROVIDED SUCH INFORMATION, OR A FAILURE TO HAVE FOUND SUCH INFORMATION UPON INVESTIGATION BY COUNSEL, THUS DEPRIVED MR. JONES OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS.

THE STATEMENTS OF EMBASSY EMPLOYEE JESSE WALLACE **(EXHIBITS D-1 – D-4)** ARE RELEVANT TO PETITIONER-JONES' CLAIMS OF PROSECUTORIAL MISCONDUCT, INEFFECTIVE ASSISTANCE OF COUNSEL, AND THE DEPRIVATION OF DUE PROCESS. HAD MR. JONES BEEN PROVIDED WITH THESE MULTIPLE STATEMENTS DESPITE WHATEVER MR. WALLACE TESTIFIED TO & ABOUT, HE WOULD HAVE MOST CERTAINLY BEEN BETTER EQUIPPED TO CROSS-EXAMINE WALLACE AND OFFER THE JURY A DIFFERENT VIEW THAN WHAT THEY WERE RECEIVING. HAVING NOT BEEN AFFORDED THAT INFORMATION AND OPPORTUNITY, MR. JONES WAS SET AT A DISADVANTAGE AND CAN'T BE SAID TO HAVE RECEIVED A FAIR TRIAL

THE POLICE CONSTRUCTION OF EMPLOYEE'S LOCATION [OF JESSE WALLACE] "BY GIVEN STATEMENTS", AND ACTUAL TIME RECORD OF EMPLOYEES **(EXHIBITS E-1 & E-2)** ARE RELEVANT TO PETITIONER-JONES' CLAIMS OF PROSECUTORIAL MISCONDUCT, INEFFECTIVE ASSISTANCE OF COUNSEL, AND THE VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS. HAD PETITIONER BEEN DULY PROVIDED WITH THESE DOCUMENTS, HE WOULD HAVE BEEN EQUIPPED TO DEFEND AND/OR EFFECTIVELY CHALLENGE THE STATES INFERRED THEORIES. PETITIONER HAD A RIGHT TO THESE DOCUMENTS, IN ORDER THAT HE COULD MOUNT OR DISCERN A PROPER DEFENSE TO WHICH HE WAS CONSTITUTIONALLY ENTITLED.

THE POLICE NOTES FROM EMBASSY EMPLOYEE LACY ESPIE **(EXHIBIT F)** IS RELEVANT TO PETITIONER'S CLAIMS OF PROSECUTORIAL MISCONDUCT, INEFFECTIVE ASSISTANCE OF COUNSEL, AND THE VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHTS TO DUE PROCESS. HAVING NOT BEEN PROVIDED WITH THESE NOTES, PETITIONER WAS ILL-EQUIPPED TO CHALLENGE (EVEN SLIGHTLY) AND POINT OUT NUMEROUS DISCREPANCIES

& INCONSISTENCIES IN THE STATES CASE AGAINST PETITIONER-JONES.

THE POSITIVE HEPATITIS-B TEST RESULTS FOR MS. NATHAN, AND THE NEGATIVE HEPATITIS-B TEST RESULTS FOR MR. JONES **(EXHIBITS G-1 & G-2)** ARE RELEVANT TO PETITIONER-JONES' CLAIMS OF PROSECUTORIAL MISCONDUCT, INEFFECTIVE ASSISTANCE OF COUNSEL, AND THE DEPRIVATION OF DUE PROCESS. HAVING BEEN DULY PROVIDED WITH THESE DOCUMENTS, PETITIONER WOULD HAVE CLEARLY BEEN ABLE TO EFFECTIVELY CHALLENGE DR. McDONOUGH'S IMPROPERLY ADMITTED TESTIMONY. IN DEFENSE TO ONE OF THE STATES NUMEROUS PREJUDICIAL INFERENCES, PETITIONER-JONES WOULD HAVE BEEN EQUIPPED (AS ENTITLED) TO DEMONSTRATE & ESTABLISH THAT, HAD PETITIONER BEEN GUILTY OF STRIKING THE VICTIM IN THE MOUTH (AS MOST-CERTAINLY WAS THE STATES POSITION), HE WOULD HAVE CONTRACTED AND TESTED POSITIVE FOR THE HEPATITIS-B VIRUS THAT THE VICTIM INFACT DID TEST POSITIVE FOR: THIS BEING SO, WHERE THE STATE INFERRED (WITH TESTIMONY FROM A HAND SURGEON) THAT A SCRATCH ON PETITIONER'S HAND WAS THE RESULT OF STRIKING THE VICTIM. WHERE EVIDENCE OF THIS MAGNITUDE WAS AVAILABLE FOR PETITIONER'S DEFENSE; AND THE STATE WITHHELD SUCH MATERIAL, PETITIONER-JONES CAN'T BE SAID TO HAVE RECEIVED A FAIR TRIAL IN ACCORDANCE WITH THE DUE PROCESS STANDARDS.

THE LETTERS WRITTEN BY PETITIONER TO ATTORNEYS "OWEN" & "MEYERS" **(EXHIBITS H-1 – H-3)** ARE RELEVANT TO THE DEPRIVATION OF DUE PROCESS THAT PETITIONER-JONES HAS BEEN INFLICTED WITH FROM THE OUTSET OF THIS WHOLE MOST UNFORTUNATE TRIBULATION. THESE LETTERS SHOW PETITIONER-JONES' DILIGENCE IN TRYING TO SET FORTH THE AFOREMENTIONED MATERIAL, SO THAT THIS COURT COULD BE PROVIDED WITH THE CLEAR RECORD NECESSARY TO GRANT PETITIONER-JONES THE RELIEF THAT HE IS JUSTLY DUE.

## IV. CONCLUSION

PRO SE PETITIONER-ELWOOD H. JONES JR. HEREIN RESPECTFULLY PLEADS UPON THIS HONORABLE COURT TO ACCEPT AND GRANT THIS MOTION IN THE INTERESTS OF JUSTICE, AND SO THAT THIS COURT MAY THEREBY BE FURNISHED WITH AN OTHERWISE CLEAR RECORD OF PETITIONER'S CASE. **EXHIBITS A** THROUGH **H** ARE INDEED RELEVANT TO GROUNDS FOR RELIEF IN ELWOOD H. JONES JR.s HABEAS PETITION. SUCH EXHIBITS WERE RECOVERED THROUGH A DISCOVERY MOTION GRANTED BY THIS HONORABLE COURT. THESE DOCUMENTS SHOULD HAVE BEEN TURNED OVER BY THE STATE DURING PETITIONER'S TRIAL PHASE, UPON WHICH THEY WOULD HAVE ENABLED PETITIONER AN OTHERWISE ADEQUATE MEANS OF ESTABLISHING A PROPER DEFENSE. WHERE THE STATE FAILED TO BE FORTHCOMING, MISCONDUCT DEPRIVED PETITIONER HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS. COUNSEL'S FAILURE THEREAFTER TO PROCURE SAID DOCUMENTS THUS DEPRIVED

PETITIONER HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AS WELL. HAVING BEEN PREJUDICIALLY DEPRIVED OF RECEIVING A FAIR TRIAL THROUGH THE SUPPRESSION OF NUMEROUS DOCUMENTS TO WHICH MAY HAVE PROVIDED PETITIONER AN OTHERWISE MEANS OF DEFENDING HIMSELF, PETITIONER-JONES IMPLORES THIS HONORABLE COURT TO REFLECT ON THE NECESSITY OF BEING PROVIDED WITH A COMPLETE AND CLEAR RECORD OF ALL THE FACTS, SO AS TO BE FULLY APPRISED OF ALL THE CIRCUMSTANCES TO WHICH PETITIONER IS DUE RELIEF. WHERE A FAILURE TO ADEQUATELY DEVELOP, ASCERTAIN AND ESTABLISH A RECORD OF CLARITY HAS OCCURRED, THE COURT MAY NOT RELIABLY DETERMINE THE PROPER RELIEF THAT IS DUE. HERE, PRO SE PETITIONER'S APPELLATE COUNSEL HAS FAILED TO DEVELOP THE RECORD AFTER HAVING BEEN PROVIDED WITH INFORMATION SUPPRESSED BY THE STATE. NO REASONABLE EXCUSE EXISTS FOR COUNSEL'S FAILURE TO DEVELOP THIS MATERIAL, WHERE COUNSEL HASN'T EVEN INVESTIGATED SUCH MATERIAL BY TAKING THE OPPORTUNITY TO ASK SPECIFIC QUESTIONS OR TAKE SPECIFIC DEPOSITIONS RELATIVE TO THE RECOVERED MATERIAL SUPPRESSED BY THE STATE. HAD COUNSEL INVESTIGATED, COUNSEL WOULD HAVE CONCLUDED THE RELEVANCE & NECESSITY OF SUCH MATERIAL, AND WOULD HAVE THEREBY DEVELOPED SUCH MATERIAL. PETITIONER-JONES RESPECTFULLY REQUESTS THAT THIS COURT NOT HOLD HIM RESPONSIBLE FOR APPELLATE COUNSELS FAILURE[S].

RESPECTFULLY SUBMITTED,

*Elwood H Jones Jr*

ELWOOD H. JONES JR. #339-441
2-HSE 2050
P.O. BOX 788
MANSFIELD, OHIO 44901-0788

CC:

## CERTIFICATE OF SERVICE

A COPY OF THE FOREGOING PRO SE MOTION TO SUPPLEMENT THE RECORD AND MEMORANDUM IN SUPPORT WAS SENT BY REGULAR U.S. MAIL TO: GREGORY W. MEYERS [O.P.D OFFICE, 11th FLOOR; 8 EAST LONG STREET; COLUMBUS, OHIO 43215], JAMES D. OWEN [5354 N. HIGHT STREET SUITE 3-D; COLUMBUS, OHIO 43214], AND HEATHER GOSSELIN [ATTORNEY GENERAL STATE OFFICE, CAPITAL CRIMES SECTION, 30 EAST BROAD STREET, 23rd FLOOR, COLUMBUS, OHIO 43215] ON AUGUST __26__ 2004.


ELWOOD H. JONES JR.