IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


ELWOOD H. JONES JR.
    PRO SE PETITIONER                  CASE NO# C-1-01-564
                                                    JUDGE THOMAS M. ROSE
V.                                            MAGISTRATE JUDGE MERZ

MARGARET BAGLEY /WARDEN
    RESPONDENT

---

### PRO SE PETITIONERS' MOTION TO SUPPLEMENT THE RECORD

---

    PRO SE PETITIONER-ELWOOD H. JONES JR., FIRST & FOREMOST, RESPECTFULLY SUBMITS TO THIS HONORABLE COURT TWO DOCUMENTS [SEE, DOCUMENT 1(A) & 1(B)] IMPORTANTLY RELEVANT TO HIS INABILITY TO HAVE PREVIOUSLY PROVIDED THIS COURT WITH THE DOCUMENTS HE SEEKS TO SUPPLEMENT HEREIN. PETITIONER-JONES' COUNSEL WERE PROVIDED WITH RELEVANT MATERIALS (FROM A GRANTED DISCOVERY MOTION BY THIS COURT) OF WHICH THEY HAVE INCOMPETENTLY NEGLECTED TO USE AND/OR ADEQUATELY INVESTIGATE SO AS TO DETERMINE THEIR VALIDITY. MORE IMPORTANTLY, HOWEVER, DESPITE PETITIONER-JONES' REQUESTS, THEY'VE AS-WELL NOT BEEN FORTHCOMING WITH SUCH INFORMATION; BUT UPON HIS OWN DUE DILIGENCE, PETITIONER-JONES HAS BEEN ABLE TO ACQUIRE THE INFORMATION -- THOUGH UNFORTUNATELY NOT ALL AT ONE TIME, SO AS TO RESPECTFULLY REFRAIN FROM ANY POSSIBILITY OF CONFLICTING WITH THIS HONORABLE COURTS SCHEDULE, ETC.

    PETITIONER-JONES RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT PERMIT HIM TO SUPPLEMENT THE RECORD [PURSUANT TO ALL APPLICABLE RULES, UPON NECESSITY AND IN THE INTERESTS OF JUSTICE] WITH THREE DOCUMENTS THAT WERE PREJUDICIALLY WITHHELD BY THE STATE AT TRIAL. THESE DOCUMENTS ARE VERILY IMPORTANT & RELEVANT BECAUSE, HAD MR. JONES BEEN PROVIDED THESE DOCUMENTS, PARTICULARLY, THERE WOULD'VE UNQUESTIONABLY BEEN A LIKLIHOOD OF A DIFFERENT VERDICT. PETITIONER-JONES PLEADS UPON THIS COURT THAT, TO BE FULLY AWARE OF THE CIRCUMSTANCES SURROUNDING HIS CASE AND THE RELIEF HE IS THEREBY DUE, THIS HONORABLE COURT MUST BE IN ACQUAINTENCE WITH THESE DOCUMENTS. THIS IS

IMPERATIVE IN ORDER TO ACCORD AND SATISFY THE CONSTITUTIONAL DUE PROCESS GUARANTEES OF THE UNITED STATES CONSTITUTION.

    RESPECTFULLY, PRO SE PETITIONER-JONES HEREIN REQUESTS THAT THIS HONORABLE COURT ACCEPT THIS MOTION AND THE ATTACHED DOCUMENTS AS PART OF THE RECORD. THE GROUNDS FOR THIS MOTION ARE MORE FULLY SET FORTH IN THE ATTACHED MEMORANDUM IN SUPPORT.

RESPECTFULLY SUBMITTED,

*[signature: Elwood H. Jones Jr.]*

ELWOOD H. JONES JR.
#339-441 2-HSE 2056
P.O. BOX 788
MANSFIELD, OHIO 44901-0788

## MEMORANDUM IN SUPPORT
### I. INTRODUCTION

PRO SE PETITIONER-JONES RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT PERMIT HIM TO EXPAND THE RECORD WITH DOCUMENTS [RECOVERED THROUGH A DISCOVERY MOTION FROM THIS COURT] RELEVANT TO THE CLAIMS IN HIS PETITION AND NECESSARY TO THE REASONED DETERMINATION OF SUCH CLAIMS. THESE DOCUMENTS ARE RELEVANT TO PETITIONERS' MOTION FOR AN EVIDENTIARY HEARING. THE MATERIALS CONSIST OF (3) DOCUMENTS SUPPRESSED BY THE STATE, IN VIOLATION OF PETITIONER-JONES' RIGHT TO BE PROVIDED WITH ANY & ALL EXCULPATORY-IMPEACHMENT EVIDENCE TO WHICH MR. JONES MAY HAVE BEEN ABLE TO SUCCESSFULLY DEFEND HIMSELF, AND THEREBY REMAIN FREE FROM THE STATES OTHERWISE UNCONSTITUTIONAL AND/OR ILLEGAL CONVICTION. PETITIONER-JONES RESPECTFULLY ASSERTS THAT IN ORDER TO JUSTIFIABLY SATISFY THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION, AN ABSOLUTE CLEAR RECORD OF ALL THE FACTS NECESSARY AND RELEVANT TO ANY & ALL CLAIMS UPON WHICH TO ACCORD JONES THE RELIEF HE IS DUE MUST THEREIN BE FURNISHED TO THIS HONORABLE COURT. ONLY THEN, CAN PETITIONER-JONES BE SAID TO HAVE BEEN TRULY ACCORDED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS (WHICH IS ABSOLUTELY FREE OF ANY PROCEDURAL LIMITATIONS) UPON WHICH TO EFFECT AN APPEAL, AND HAVE ADDRESSED THEREIN A CONSTITUTIONAL VIOLATION THAT IS OF SUCH MAGNITUDE THAT MR. JONES' CURRENT CONVICTION IS CONSTITUTIONALLY ILLEGAL.

THIS HONORABLE COURT GRANTED PETITIONER-JONES A DISCOVERY MOTION, WHEREIN THESE DOCUMENTS WERE RECOVERED. PETITIONER-JONES REFLECTS ON THIS COURTS PRIMARY FUNCTION, WHICH IS THEREBY ONLY EMPOWERED TO ENTERTAIN AND GRANT RELIEF TO COGNIZABLE ISSUES OF CONSTITUTIONAL VIOLATIONS OF EGREGIOUS PROPORTION. MR. JONES RESPECTFULLY ASSERTS THAT THESE DOCUMENTS ARE VERILY SIGNIFICANT TO THE PROPER DETERMINATION OF HIS CLAIMS.

### II. LIST OF EXHIBITS /DOCUMENTS SUBMITTED:

**EXHIBIT I:** SUPPLEMENTARY REPORT BY DET. JOHN D. LADD (ON SEPT. 8, '94) CONCERNING INTERVIEW WITH ELAINE SHUB (WHOM SHARED ROOM 237 WITH VICTIM);

**EXHIBIT J:** HANDWRITTEN NOTES BY SGT. J. SCHAFFER (ON SEPT. 15, '94) CONCERNING INTERVIEW(S) WITH "VAL" & ELKE NATHAN (I.E., SON & DAUGHTER-IN-LAW OF VICTIM);

**EXHIBIT K:** SUPPLEMENTARY REPORT BY SGT. J. SCHAFFER (ON SEPT. 16, '94) CONCERNING INTERVIEW WITH "VAL" & ELKE NATHAN;

PLEASE ALSO NOTE **EXHIBITS L & M** IN SUPPORT OF THE AFOREMENTIONED DOCUMENTS.

ALSO INCLUDED ARE **DOCUMENTS 1(A) & 1(B)**, WHICH ARE RESPONSES FROM ATTORNEY "MEYERS'" ASSISTANTS, REFLECTING HIS INABILITY AND/OR REFUSAL TO PROVIDE THE AFOREMENTIONED DOCUMENTS IN A TIMELY MANNER.

### III. RELEVANCE OF DOCUMENTS IN INSTANT PROCEEDINGS:

THE SUPPLEMENTARY REPORT (**EXHIBIT I**) BY DET. JOHN D. LADD (ON SEPT. 8, '94) CONCERNING AN INTERVIEW WITH ELAINE SHUB (WHOM SHARED ROOM 237 WITH THE VICTIM) IS IMPORTANT AND RELEVANT TO PETITIONER-JONES' CLAIMS OF PROSECUTORIAL MISCONDUCT, AMONG OTHER CLAIMS, AND SHOULD HAVE BEEN TURNED OVER TO PETITIONER'S TRIAL COUNSEL. PER AN INTERVIEW CONDUCTED ON SEPT. 3, '94, ELAINE SHUB PROVIDED A DESCRIPTION OF THE PENDANT STOLEN FROM MS. NATHAN (THE VICTIM IN THIS CASE): ELAINE SHUB DESCRIBED THE PENDANT OF HER FRIEND & ROOMMATE IN THE HOTEL, AS BEING SILVER IN COLOR AND HAVING THREE DIAMONDS. SUBSEQUENT TO THE DESCRIPTION PROVIDED BY ELAINE SHUB ON SEPT. 3, '94 (BY MEANS OF A DEPOSITION ON PG'S 13 & 14), DET. JOHN D. LADD WROTE HIS SUPPLEMENTAL REPORT OF SEPT. 8, '94, WHEREBY DET. LADD NOTED: "SHE ALSO CONFIRMED THAT THE NECKLACE THAT THE VICTIM HAD BEEN WEARING AND WAS NOW MISSING HAD (3) DIAMONDS." [SEE PG 2 OF **EXHIBIT I**] THIS INFORMATION WAS EXTREMELY IMPORTANT, WHEREUPON A PENDANT WAS ALLEGEDLY FOUND IN A TOOLBOX IN THE TRUNK OF MR. JONES' CAR, WHICH (THE PENDANT, I.E.) SUBSEQUENTLY BECAME THE PREDICATE OF MR. JONES' ALLEGED GUILT, AND WAS OFFERED AS EVIDENCE TO THE JURY. IT WAS IMPORTANT, WHEREUPON THE ALLEGEDLY FOUND PENDANT WAS GOLD IN COLOR AND STRUCTURED FOR FIVE DIAMONDS OR STONES. HAD MR. JONES BEEN PROVIDED WITH THIS INFORMATION (AS HE WAS ENTITLED), HE WOULD HAVE BEEN ABLE TO PROVIDE THE JURY WITH SUCH FACTS OPPOSED TO THE FABRICATED UNTRUTH THAT THE STATE PLACED BEFORE THE JURY. THE JURY WOULD HAVE BEEN AWARE, THAT AS STATED & DESCRIBED BY THE VICTIMS FRIEND & LAST PERSON TO HAVE BEEN WITH HER AND SEEN THE PENDANT, THE PENDANT OF WHICH WAS STOLEN AND BELONGED TO THE VICTIM WAS SILVER IN COLOR, WITH THREE DIAMONDS -- AND NOT GOLD IN COLOR, STRUCTURED FOR FIVE STONES (AS THE ONE ALLEGEDLY FOUND IN THE TOOLBOX IN THE TRUNK OF MR. JONES' CAR).

THE HANDWRITTEN NOTES BY SGT. J. SCHAFFER (ON SEPT. 15, '94) CONCERNING INTERVIEW(S) WITH "VAL" & ELKE NATHAN (**EXHIBIT J**) ARE RELEVANT TO PETITIONER'S CLAIMS OF PROSECUTORIAL MISCONDUCT, AMONG OTHER CLAIMS, AND SHOULD HAVE BEEN TURNED OVER TO PETITIONER'S TRIAL COUNSEL. PER THE INTERVIEW CONDUCTED WITH "VAL" & ELKE NATHAN (I.E., THE SON & DAUGHTER-IN-LAW OF THE VICTIM), THEY BOTH DESCRIBED THE PENDANT OF MS. NATHAN (I.E., THE VICTIM) AS BEING SILVER IN COLOR, AND HAVING THREE SMALL DIAMONDS. ALSO NOTEWORTHY IS VAL'S ALMOST-CERTAINTY THAT HIS MOTHER'S PENDANT WAS NOT GOLD. AS-WELL, AND JUST AS RELEVANT IS HIS THOUGHT THAT THE PENDANT WAS CUSTOM CRAFTED -- TO WHICH HIS UNCLE (I.E., IRA NATHAN) STATED BY PHONE THAT THE PENDANT HAD NOT BEEN CUSTOM

CRAFTED FROM THE GRANDMOTHER'S ENGAGEMENT RING AS ORIGINALLY THOUGHT, AS HE WAS IN POSSESSION OF THIS RING [SEE PG 2 OF **EXHIBIT K**]. HAD MR. JONES BEEN PROVIDED WITH THIS INFORMATION (AS HE WAS ENTITLED), HE WOULD HAVE BEEN CONSTITUTIONALLY EMPOWERED TO CONTRADICT THE FALLACIOUS FALSITY THAT THE PROSECUTION PRESENTED TO THE JURY AS TRUTH. SUCH INFORMATION WOULD'VE PROVIDED THE JURY WITH A VERY NECESSARY AWARENESS, SO AS TO ENABLE THEM TO DETERMINE THE PROPER FACTS.

THIS IS JUST AS WELL WITH THE SUBSEQUENT SUPPLEMENTARY REPORT (**EXHIBIT K**) CONCERNING THE INTERVIEW WITH THE VICTIMS SON & DAUGHTER-IN-LAW ("VAL" & ELKE NATHAN): THIS DOCUMENT IS RELEVANT TO PETITIONER-JONES' PROSECUTORIAL MISCONDUCT CLAIMS, AMONG OTHER CLAIMS -- AND SHOULD'VE BEEN TURNED OVER, SO AS TO ACCORD MR. JONES A MEANINGFUL OPPORTUNITY THROUGH WHICH TO CHALLENGE OTHERWISE FABRICATED EVIDENCE AGAINST HIM. MOREOVER, PER SGT. J. SCHAFFER'S SUPPLEMENTARY REPORT, IT IS FURTHER EXPLICITLY ILLUSTRATED THAT THE STOLEN PENDANT OF THE VICTIM'S WAS SILVER IN COLOR, WITH THREE DIAMONDS, AND NOT CUSTOM CRAFTED ... AS ORIGINALLY THOUGHT.

PETITIONER-JONES REQUESTS THAT THIS HONORABLE COURT NOTE **EXHIBITS L & M** IN SUPPORT AND RELATIVE TO THE AFOREMENTIONED DOCUMENTS, WHEREBY **EXHIBIT L** IS A "RETURN ON SEARCH WARRANT" DOCUMENT THAT OUTLINED THAT OF WHICH WAS EXPRESSLY WARRANTED TO BE DILIGENTLY SEARCHED FOR: NOTE THE "SILVER IN COLOR" DESCRIPTION OF THE NECKLACE, AS-WELL AS A "HAVING THREE DIAMONDS" DESCRIPTION. **EXHIBIT M** IS THE ALLEGED PENDANT SAID TO HAVE BEEN FOUND IN A TOOLBOX IN THE TRUNK OF MR. JONES' CAR -- WHICH IS GOLD IN COLOR, WITH FIVE CLEAR GEMSTONES. SUCH IS CLEARLY NOT REFLECTIVE OF THE "SILVER IN COLOR", WITH "THREE DIAMONDS" DESCRIPTION THAT WAS GIVEN BY ELAINE SHUB AND VAL & ELKE NATHAN.

### IV. CONCLUSION:

PETITIONER-JONES RESPECTFULLY PLEADS UPON THIS COURT TO ACCEPT THIS MOTION AND THE EXHIBITS ATTACHED HEREIN SO THAT THIS HONORABLE COURT MAY BE FULLY APPRISED OF THE FACTS & CIRCUMSTANCES RELEVANT TO ANY AND ALL REASONED DETERMINATIONS OF HIS CLAIMS. FURTHERMORE, PETITIONER-JONES RESPECTFULLY ASSERTS THAT, WHEREUPON HE HAS DEMONSTRATED THE PROSECUTION'S PREJUDICIAL MISCONDUCT IN SUPPRESSING EXCULPATORY-IMPEACHMENT EVIDENCE OF WHICH WOULD'VE PROVIDED HIM A NECESSARY MEANS OF DEFENDING HIMSELF; AND WHERE THE DOCUMENTS UNEQUIVOCALLY CONTRADICT THAT WHICH THE PROSECUTION PROFFERED AND FABRICATED AS THE TRUTH, THIS HONORABLE COURT IS THEREIN EMPOWERED TO ACCORD MR. JONES THE RELIEF HE IS DUE.

ADDITIONALLY, PETITIONER-JONES RESPECTFULLY POINTS OUT TO THIS COURT THE NOTEWORTHINESS OF THE LOWER COURT'S ABSOLUTE RELIANCE ON THE PENDANT PROFFERED AS EVIDENCE OF HIS ALLEGED GUILT, AS THAT OF AN OVERWHELMING NATURE IN THE FACE OF HIS CLAIMS PRESENTED THEREIN. THE LOWER COURTS HAVE CONSISTENTLY AFFIRMED MR. JONES' SENTENCE & CONVICTION BASED UPON THE SAID OVERWHELMING UNIQUENESS OF THE PENDANT ALLEGEDLY FOUND IN THE TOOLBOX IN THE TRUNK OF MR. JONES' CAR. HAVING NOT BEEN PROVIDED WITH THESE DOCUMENTS UNTIL NOW -- NOT ONLY HAS MR. JONES BEEN EFFECTIVELY PREJUDICED IN HIS ABILITY TO DEFEND HIMSELF AT TRIAL, BUT SUCH PREJUDICE HAS ALSO INFECTED HIS STATE APPELLATE PROCESS. HAD THE COURTS BEEN AWARE OF THE CONSISTENT FACTS DESCRIBING THE VICTIMS PENDANT AS SILVER IN COLOR WITH THREE DIAMONDS, AS OPPOSED TO THAT WHICH THE PROSECUTION SUBSEQUENTLY FABRICATED, THE LOWER COURTS WOULD'VE HAD NO STANDING ON THE OVERWHELMING UNIQUENESS ... AND WOULD'VE HAD TO DISACCORD MR. JONES RELIEF ON OTHER GROUNDS -- OR THUS GRANT HIM THE RELIEF HE IS RESPECTFULLY DUE.

THE PROSECUTORIAL MISCONDUCT, WITHOUT QUESTION, DEPRIVED MR. JONES OF A PROPER DEFENSE AT TRIAL; RESULTED IN THE DEPRIVATION OF ANY MEANINGFUL REVIEW UP UNTIL NOW, AND THEREFORE SHOULD BE RECTIFIED ACCORDINGLY. PETITIONER-JONES HEREBY RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT ACCEPT THIS MOTION WITH SIGHT TO WHICH HAS YET TO HAVE BEEN AFFORDED HIM.

RESPECTFULLY SUBMITTED,

*Elwood H. Jones Jr.*
ELWOOD H. JONES JR. #339-441
2-HSE 2050
P.O. BOX 788
MANSFIELD, OHIO 44901-0788

CC:

## CERTIFICATE OF SERVICE

A COPY OF THE FOREGOING PRO SE MOTION TO SUPPLEMENT THE RECORD AND MEMORANDUM IN SUPPORT WAS SENT BY REGULAR U.S. MAIL TO: GREGORY W. MEYERS [O.P.D OFFICE, 11TH FLOOR, 8 EAST LONG STREET, COLUMBUS, OHIO 43215]; JAMES D. OWEN [5354 N. HIGHT STREET SUITE 3-D, COLUMBUS, OHIO 43214], AND HEATHER GOSSELIN [ATTORNEY GENERAL STATE OFFICE, CAPITAL CRIMES SECTION, 30 EAST BROAD STREET, 23RD FLOOR, COLUMBUS, OHIO 43215] ON OCTOBER 12, 2004.

*[signature]*
ELWOOD H. JONES JR.



**Office of the Ohio Public Defender**
8 East Long Street
Columbus, Ohio 43215-2998
(614) 466-5394
FAX NUMBER: (614) 644-0708
WEBSITE: www.opd.ohio.gov

DAVID H. BODIKER
State Public Defender

I(A)

July 19, 2004

Elwood H. Jones, Jr.
#339-441
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

Dear Mr. Jones:

    Here are the envelopes you requested when we spoke this morning. Greg said it will take him a while to put a copy of your case file together due to pressing deadlines in other clients' cases.

    Take care.

                                      Sincerely,

                                      *Brenda*

                                      Brenda L. Jones
                                      Administrative Assistant
                                      Death Penalty Division

BJ
Enclosures

#122583



**Office of the Ohio Public Defender**
8 East Long Street
Columbus, Ohio 43215-2998
(614) 466-5394
FAX NUMBER: (614) 728-3670
www.opd.ohio.gov

DAVID H. BODIKER
State Public Defender

October 5, 2004

Elwood Jones
#339-441
Mansfield Correctional Facility
P.O. Box 788
Mansfield, Ohio 44901

Dear Elwood:

I spoke with Mr. Meyers about your concerns regarding your request for files to be sent to you and whether he received the waiver for the Innocence Project.

He asked me to write and let you know he did receive and understands the waiver for the Innocence Project and has been in contact with some of the people there and has talked with Mr. Luken about your waiver.

He also asked me to let you know that since the time he received your request for the files, he has been so caught up in commitments in the Lott, Dennis, Cooey and Hill cases he just simply has not been able to tackle your request, but will get to it as soon as possible.

Hope all is going well with you and that this answers your questions.

Sincerely,

Gloria Govine
Gloria Govine
Administrative Assistant

Exhibit I

**SUPPLEMENTARY REPORT — BLUE ASH, OHIO POLICE DEPARTMENT**

Page 1 of 2 pages
Offense No: 94-11-01
Date of this report: Thurs 9-8-94
Name of Complainant / Reporting Person: B.A.P.D. / Nathan
Form used to report: Followup investigation or supplemental information
Followup or Supplementary

Spoke with Joseph Kaplan and Elaine Shub (shared room 237 with victim) and requested that Ms. Shub please return her purse and contents to us, A.S.A.P., by Federal Express. She was very reluctant to do so, stating she needed her drivers license, credit cards, etc. She finally agreed to return the purse to us — C.O.D. — less her drivers license, credit card, etc. She requested that we return it to her as soon as we can at: Elaine Shub, 5574 Witney Dr. Del Ray Beach, Fla. 33484  PX 1-407-499-8401

Joe Kaplan advised that they are staying at his son Mark Kaplan's residence until Sunday and can be reached at 1-516-579-1262. They can be reached at their Florida residence after Sunday at PX 1-407-499-8401

Joe advised that he was "pretty damn sure" he locked the room door when he and Elaine left Rhoda on Saturday morning. He stated he is 99.99% sure he heard the door click. He was a salesman and stayed in a lot of hotels, etc. and was used to making sure the door was secure.

Elaine stated that her purse had been in the back bedroom on the dresser — not on the ledge where it was found upon police arrival.

00394

15. Reporting Officer: Det. John D. Ladd  Badge No. 413

Exhibit I

PAGE 2 OF 2 PAGES — SUPPLEMENTARY REPORT — BLUE ASH, OHIO POLICE DEPARTMENT — OFFENSE N. 94-HM-01

| 2. FORM USED AS CONTINUATION SHEET FOR CURRENT REPORT | 3. FORM USED TO REPORT FOLLOWUP INVESTIGATION OR SUPPLEMENTAL INFORMATION (X) | 4. DAY / DATE OF THIS REPORT / TIME: Thur 9-8-94 | 5. NAME OF COMPLAINANT / REPORTING PERSON: B.A.P.D. / Nathan |

KIND OF REPORT CONTINUED: OFFENSE / OTHER / ARREST / FOLLOWUP OR SUPPLEMENTARY (X)

7. CORRECT OFFENSE OR INCIDENT CLASSIFICATION — CHANGED: YES

8. She had noticed when she lifted up her wallet it felt light to her and she knew her money was missing.

I asked Ms Shub about the diamond bracelet watch that has been in question and she advised that she knew that Rhoda had brought it with her and was planning on wearing it on Saturday. She also confirmed that the necklace that the victim had been wearing and was now missing had (3) diamonds.

There is still some question as to whether or not any of the victim's rings are missing. However I was advised that a sister of Rhoda's from North Miami had spoken with Det. Pete Ald____ and had given him a description. He also supposedly has a telephone number to get in touch with this sister.

| 9. ARREST MADE: NO / ARREST NO. | 10. PROP INV. NO | | | | 14. SUPERVISOR APPROVING BADGE NO |
| 11. LEADS/RCIC/NCIC | 12. SENT DATE / TIME / HRS | 13. CANCELLD DATE / TIME | | | |
| 15. REPORTING OFFICER: Det. John Ladd  BADGE NO. 413 | 16. REPORTING OFFICER  BADGE NO | DATE | TIME | HRS AM/PM |

RECORDS

Exhibit J

#1
9-15-94

INTERVIEW
VAL + ELKE NATHAN

MIKE FEDISH.
SUFFERN. P.D

Rose Nathan - Valentine Nathan - Grandparents
Grandmother engagement ring - custom made.
80 or 81

— Robert I Nathan - father.
New City - Rockland County - lived
Hardware Store in Bronx.     Crosby Avenue + Westchester Ave.
                             Middletown Rd. - Bronx.
                             Boston Post Rd. - South Bronx.

Schoff
9/15/94

~~Three small diamonds~~
Three bar - Offset          ~~described by Val~~
Silver in color!            + Elke!

22A

Couldn't describe watch. Only two people
who could ID are in FLA

Father didn't have jewelry store that he used often.
— Shown pendant. -
~~Son says I'm almost certain it was not gold,~~   ← VAL
and that there wasn't a bar across the bottom.
— Looked at photo's
   From memory - I wasn't certain - by looking @ picture    ← VAL
   I have to say I didn't remember it as well as
   I thought I would.

After looking @ picture + comparing - said there      ← VAL
no doubt in my mind - that's it.

As compared that piece to picture - I would swear
to it beyond a reasonable doubt. - Valentine says    ← VAL
that is

Exhibit J

\# 1

22-8

Is not a jewish symbol.

Diamond in her ring was lost several years ago (3 years ago) had been replaced.

Uncle Ira says - Michaels jewelry store on Crosby Avenue. Wasn't made. bought from a store. - Pelham Bay.

# #1

Exhibit K

**SUPPLEMENTARY REPORT — BLUE ASH, O POLICE DEPARTMENT**

| | | |
|---|---|---|
| FORM USED TO REPORT: FOLLOWUP INVESTIGATION OR SUPPLEMENTAL INFORMATION ☒ | 4. DAY: FRI | DATE OF THIS REPORT: 9-16-94 | TIME: 1430 PM |
| | ARREST ☐   FOLLOWUP OR SUPPLEMENTARY ☒ | 7. CORRECT OFFENSE OR INCIDENT CLASSIFICATION: AGG. MURDER |

1. OFFENSE NO: 94-HM-001
5. NAME OF COMPLAINANT - REPORTING PERSON: NATHAN, RHODA
CHANGED: YES ☐

ON 9-15-94, R/O RESPONDED TO THE SUFFERN, NEW YORK, POLICE DEPT. AND MET WITH SGT. MIKE FEDISH. HE ACCOMPANIED THE R/O TO 53 PRARIE AVE, SUFFERN, N.Y., THE RESIDENCE OF VALENTINE AND ELKE NATHAN. VALENTINE IS THE SON OF THE VICTIM. THE PURPOSE OF INTERVIEWING MR. + MRS. V. NATHAN WAS TO SHOW THEM THE PENDANT RECOVERED IN THE AUTO OF ELWOOD JONES AND TO DETERMINE WHETHER OR NOT THE PENDANT WAS THE SAME AS THE ONE OWNED BY THE VICTIM. THE INTERVIEW TIME WAS APPROX. 11:45 AM.

VAL NATHAN WAS ASKED TO DESCRIBE THE VICTIM'S PENDANT PRIOR TO THE R/O SHOWING THE RECOVERED ONE TO HIM. [redacted] HE STATED THAT HIS FATHER, ROBERT I. NATHAN, HAD THE PENDANT CUSTOM MADE FROM HIS (VAL'S) GRANDMOTHER'S ENGAGEMENT RING, AND BELIEVED THE MANUFACTURE DATE TO HAVE BEEN IN 1980 OR 1981. HE DID NOT BELIEVE THAT HIS FATHER HAD ANY PARTICULAR JEWELRY STORE THAT HE FREQUENTED, HOWEVER IT PROBABLY WOULD HAVE BEEN IN BRONX, N.Y. WHERE HE OWNED THREE HARDWARE STORES.

THE RECOVERED PENDANT WAS UNSEALED FROM THE PROPERTY ENVELOPE & SHOWN IN THE PRESENCE OF VAL & ELKE NATHAN AND SGT. FEDISH. MR. NATHAN STATED THAT HE WAS ALMOST CERTAIN HIS MOTHER'S PENDANT WASN'T GOLD AND THAT THERE WASN'T ANOTHER BAR ACROSS THE BOTTOM AS THE ONE HE WAS BEING SHOWN. HE WAS THEN REQUESTED TO REVIEW FAMILY PHOTO'S OF HIS MOTHER WEARING THE PENDANT WHICH WAS STOLEN. MR. NATHAN DID SO, AND STATED "FROM MEMORY, I

000430

REPORTING OFFICER: SGT. J. SCHAFFER   BADGE NO. 479

14. SUPERVISOR APPROVING: Sgt. Schaffer

**SUPPLEMENTARY REPORT — BLUE ASH, OHIO POLICE DEPARTMENT**

Exhibit K

| | | | | | |
|---|---|---|---|---|---|
| FORM USED TO REPORT FOLLOWUP INVESTIGATION OR SUPPLEMENTAL INFORMATION | 4. DAY: FRI | DATE OF THIS REPORT: 9-16-94 | TIME: 1430 | HRS AM/PM | 5. NAME OF COMPLAINANT - REPORTING PERSON: NATHAN, RHODA |
| ARREST [ ] FOLLOWUP OR SUPPLEMENTARY [X] | | | 7. CORRECT OFFENSE OR INCIDENT CLASSIFICATION: AGG. MURDER | | |

1. OFFENSE NO: 94-HM-001

22-A

WASN'T CERTAIN, BY LOOKING AT THE PICTURES, I HAVE TO SAY I DIDN'T REMEMBER IT AS I THOUGHT I WOULD." WHEN ASKED WHAT HE WOULD SAY UNDER OATH IF ASKED WHETHER OR NOT THAT THE PENDANT IN OUR CUSTODY WAS IN FACT HIS MOTHER'S STOLEN PENDANT, HE REPLIED "AS COMPARING THAT PIECE TO PICTURES, I WOULD SWEAR TO IT BEYOND A REASONABLE DOUBT. THAT'S IT."

MRS. NATHAN COMMENTED THAT SHE WOULD BE WILLING TO CALL IRA NATHAN, VAL NATHAN'S UNCLE, AND SEE IF HE KNEW WHERE THE PENDANT HAD BEEN CRAFTED. ~~IRA NATHAN BY PHONE STATED THAT THE PENDANT HAD NOT BEEN CUSTOM CRAFTED FROM THE GRANDMOTHER'S ENGAGEMENT AS ORIGINALLY THOUGHT AS HE WAS IN POSSESSION OF THIS RING.~~ HE THOUGHT THAT ROBERT I. NATHAN, HIS BROTHER AND VAL'S FATHER, HAD PURCHASED THE PENDANT AT MICHAEL'S JEWELRY STORE IN BRONX, N.Y. ON CROSBY AVENUE. THE INTERVIEW WITH THE NATHAN'S WAS CONCLUDED, AND THE R/O WAS PROVIDED WITH A PHOTOGRAPH OF RHODA NATHAN WEARING THE PENDANT.

ON 9-15-94 AT APPROXIMATELY 14:30 HRS., R/O ARRIVED AT THE NEW YORK CITY POLICE DEPT., MAJOR CASE SQUAD, #1 POLICE PLAZA ROOM 1108 NEW YORK, N.Y. 10038 (212-374-3955) AND MET WITH SGT. PIRAINO, DET. KEENAN, AND DET. SHAUNESSY. DET. SHAUNESSY ACCOMPANIED THE R/O TO MICHAEL'S JEWELRY STORE LOCATED AT 1755 CROSBY AVENUE, BRONX, N.Y. (718-828-6105). AN INTERVIEW WAS CONDUCTED WITH STORE OWNER MARIO FUMOSO. MR. FUMOSO OWNED THE

000431

| 12. SENT DATE | TIME | HRS. | 13. CANCELLED DATE | TIME | 14. SUPERVISOR APPROVING BADGE NO. Sgt. Schaffer |
|---|---|---|---|---|---|
| REPORTING OFFICER: T. J. SCHAEFER | BADGE NO. 429 | 16. REPORTING OFFICER | | BADGE NO. | DATE: 9-16-94 | TIME | HRS AM |

Case 1:01-cv-00564-TMR-MRM   Document 54   Filed 10/14/2004   Page 16 of 18

PAGE 3 OF 3 PAGES   SUPPLEMENTARY REPORT — BLUE ASH, OHIO POLICE DEPARTMENT

Exhibit K

1. OFFENSE NO: 94-HM-001
4. DAY: FRI  DATE OF THIS REPORT: 9-16-94  TIME: 1430
5. NAME OF COMPLAINANT - REPORTING PERSON: NATHAN, RHODA
FOLLOWUP OR SUPPLEMENTARY  [X]
7. CORRECT OFFENSE OR INCIDENT CLASSIFICATION: AGG. MURDER

STORE IN THE EARLY 80'S, AND AFTER ABOUT 10 MINUTES OF CONVERSATION, KNEW RICHARD AND IRA NATHAN BOTH, RECALLING ONE OF THEIR HARDWARE STORES NEARBY. HE WAS SHOWN THE PENDANT IN OUR CUSTODY, HOWEVER HE STATED THAT HE DOESN'T RECALL SELLING THE PENDANT TO EITHER OF THEM. HE ESTIMATED THE VALUE OF THE PENDANT TO BE SEVERAL HUNDRED DOLLARS IN TODAY'S MARKET, HOWEVER WAS PROBABLY WORTH ONLY A COUPLE HUNDRED DOLLARS WHEN PURCHASED IN THE EARLY 1980'S. HE DID STATE THAT IT COULD HAVE EITHER BEEN CUSTOM MADE OR FACTORY MANUFACTURED. MR. FUMOSO STATED THAT THE ONLY OTHER JEWELER ON CROSBY AVE. IN THE EARLY 1980'S DIED SEVERAL YEARS AGO. THE INTERVIEW WAS CONCLUDED.

ON 9-16-94, THE RECOVERED PENDANT WAS RETURNED TO THE CUSTODY OF P.O. BRAY, RESEALED AND INITIALED BY THE R/O.

...ON COUNTY

To the [Exhibit L] Blue Ash, Ohio Greetings: Whereas, there has been filed with me an affidavit, a copy of which is attached herein, these are therefore, to command you in the name of the State of Ohio, with the ne...ary and prope... ...the nighttime, into the motor vehicle described as a 1990 Pontiac 6000LE bea... ... number JHR3... as the motor vehicle owned by and registered to Elwood H. Jones, Jr. further ... ...s motor vehicle ate... 509 Park Avenue, city of Loveland, Hamilton County, State of Ohio.

n the county aforesaid, and there diligently search for one necklace, silver in color, having seven rows of horizontal tubular metal and ...so... ...diamonds in the necklace; one ladies white gold watch having numbers for the time indicators, the face surrounded with diamonds also having a thin band containing diamonds; any pawn receipts or other papers showing possession or control of these ems; all clothing and shoes of Elwood H. Jones, Jr. which he would have worn to work at the Embassy Suites Hotel; any and all lood-stained items, and any trace evidence of blood,

d that you bring the same, or any part thereof, found on such search, and person(s) found in control, if needed.

rthwith before me, or some other judge or magistrate of the county having cognizance thereof, to be disposed of and dealt with cording to law.

ven under my hand this _12_ day of _Sept_, 19__ at _7:54_ o'clock _P_.M.

_____
Judge, Hamilton County Municipal Court

## RETURN ON SEARCH WARRANT

the _15th_ day of _September_, 19_94_ at _1400_ o'clock _P_ M., I executed the search warrant attached hereto, removed from said premises in the presence of: _A.O. Stokes, P.O. Bray (Blue Ash), P.O. Moster (Loveland)_ erty of which the following is an inventory:

#1 - Gold Necklace w/ 5 Clear Gemstones
#2 - 1 Name Tag "Elwood Jones"
#3 - 2 Lock Chams (low type) - Keyrings keys
#4 - Envelope containing medical records
#5 - Ace Bandage
#6 - Tool Box & Contents
#7 - Keys ("Embassy Suites")
#8 - Black Briefcase / Contents
#9 - 1 Swab (suspected blood stain)
#10 - "     "     "
#11 - "     "     "
#12 - 1 Control Swab
#13 - 1 Pr. Black Shoes (suspected blood stain)

THAT IS ALL

certify that copies of the search warrant and inventory were delivered to/left at: _Elwood H. Jones Jr._
, subscribed before me, and filed in this court this _15th_ day of _Sept_, 19_94_ at _2:47_ o'clock _P_.M.

_____
Judge, Hamilton County Municipal Court

_____
Affiant

000154

Exhibit M





R82
9/27/95
414
Shown to
E. Jones



000653