## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ELWOOD H. JONES, JR.,

                              :

        Petitioner,                    Case No. 1:01-cv-564

                              :        District Judge Thomas M. Rose

      -vs-                       Chief Magistrate Judge Michael R. Merz

MARGARET BAGLEY, Warden,

                              :

        Respondent.

---

### ORDER APPOINTING SUBSTITUTE COUNSEL, MOOTING PENDING PRO SE MOTIONS, SEEKING CONSENT, AND SETTING A SCHEDULING CONFERENCE

---

On May 17, 2004, at the express direction of the Petitioner acting *pro se*, the Court caused to be filed Petitioner's Affidavit of February 6, 2004 (Doc. No. 45), in which he purported to give up his remaining "Federal Appeals" and volunteer to be executed. He also purported to discharge his present counsel.

On June 3, 2004, the Court ordered (Doc. No. 46) that counsel, not later than July 1, 2004, file with the Court counsel's positions on the manner in which the Court should handle the Pro Se Affidavit. All counsel did so (Doc. Nos. 47, 48). The Court has carefully considered counsel's suggestions along with subsequent correspondence and motions filed by Petitioner *pro se*. Most importantly, Petitioner has withdrawn his volunteering to be executed; there is accordingly no longer a need to examine his competence to make such a decision.

In considering the various filings, the Court has determined that the relationship between Petitioner and his current counsel has deteriorated to the point that it cannot be repaired. At the same time, it is not clear to the Court that Petitioner truly desires to proceed without any counsel or that he is competent to do so. The Court has therefore determined to appoint substitute counsel.

James D. Owen and Gregory W. Meyers are hereby relieved of any further responsibility for representing Petitioner in this matter. Consistent with their obligations as counsel, they shall forthwith transfer their files to successor counsel

The Court accepts the recommendation of the Judicial Conference of the United States that at least two counsel should be appointed in federal death penalty habeas corpus cases. *Guidelines* §6.01(A)(2). The Court finds that attorney Michael L. Monta and Gary W. Crim, members of the Death Penalty Criminal Justice Act Panel of this Court, are qualified to act as counsel for Petitioner in this matter and are willing to serve in that capacity. They are accordingly appointed as counsel and their compensation is fixed at $150.00 per hour. Mr. Monta is designated as trial attorney under S. D. Ohio Civ. R. 83.4

**Interim Payments for Representation**

Because of the expected length of this litigation and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, pursuant to paragraph 2.30 B of the *Guidelines*, the following procedures for interim payments shall apply:

1. <u>Submission of Vouchers</u>

Counsel shall submit to the Clerk, twice each month, an interim CJA Form 30, "Death

Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel." Compensation earned and reimbursable expenses incurred from the first to the fifteenth days of each month shall be claimed on an interim voucher submitted no later than the last day of each month. Compensation earned and reimbursable expenses incurred from the sixteenth to the last day of each month shall be claimed on an interim voucher submitted no later than the fifteenth day of the following month.  Counsel shall strike the pre-printed numbers on all but the first CJA Form 30 submitted and substitute the number appearing on the first voucher. Counsel should complete Item 18 on the form for each interim voucher. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter VI, as well as the applicable provisions of Chapter II, Part C of the *Guidelines,* outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

The Court will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for the approved number of hours and all reimbursable expenses reasonably incurred.

At the conclusion of the representation, each counsel shall submit a final voucher seeking payment for representation provided during the final interim period. The final voucher shall also set forth in detail the time and expenses claimed for the entire case, including all documentation.

Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher.

2.  <u>Reimbursable Expenses</u>

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. Counsel should incur no single expense item in excess of $300 without prior approval of the Court. Such approval may be sought by filing an application with the Clerk stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. With respect to any application sought to be filed ex parte, the Court has adopted the procedure set forth in *Shields v. Johnson*, 48 F. Supp. 2d 719, 721 (S.D. Texas 1999). Upon finding that the expense is reasonable, the Court will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $ 300 on one or more interim vouchers are not considered single expenses requiring Court approval.

Fees and expenses paid for investigative, expert, and other reasonably necessary services authorized under paragraph (9) shall not exceed $7,500 in any case, unless payment in excess of that limit is certified by the court, or by the United States Magistrate Judge, if the services were rendered in connection with the case disposed of entirely before such magistrate judge, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit.

With respect to travel outside of the county of counsel's residence  for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc., the $300 rule should be applied in the following manner. Travel expenses, such as air fare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $300, the travel should receive prior approval of the Court.

The following additional guidelines may be helpful to counsel:

a.   Case related travel by privately owned automobile should be claimed at the rate of .325 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in 'first class" is prohibited. Counsel and persons providing service under the CIA are encouraged to contact the clerk for air travel authorization at government rates.

b.   Actual expenses incurred for meals and lodging while traveling outside of counsel's county of residence  in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

c.   Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred.  However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Fed. R. Crim P. 17 and 28 U.S.C. §1825.

The Sixth Circuit Court of Appeals has heretofore approved a budget for this case.  Prior counsel shall provide successor counsel with all materials relevant to the budget.

The pending Motions filed by Petitioner *pro se* (Doc. Nos. 50, 53, and 54) along with requests for relief made by Petitioner in *pro se* letters to the Court are found to be moot without prejudice to their renewal on the merits if made by successor counsel.

The undersigned has been designated by the District Judges of this Court to exercise plenary jurisdiction under 28 U.S.C. §636(c) upon the unanimous consent of the parties, including in capital

habeas corpus cases.  Unanimous consent has been given recently in two such cases.  On the occasion of the appointment of successor counsel, the Court requests counsel to discuss the possibility of consent with their clients and inform the Clerk of Courts (in the person of Gayle L. Hayes, Deputy Clerk, at 937-512-1553) of their decision on that question.  Consent must be unanimous and voluntary; there will be no adverse substantive consequences of declining to consent.

This case is hereby set for a scheduling conference by telephone at 9:00 A.M. on Tuesday, March 15, 2005.  Prior to that conference, counsel for both parties shall confer and file a report with the Court including information required under Fed. R. Civ. P. 26(f) to the extent it is relevant to habeas corpus litigation.

January 22, 2005.

s/ **Michael R. Merz**

Chief United States Magistrate Judge

J:\Death Penalty\Jones v. Bagley\Jones v. Bagley 09.wpd