IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON, OHIO

ELWOOD H. JONES

    Petitioner

v.

MARGARET BAGLEY, Warden,

    Respondent.

Case No. 1:01-cv-564

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

### Elwood H. Jones's Motion for Discovery

Pursuant to RULE 6 OF THE RULES GOVERNING 2254 CASES Elwood H. Jones moves this Court for an order allowing him to depose his state-trial counsel, Julius F. Sanks and Catherine Adams and the state-trial prosecutors, Mark E. Piepmeier and Seth S. Tieger.

### Elwood H. Jones's Memorandum in
### Support of Motion for Discovery

This Court has ordered discovery in this case on several occasions.[1] It is the conduct of the discovery that lead Petitioner to complain to this Court about his representation,[2] and, ultimately, for this Court to order new counsel for Petitioner. Petitioner now wishes to explore those issues with both the state-trial prosecutors and Petitioner's state-trial counsel.

When a *habeas* petitioner demonstrates good cause to conduct discovery by he presenting specific allegations that show reason to believe that if he is allowed to fully develop the facts, he may be able to demonstrate that he is entitled to relief. Rule 6 of the Rules Governing § 2254 (hereafter "Habeas Rule 6")

---

[1] Doc, 24.
[2] Doc. 44.

Jones v. Bagley, Warden                                                                 Case No. 1:01-cv-564

provides that a habeas petitioner may be granted leave to conduct discovery regarding the claims for relief enumerated in his habeas petition where he shows good cause for appropriate discovery. *Bracy v. Gramley*, 520 U.S. 899 (1997), In *Bracy*, the Supreme Court, in a unanimous opinion, reversed the federal district and appellate courts' denials of petitioner's motions for discovery. Bracy had shown good cause for appropriate discovery regarding his theory that "his trial lawyer might have been appointed [by the trial judge] with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and camouflage the bribe negotiations in, a [simultaneously pending] murder case [before the same trial judge]". The Advisory Committee Note to Habeas Rule 6 states that "Discovery may, in appropriate cases, aid in developing facts necessary to decide whether to order an evidentiary hearing or grant the writ following an evidentiary hearing."

   Here this Court has already determined that discovery is appropriate. It has already given Petitioner permission to take the depositions of the both the state-trial prosecutors and of his state trial counsel. Petitioner will not duplicate the depositions already done with the state-trial prosecutors, but will explore the matter of *Brady* material and clarify any other items.

   Counsel needs to explore certain documents with the state-trial prosecutors. These documents concern hotel incidents; undisclosed employee statements concerning descriptions of potential suspects other than defendant; undisclosed incident reports concerning inconsistent descriptions of the security of the victim's room; undisclosed potentially exculpatory blood test results, concerning the presence of purportedly incriminating blood evidence; undisclosed

criminal records of other hotel employees; undisclosed witness statements inconsistent with later statements and testimony given at trial; undisclosed evidence concerning relevance and authenticity of a certain pendant used against Mr. Jones; undisclosed inconsistent notes and reports from the Blue Ash Police Department. These unexplored areas provide good cause for the taking of the depositions of the state-trial prosecutors.

This Court has already determined that good cause exists for taking the depositions of Petitioner's state-trial counsel. We will follow up on the already granted authority after we have completed the discovery with the state-trial prosecutors.

## Conclusion

Thus, this Court should grant this motion for discovery.

> **s/Michael L. Monta**
> MICHAEL L. MONTA
> Trial Counsel
> 3625 Old Salem Road
> Dayton, Ohio 45415
> (937) 890-6921
>
> **s/ Gary W. Crim**
> GARY W. CRIM (0020252)
> 943 Manhattan Avenue
> Dayton, Ohio 45406-5141
> (937) 276-5770
>
> Attorneys for Elwood H. Jones

## Certificate of Service

I, Gary W. Crim, counsel for Elwood H. Jones, certify that on August 31, 2005, I served a copy of this Motion for Discovery on Counsel for the Warden,

Gregory A. Perry and Heather L. Gosselin, by emailing it to

gperry@ag.state.oh.us; hgosselin@ag.state.oh.us.

                                                    **s/ Gary W. Crim**
                                                    GARY W. CRIM