**RECEIVED**

OCT 4 2006

MICHAEL R. MERZ
U.S. MAGISTRATE JUDGE

ELWOOD H. JONES, JR.
339-441  D-5-27
878 COITSVILLE-HUBBARD RD
YOUNGSTOWN, OH 44505-4635

MR. GARY CRIM
-ATTORNEY AT LAW-
943 MANHATTAN AVE.
DAYTON, OH 45406-5141

SEPTEMBER 23, 2006

MR. MICHAEL L. MONTA
-ATTORNEY AT LAW-
3625 OLD SALEM ROAD
DAYTON, OH 45415-1427

RE: TO PHONE CALL ON
    SEPTEMBER 19, 2006

DEAR MR. CRIM AND MR. MONTA,

FIRST LET ME SAY I DON'T WANT TO COME OFF TO EITHER ONE OF YOU AS IF I AM SOME TYPE OF IDIOT IN ANY WAY OR THAT I AM AN INAPPRECIATIVE CLIENT IN MY ACTIONS. LORD KNOWS THAT I AM VERY THANKFUL FOR ANY HELP I RECEIVE.

SECONDLY, I AM A TYPE OF CLIENT WHO ASKS OF HIS ATTORNEYS JUST TO BE OPEN AND HONEST WITH ME AND TO **COMMUNICATE** AND TO KEEP ME INFORMED OF A SIMPLE RESPECTFULLY REQUEST THAT I HAVE ASKED OF YOU AND MR. MONTA. TO SHARE WITH ME COPIES OF ANY AND AL MOTIONS/PETITIONS YOU MAY OR PLAN TO FILE ON MY BEHALF INCLUDING DEPOSITIONS TAKEN IN THIS CASE, AND INCLUDING COPIES OF MOTIONS AND PETITIONS THE STATE ATTORNEY GENERAL'S OFFICE MAY SUBMIT IN THIS CASE.

MR. CRIM AND MR. MONTA, PLEASE EXPLAIN TO ME WHY IS THAT SIMPLE REQUEST IS SO **TROUBLESOME TO HONOR IN A TIMELY MANNER** WITHOUT ME HAVING TO CONTACT EITHER ONE OF YOU TO SEND ME A COPY? AT THIS TIME, I AM GOING TO MAKE A SUGGESTION TO THE BOTH OF YOU IF YOUR WORK-SCHEDULES ARE GOING TO **REMAIN OVERBURDENED...** THAN I THINK ITS TIME THE BOTH OF YOU CONSIDER REQUESTING THE COURT REMOVE YOU AS ATTORNEYS IN THIS CASE! ITS BEEN OVER A YEAR NOW SINCE CHIEF MAGISTRATE, JUDGE MERZ, ASSIGNED THE BOTH OF YOU A "SUBSTITUTE ATTORNEYS" IN THIS CASE. I HAVE BEEN MORE THAN PATIENCE OVER THIS YEAR GIVEN BOTH OF YOU TIME TO DILIGENTLY STUDY MY CASE BEFORE MAKING A DECISION HOW THE BOTH OF YOU PLAN ON ADDRESSING **"CONCEIVABLE ISSUES"** IN THE REMAINING OF MY **FEDERAL APPEALS** BEFORE THE **COURT.** I HAVE YET TO RECEIVE A DIRECT ANSWER FROM EITHER ONE OF YOU OR A COPY OF A PETITION STATING THIS IS **WE** PLAN ON **ADDRESSING** THE **COURT** ON **YOUR BEHALF.**

FOR A GOOD EXAMPLE, JUST LOOK AT SOME OF THE RECENT REQUESTS AND CONCERNS I HAVE ADDRESSED TO THE BOTH OF YOU, I HAVE EVEN BEEN THOUGHTFUL.

1. IN A LETTER TO THE BOTH OF YOU ON JULY 15, 2006, AFTER TAKING A NUMBER OF THINGS UNDER CONSIDERATION, I SUGGESTED THAT THE BOTH OF YOU, INSTEAD OF TRYING TO MAKE PLANS TO VISIT ME AND DISCUSS ISSUES YOU PLANNED TO ADDRESS IN THE SAID TRAVERSE PETITION ON MY BEHALF, DUE TO BE FILED NO LATER THAN AUGUST 22, 2006, TO GO AHEAD AND PUT TOGETHER A "DRAFT COPY" OF THE TRAVERSE PETITION AND SEND IT TO ME. THIS WAY I COULD ADDRESS MY CONCERNS AND QUESTIONS BACK ON PAPER TO MAKE SUBSEQUENT CORRECTION(S) BEFORE SUBMITTING THE SAID TRAVERSE ON MY BEHALF. I RECEIVED NO ANSWER.

2. SIRS, TODAY IS THE 7TH OF AUGUST AND I HAVE YET TO BE INFORMED BY EITHER OF YOU AS MY ATTORNEYS, IN PERSON OF BY U.S. MAIL, A DRAFT COPY OF THE TRAVERSE DUE TO BE FILED AUGUST 22ND, ON MY BEHALF, WITH RESPECT TO HOW YOU PLAN TO ADDRESS ISSUES OF CONSTITUTIONAL MAGNITUDE IN THE SAID TRAVERSE PETITION ON MY BEHALF.

SO IT APPEARS THAT SIMPLE SUGGESTION TO GO AHEAD AND PUT TOGETHER A DRAFT COPY OF THE TRAVERSE PETITION AND SEND IT OFF TO ME HAD FALLEN UPON DEAF EARS, OR WHAT? THAT SIMPLE SUGGESTION I OFFERED WAS TO HELP BOTH OF YOU OUT AS MY ATTORNEYS BY:

**A.** TO SAVE THE BOTH OF YOU TIME FROM DRIVING ALL THE WAY UP HERE;

**B.** THAT TIME COULD BE FOCUSED ON HELPING OTHER CLIENTS THE BOTH OF YOU HAVE BY SIMPLY SENDING ME A DRAFT COPY OF THE TRAVERSE IN MY CASE, BEFORE IT IS DUE TO BE FILED;

**C.** AS OF TODAY AUGUST 7TH, 2006, THERE ARE ONLY 11 WORKING CALENDAR DAYS LEFT BEFORE THE SAID TRAVERSE PETITION IS DUE TO BE FILED IN FEDERAL COURT ON MY BEHALF. SO IT'S HIGHLY IMPOSSIBLE FOR ME TO RECEIVE A DRAFT COPY OF THE TRAVERSE NOW, FOR EITHER OF YOU, BY U.S. MAIL AND ADDRESS MY CONCERNS BACK IN TIME BEFORE THE PETITION IS DUE TO BE FILED.

MR. CRIM AND MR. MONTA
AUGUST 19, 2006

MR. CRIM, SECONDLY I HIGHLY APPRECIATE YOUR PHONE CALL THURSDAY AFTERNOON AT 1:00 P.M. TO INFORM ME ABOUT THE TEMPORARY POSTPONEMENT IN FILING THE "TRAVERSE PETITION" ON MY BEHALF THAT WAS DUE TO BE FILED NO LATER THAN AUGUST 22, 2006.

NOW WITH RESPECT TO PARTS OF THE BRIEF PHONE CONVERSATION I HAD WITH YOU ON AUGUST 17, 2006, MR. CRIM, AS SOON AS I RECEIVE THE SAID DRAFT COPY OF THE TRAVERSE YOU AND MR. MONTA PLAN TO SUBMIT ON MY BEHALF TO THE UNITED STATES DISTRICT COURT IN THE MAIL. I WILL REVIEW THE DRAFT COPY, THEN MAKE ANY SUBSEQUENT CORRECTIONS I FEEL MAY BE WARRANTED BEFORE RETURNING IT TO YOU AND MR. MONTA TO SUBMIT.

MR. CRIM, WITHIN MY FOURTEEN PAGE LETTER TO YOU AND MR. MONTA ON AUGUST 10, 2006, I OUTLINED SOME OF THE ISSUES I WANT PRESENTED AS PART OF THE TRAVERSE PETITION DEALING WITH PROSECUTORIAL MISCONDUCT, PERJURED TESTIMONY, ALLEGED CUSTOM CRAFTED PENDANT AND ETC. SO THERE IS NOT MUCH MORE I CAN ADD. I AM JUST WAITING TO SEE HOW THE LANGUAGE AND OTHER ISSUES ARE PUT BEFORE THE COURT.

MR. CRIM, YES I AM FULLY AWARE THAT I CAN CALL YOU ANYTIME TO DISCUSS MY CONCERNS WITH RESPECT TO THIS CASE. PLEASE UNDERSTAND I DO NOT TALK ABOUT MY CASE OVER THE PHONE IN THE HOUSING POD FOR THE FOLLOWING REASONS: FIRST, THESE CALLS ARE MONITORED AND RECORDED, SECONDLY, I AM NOT THE TYPE OF PERSON WHO LIKES TO TALK ON THE PHONE ABOUT CERTAIN MATTERS OF MY CASE, AND THIRDLY, THERE IS NO PRIVACY. THERE ARE SOME NOSY MEN HERE THAT LIKE TO LISTEN TO WHAT IS SAID ON THE PHONES AND WHAT I HAVE TO SAY TO MY ATTORNEYS IS NONE OF THEIR BUSINESS! I AM NOT TRYING TO BE SMART OR DISRESPECTFUL IN MY WORDS. I AM ONE

OF YOUR CLIENTS WHO HAVE NO PROBLEM WITH SITTING DOWN AND PUTTING HIS CONCERNS DOWN ON PAPER AND WAITING FOR YOUR REPLY BACK INSTEAD OF PICKING UP THE PHONE.

MR. CRIM AND MR. MONTA
SEPTEMBER 4, 2006

THE TOPIC OF THIS LETTER – I WANT TO GO ON RECORD CONCERNING THE ATTORNEY VISIT I HAD WITH THE BOTH OF YOU THIS PAST SATURDAY MORNING FROM 9:10 until 11:20 A.M. september 2, 2006... SO THERE WON'T BE ANY TYPE OF MISUNDERSTANDING WHAT WAS DISCUSSED IN THAT MEETING WITH RESPECT TO THIS CASE.

1. SOMEWHERE AROUND **SEPTEMBER 10TH**, YOU PLAN ON SUBMITTING TO THE COURT ON MY BEHALF THE SAID TRAVERSE PETITION, AFTER MAKING THE NECESSARY CHANGES FROM THE "DRAFT COPY" WE **DISCUSSED** AND **AGREED** DURING THE SAID MEETING ON THE MORNING OF **SEPTEMBER 2, 2006.**

2. WE AGREED TO DROP THE FOLLOWING CLAIMS FROM THE SAID TRAVERSE PETITION, ETC AND ETC!

AS I BRING THIS LETTER TO CLOSE FOR NOW, I HOPE YOU AND MR. MONTA HAD A SAFE TRIP HOME FROM HERE. I WILL BE LOOKING FORWARD FOR A STAMPED COPY OF THE TRAVERSE PETITION AROUND SEPTEMBER 19, 2006.

NOW ON THE MORNING OF SEPTEMBER 19, 2006, AT 9:45 A.M. I WAS TOLD I HAD AN ATTORNEY PHONE CALL. THIS PHONE CALL WAS FROM YOU AND MR. MONTA ON THE OTHER LINE WAITING TO KNOW WHAT TYPE OF MOTION DID I FILE. I EXPLAINED THAT SINCE I HAVEN'T HEARD ANYTHING BACK FROM EITHER ONE OF YOU I SUBMITTED A PRO SE MOTION TO THE COURT ON SEPTEMBER 14, 2006, TO WITHDRAWAL THE **FRIVOLOUS ISSUES** WE **DISCUSSED** ON **SEPTEMBER 2, 2006,** FROM THE **TRAVERSE PETITION.**

MR. CRIM YOU WENT ON TO EXPLAIN TO ME YOU DID REMOVE THE SAID ISSUES FROM THE TRAVERSE PETITIONS YOU SUBMITTED ON MY BEHALF!!

MR. CRIM AND MR. MONTA,

I RECEIVED THE SAID COPIES OF THE TRAVERSE PETITIONS ON FRIDAY, SEPTEMBER 22, 2006 THAT YOU SPOKE ABOUT IN YOUR PHONE CONVERSATION ON SEPTEMBER 19, 2006.

THE FIRST THING I NOTICED UPON READING THE **"TABLE OF CONTENTS"** WITHIN THE **TRAVERSE PETITIONS...** THE BOTH OF YOU STRAIGHT-OUT LIED TO ME ON THE 2ND OF SEPTEMBER, AND ON THE 19TH OF SEPTEMBER. YOU NEVER DROPPED ALL OF THE FRIVOLOUS ISSUES FROM THE SAID TRAVERSE PETITION AS WE DISCUSSED!

> MR. CRIM, I CLEARLY EXPRESSSED TO BOTH OF YOU I DID NOT HAVE A MITIGATING PART OF TRIAL, BECAUSE MY ATTORNEY WAS HONORING MY WISHES. SO THEY WERE NOT **INEFFECTIVE** AND I AM WILLING TO **SIGN AN AFFIDAVIT** STATING THAT. **JULIUS F. SANKS** AND **CATHERINE ADAMS** WAS ACTING UNDER THE DIRECTION OF THIS CLIENT, ELWOOD H. JONES JR. -- WITH RESPECT TO MITIGATION CIRCUMSTANCES:
>
> SEVENTH GROUND FOR RELIEF: MR. JONES' CONSTITUTIONAL RIGHT TO A FAIR NON-ARBITRARY AND RELIABLE CAPITAL SENTENCING HEARING WERE VIOLATED

-3-

    BY HIS COUNSEL'S FAILURE TO INVESTIGATE MITIGATING EVIDENCE AND THE TRIAL COURT'S REFUSAL TO PERMIT THE PRESENTATION OF VIABLE "REASONABLE DOUBT" MITIGATION ARGUMENT, PAGES 108-09, IS A FRIVOLOUS ISSUE.

    EIGHTH GROUND FOR RELIEF: SYSTEMATIC FLAWS IN HAMILTON COUNTY'S METHOD FOR SELECTING GRAND JURORS, GRAND JURY FOREPERSONS, AND PETIT JURY VENIRES YIELDING RACIAL, GENDER, AND SOCIO-ECONOMIC BIASES INIMICAL TO MR. JONES' CONSTITUTIONAL RIGHTS. HIS RIGHTS WERE FURTHER VIOLATED WHEN THE PROSECUTION EXCLUDED ALL AFRICAN-AMERICANS FROM HIS JURY. MR. JONES' COUNSEL FAILED TO EFFECTIVELY CHALLENGE THESE CONSTITUTIONAL SYSTEMATIC FACTORS; FAILED TO RAISE AN OBVIOUS CHALLENGE; FAILED TO CONDUCT AN EFFECTIVE VOIR DIRE; AND FAILED TO RAISE EFFECTIVE CHALLENGES TO VENIRE PERSONS; SECTIONS [A - PAGES] 111-13, [B - PAGES] 114-16, [C - PAGES] 117-19, [D - PAGES] 120-22, [E - PAGE] 124, [F - PAGES] 126-28; IS A FRIVOLOUS ISSUE.

    AGAIN I AM NOT CONCERNED WITH THE FLAWS IN HAMILTION COUNTY'S METHODS FOR SELECTING GRAND JURORS, GRAND JURY FOREPERSONS AND PETIT JURY VENIRES - YIELDED RACIAL, GENDER AND ETC...

    AS I HAVE SAID BEFORE THIS JUROR ISSUE IS A FRIVOLOUS CLAIM -- ATTORNEYS ARE QUICK TO RAISE IN AFRICAN-AMERICAN CASES ALL THE WAY AROUND THE COUNTRY INSTEAD OF FOCUSING ON CONCEIVABLE CLAIMS WHEN PRESENT.

    I PRAY THAT THE COURT ACCEPTS MY PRO SE MOTION TO WITHDRAWAL EACH OF THE FRIVOLOUS ISSUES I ADDRESSED. IF NOT WE HAVE A PROBLEM AND, I PLAN ON RESOLVING THIS CONTINUING PROBLEM I HAVE WITH **ATTORNEYS** DOING **WHATEVER** THEY CONCERNING **MY LIFE** AND ADDRESSING **FRIVOLOUS CLAIMS.**

    NOW WHAT WAS THE REAL PURPOSE OF COMING UP HERE ON SEPTEMBER 2, 2006, AND BRING IN A LAP TOP COMPUTER TO HELP MAKE CHANGES AND CORRECTIONS ON THE SAID TRAVERSE PETITION. FOR AN EXAMPLE, YOU NEVER CORRECTED THE RECORD... I **CLEARLY** TOLD BOTH OF YOU ON THE 2ND OF SEPTEMBER THAT YOUR STATEMENT IS INCORRECT. THE PROSECUTION DID NOT LET MY LAWYERS KNOW ABOUT THE CRIMINAL RECORDS OF THE PEOPLE ACTUALLY TESTIFYING:

    **A.** WITHIN THE RECOVERED MATERIALS SUPPRESSED BY THE PROSECUTION WERE CRIMINAL RECORDS OF NUMEROUS EMBASSY SUITE EMPLOYEES. FORTH-TWO (42) EMPLOYEES WITH CRIMINAL RECORDS TO BE EXACT, AND OF THOSE 42, FIVE (5) OF THEM TESTIFIED AT MY TRIAL.

    **B. THESE FIVE, MS. BRENDA WALLACE; MS. ANGELA EARLY; MS. VELENA TAYLOR; MS. LACY ESPIE; AND MR. JESSE WALLACE; EMBASSY SUITE'S EMPLOYEES' WHO'S CRIMINAL RECORDS SHOULD HAVE BEEN DISCLOSED TO MY LAWYERS DURING TRIAL** TO EFFECTIVELY CROSS-EXAMINE THE STATES'S KEY WITNESSES AND PRESENT MY DEFENSE;

    **C.** MR. CRIM AND MR. MONTA, I NEVER TOLD EITHER OF YOU THAT I WAS GOING TO ABANDON ISSUE #13, THE CUMULATIVE IMPACT OF THE **"APPELLATE COUNSEL INEFFECTIVENESS"** ERRORS VIOLATED MR. JONES' CONSTITUTIONAL RIGHTS. IN FACT THE ONLY CLAIMS I AGREED TO ABANDON ARE SPELLED OUT IN THE PRO SE MOTION OF SEPTEMBER 14, 2006.

AS A CLOSING NOTE, I WAS **TOTALLY DISSATISFIED** WITH THE SAID **TRAVERSE PETITION**. I FOUND IT **OFFERED-VERY-LITTLE-CLARITY** TO THE **COURT** IN THE MANNER YOU **WROTE** THE **ARGUMENT** IN THESE **THREE AREAS:**

    1. NORMAN RYAN AND DEMETRIUS WILLIAMS' STATEMENTS **IN FACT** YOU SEEMED TO **LEAVE OFF** THE PART THAT TWO GUYS WERE ALSO **OBSERVED LEAVING** THE VICTIM'S ROOM WITH ONE CARRYING A **WALKIE-TALKIE;**

    2. **HOTEL GUEST'S** DESCRIPTIONS OF SOMEONE TRYING TO GET INTO THREE (3) ROOMS WITH A **KEY.**

    3. PRESENCE OF MS. NATHAN HAVING HEPATITIS-B.

    MR. CRIM, MR. MONTA, I FEEL THIS TRAVERSE PETITION WAS VERY POORLY WRITTEN. I COULD UNDERSTAND IT IF IT CAME FROM TWO NEOPHYTES, BUT FROM **TWO HIGHLY EXPERIENCED AND RESPECTED ATTORNEYS!**

                                              SINCERELY,

                                              ELWOOD H. JONES JR.

CC: FILED
    CHIEF MAGISTRATE: JUDGE MERZ