IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON, OHIO

ELWOOD H. JONES

    Petitioner

v.

MARGARET BAGLEY, Warden,

    Respondent.

Case No. 1:01-cv-564

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

### Elwood H. Jones's Motion for Evidentiary Hearing

Elwood H. Jones, Petitioner, moves this Court for an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2254 cases.

### Elwood H. Jones's Memorandum in Support of Motion for Evidentiary Hearing

#### Introduction

Petitioner, Elwood H. Jones, filed his Petition in November 2001. This Court ordered discovery in June 2002. Present counsel were appointed in January 2005. After further discovery, we recently filed the Traverse and the government has responded.

Petitioner attempted to introduce evidence through the state post-conviction process. Petitioner's request for discovery and for an evidentiary hearing in state court were denied.

Petitioner is entitled to a hearing on claims Three, Four, Five, and Eight. Claim Ten collects the issues regarding appellate ineffectiveness. While these matters are not the basis for independent relief, these matters serve as cause and prejudice for other issues.

## Argument

### A. The Legal Standards Governing Evidentiary Hearings in Federal Habeas Cases Compel that Petitioner Jones's Motion be Granted.

The factual disputes raised in the grounds for which Petitioner seeks an evidentiary hearing were not resolved by the Ohio state courts during Petitioner's state court proceedings. Jones is thus entitled to an evidentiary hearing to allow him to present evidence on these factual issues and to have this Court resolve these factual disputes.

Rule 8 of the Rules Governing Section 2254 Cases provides in part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and the record of the state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

Section 2254(e) of Title 28, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), restricts a federal habeas court from holding an evidentiary hearing under the circumstances provided in sub-part (2):

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
> (A) the claim relies on—
>   (i) a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable; or
>   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

This restriction does not apply to Jones. He has not "failed to develop" the factual basis of his claims as provided in §2254(e). As the Supreme Court recently explained: "Under the opening clause of §2254(e) a failure to develop the factual basis of a claim is not established unless there is a lack of diligence or

some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000).

There was no lack of diligence by Jones in the failure of the record to be developed. Jones requested an evidentiary hearing in state post-conviction proceedings. This request was denied. Where a petitioner's attempts in the state courts to obtain a hearing and ruling on the merits of an issue are denied, there is little more the petitioner can do to develop a factual basis for his claims. Because the factual disputes raised in the claims identified herein were not resolved in the state courts through no lack of diligence by Jones or his counsel (other than those claims where ineffective assistance of counsel is cause), the AEDPA does not bar this Court from conducting an evidentiary hearing.

In *Mason v. Mitchell*, 320 F.3d 604, 621, fn. 6 (6th Cir. 2003), the Sixth Circuit, in remanding the case to the District Court for a hearing on the adequacy of trial counsel's preparation for mitigation, said:

> In determining whether § 2254(e)(2) applies, the question is not whether the petitioner has succeeded in developing the record, but whether the petitioner has diligently attempted to do so. *See M. Williams*, 529 U.S. at 432, 120 S. Ct. 1479 ("[A] failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."). Mason here has been sufficiently diligent; as the Supreme Court explained, "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id. At 437, 120 S. Ct. 1479. Mason requested (and was denied) a hearing in state court and has actively sought to expand the record. We see no lack of diligence, so we do not apply § 2254(e)(2).

Here Petitioner has been diligent in presenting his claims in state court. The state court dealt with them in a cursory manner that precluded any further factual development.

The United States Supreme Court's holding in *Townsend v. Sain*, 372 U.S. 293 (1963), further compels holding an evidentiary hearing here. In that case, the Court set forth the appropriate standard by which to determine whether a federal habeas court must hold an evidentiary hearing:

> Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is *required* unless the state-court trier of fact has *after a full hearing* reliably found the relevant facts.

*Townsend v. Sain*, 372 U.S. 293, 312-313 (1963) (C.J. Earl Warren) (emphasis added).

In examining whether a habeas petitioner is entitled to an evidentiary hearing on a claim for which he did not receive **an** evidentiary hearing in state court, the federal court must look to determine: (1) whether the petitioner in his habeas petition alleged facts that, if proven at an evidentiary hearing, would entitle him to relief; and (2) if so, whether an evidentiary hearing is necessary to establish the truth of the facts. *Zilich v. Reid*, 36 F.3d 317, 320 (3rd Cir. 1994); *Houston v. Lockhart*, 982 F.2d 1246, 1250 (8th Cir. 1993); *Meeks v. Singletaw*, 963 F. 2d 316, 319 (11th Cir. 1992).

Regarding the first element, the federal court must accept as true the facts alleged in the petition, *Zilich.* 36 F.3d at 321, unless they are palpably incredible, *Houston,* 982 F.2d at 1250. The court must also consider facts submitted by the petitioner pursuant to Rule 7 of the Rules Governing Section 2254 Cases. *See Siripongs v. Calderon,* 35 F.3d 1308, 1312-13 (9th Cir. 1994) (Townsend recognizes the need for a hearing if petitioner has developed new facts that are disputed).

After the federal court determines that the petitioner has pled sufficient facts that would entitle him to relief if proven, the court must then determine whether these facts are disputed. *Goodwin v. Johnson,* 132 F. 3d 162, 182, n.15 (5th Cir. 1998); *Zilch,* 36 F.3d at 321. If these facts are disputed, the court must hold an evidentiary hearing. *Ford v. Wainwright,* 477 U.S. 399,410 (1986); *Townsend,* 372 U.S. at 312-313; *Lockhart,* 982 F.2d at 1250-53; *Tate v. Wood*, 963 F.2d 20, 24 (2nd Cir. 1992).

**B. This Court should grant an evidentiary hearing because the Ohio Courts denied Jones's requests for a hearing.**

This Court should grant Jones an evidentiary hearing because the circumstances warrant a hearing. Most significantly the state court's fact finding procedures were not adequate or were denied him altogether. The state courts refused to correct the appellate record. The state courts refused to grant a post conviction hearing.

A habeas petitioner is entitled to a hearing that is "both procedurally and in substance, a full and fair hearing." *Meeks v. Cabana*, 845 F.2d 1319, 1322 (5 Cir. 1988). Because Jones did not receive such a hearing from the Ohio courts on the claims herein discussed, he must be afforded a hearing in federal court. This is especially true because Jones is facing a death sentence. "In a capital case, a habeas petitioner who asserts a colorable claim for relief, and who has never been given the opportunity to develop a factual record on that claim, is entitled to an evidentiary hearing in federal court." *Siripongs v. Calderon*, 35 F.3d 1308, 1310 (9 Cir. 1994) (granting hearing on ineffective assistance of counsel claims).

**1. Jones is entitled to a hearing on his claims regarding his claims that the Government failed to provide Brady material and that his trial counsel failed to uncover exculpatory and impeachment evidence.**

These matters were discussed in Claim Three. The items in parts A & B were presented in the state post-conviction proceedings. Traverse, pp. 64 & 72-73. The state court held no hearing on these items. The items in part C were not made available until the discovery in this proceeding, and as such were never the subject of any state hearing.

**2. Jones is entitled to a hearing on his claims regarding his claims that he trial counsel failed to adequately prepare to confront the government expert, Dr. McDonough, and to prepare the defense expert, Dr. Solomkin.**

These matters were discussed in Claim Four. These items were presented in the state post-conviction proceedings. The state court held no hearing on these items.

**3. Jones is entitled to a hearing on his claims regarding his claims that he trial counsel failed to failing to effectively investigate, discover, research, and utilize exculpatory and impeachment evidence and legal arguments which would have seriously undermined the prosecution's ability to carry its burden of proof and procure a death sentence.**

These matters were discussed in Claim Five. These items were presented in the post-conviction proceedings. The state court held no hearings on these items.

**4. Jones is entitled to a hearing on his claims regarding the racial discrimination in the Grand Jury and the Petit Jury selection processes.**

These matters were discussed in Claim Eight. Petition did not attempt to add evidence in state court on sub-part E, and we do not intend to do so in this Court. The remainder of the Claim was presented to the state court in the post-conviction proceedings. The State held no hearing on these matters.

5. **Jones is entitled to a hearing on his claims regarding his claims of ineffectiveness of his appellate because these serve as cause and prejudice for default on other claims.**

The right to a hearing in a habeas corpus proceeding extends not only to factual issues raised by a petitioner's claims, but also to any affirmative defenses relied upon by the Warden including the lack of exhaustion, waiver, and procedural default. *See, e.g.*, *Price v. Johnston*, 334 U.S. 266, 291 (1948); *Townsend v. Sain*, 372 U.S. at 313-14. *Buckelew v. United States*, 575 F.2d 515, 519 (5th Cir. 1978); *In re Kravitz*, 488 F.Supp. 38, 47 (M.D. Pa. 1979). Additionally, evidence or argument in relation to the fullness, fairness, and adequacy of the prior state proceedings should be heard prior to any determination about whether to hold an evidentiary hearing on the merits.

The Sixth Circuit has concluded that an evidentiary hearing should be granted to determine whether counsel's ineffectiveness constitutes cause when factual issues are in dispute and the record is insufficient to resolve this claim. *Alcorn v. Smith,* 781 F.2d 58, 59-61 (6th Cir. 1986); *Paprocki v. Foltz*, 869 F.2d 281, 287 (6th Cir. 1989). Particularly in Jones's case, where the state courts denied an evidentiary hearing, this Court should "afford the petitioner an opportunity to establish that his . . . attorney's conduct satisfied the cause and prejudice standard" as to any allegedly defaulted claims. *Alcorn v. Smith*, 781 F.2d at 61. Such a hearing is crucial in this case because Jones has raised numerous reasons for the Court not to apply the procedural bars that the Warden alleges exist as to a number of Jones's claims. Determining whether a procedural default occurred, and if so whether "cause" and "prejudice" exists, present factual questions, including the competence of counsel, whether the basis

of a decision was tactical, whether the petitioner or his attorney were aware of relevant facts when an alleged default occurred, whether the petitioner's attorney at the time of the alleged default should have anticipated said claim, and the degree of prejudice resulting from an un-objected to or unpreserved error.

**See RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE ¶ 26.3 at 1226 (5th ed. 2005).**

**C. The following witnesses would be offered.**

A licensed medical doctor with expertise in infectious diseases, similar to or possibly Dr. Solomkin.

The trial attorneys for Mr. Jones.

The appellate attorneys for Mr. Jones.

An expert or experts on the standard of care for attorneys in capital cases at both trial and on appeal.

Records of the Hamilton County Grand Jury and information providing the racial makeup of the Grand Juries, the Grand Jury Forepersons, and the Petit Juries in the mid-1990's.

## Conclusion

For the reasons stated above, this Court should grant Petitioner an evidentiary hearing pursuant to Rule 8.

**s/Michael L. Monta**
MICHAEL L. MONTA (0032777)
Trial Counsel
3625 Old Salem Road
Dayton, Ohio 45415-1427
(937) 890-6921

**s/ Gary W. Crim**
GARY W. CRIM (0020252)
943 Manhattan Avenue
Dayton, Ohio 45406-5141
(937) 276-5770

Attorneys for Elwood H. Jones

## Certificate of Service

I, Gary W. Crim, counsel for Elwood H. Jones, certify that on October 16, 2006, I served a copy of this Motion for Evidentiary Hearing on Counsel for the Warden, Matthew C Hellman and Heather L. Gosselin, by emailing it to mhellman@ag.state.oh.us and hgosselin@ag.state.oh.us.

**s/ Gary W. Crim**
GARY W. CRIM