## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ELWOOD H. JONES, JR.,

              Petitioner,              :             Case No. 1:01-cv-564

                                          :             District Judge Thomas M. Rose

        -vs-                                   Chief Magistrate Judge Michael R. Merz

MARGARET BAGLEY, Warden,

                                          :

              Respondent.

## DECISION AND ORDER GRANTING PETITIONER'S
## MOTION FOR EVIDENTIARY HEARING

       This case is before the Court on Petitioner's Motion for Evidentiary Hearing in which he seeks a hearing on his Grounds for Relief Three, Four, Five, Eight, and Ten (Doc. No. 85). Respondent opposes the Motion in its entirety (Doc. No. 86).

       Petitioner desires to present at the hearing testimony from his trial and appellate attorneys, "[r]ecords of the Hamilton County Grand Jury and information providing the racial makeup of the Grand Juries, the Grand Jury Forepersons, and the Petit Juries in the mid-1990's," and experts on infectious diseases and the standard(s) of care for attorneys in capital trials and appeals (Motion, Doc. No. 85, at 8.)

## Applicable Standard for Holding an Evidentiary Hearing

Rule 8(a) of the Rules Governing § 2254 Cases provides:

> If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

The Rule thus does not provide a standard for determining when to hold a hearing. Prior to adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), it was held that habeas corpus petitioner is entitled to an evidentiary hearing on his factual allegations if

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Townsend v. Sain*, 372 U.S. 293, 313 (1963); *McMillan v. Barksdale*, 823 F.2d 981 (6th Cir. 1987). The breadth of *Townsend* was limited by the Supreme Court in *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992) when it held that in order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

Subsequent to *Keeney*, the Congress enacted the AEDPA. 28 U.S.C. §2254(e) as thus enacted provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that

(A) the claim relies on

(I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Under §2254(e)(1), a state court's findings of fact are presumed correct and may be rebutted by the petitioner only by clear and convincing evidence to the contrary. *Mitchell v. Mason,* 325 F.3d 732, 737-38 (6th Cir. 2003); *Warren v. Smith,* 161 F.3d 358, 360-61 (6th Cir. 1998). This statutory presumption of correctness extends to factual findings made by state appellate courts on the basis of their review of trial court records. *Brumley v. Wingard,* 269 F.3d 629, 637 (6th Cir. 2001), citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981).

§2254(e)(2) has been authoritatively interpreted by the Supreme Court in *Michael Williams v. Taylor*, 529 U.S. 420 (2000). Rejecting Virginia's suggested no-fault interpretation, a unanimous Court held "[u]nder the opening clause of §2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the

prisoner or the prisoner's counsel." 529 U.S. at 423.  Congress intended to preserve at least one aspect of *Keeney  v. Tamayo-Reyes*,  504 U.S. 1 (1992): "prisoners who are at fault for the deficiency in the state-court record must satisfy a heightened standard to obtain an evidentiary hearing. . . . [T]he opening clause of §2254(e)(2) codifies *Keeney's* threshold standard of diligence, so that prisoners who would have had to satisfy *Keeney's* test for excusing the deficiency in the state-court record prior to the AEDPA are now controlled by §2254(e)(2)."  529 U.S. at 433-434. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in the manner prescribed by state law."  529 U.S. at 437.

Petitioner repeatedly cites case authority on the holding of evidentiary hearings which was handed down before the AEDPA was enacted or in cases to which it was not applicable because it was not retroactive[1], much of it from before *Keeney* was decided.  Supreme Court jurisprudence since 1996 does not cast doubt on the constitutionality of § 2254(e).  Case law from before AEDPA must therefore be read in light of the limitations in § 2254(e).


### Third Ground for Relief

In his Third Ground for Relief, Petitioner asserts:

> The fairness of Mr. Jones's trial and the reliability of his convictions and death sentence were undermined by the absence of exculpatory and impeachment evidence that the prosecution should have disclosed. In the alternative, defense counsel were ineffective for failing to discover the exculpatory and impeachment evidence
> A. Evidence of Serious Irregularities with the Blue Ash Police Department's Evidence Records
> B. Evidence of Criminal Acts and Suspicious Employees at the Embassy Suites Hotel

---

[1]E.g., *Zilich v. Reid*, 36 F.3d 317 (3d Cir. 1994);  *Siripongs v. Calderon*, 35 F.3d 1308 (9th Cir. 1994); *Houston v. Lockhart*, 982 F.2d 1246 1250 (8th Cir. 1993)(en banc).

C. Other Undisclosed Materials Cast Further Doubt on the Reliability
of the Outcome of Mr. Jones's Trial and Suggest that Additional
Undisclosed Information May Still Exist

(Quoted at Amended Traverse, Doc. No. 79, iv-v.)  In support of his request for an evidentiary hearing

on this Ground for Relief, Petitioner states merely:

> These matters were discussed in Claim Three. The items in parts A &
> B were presented in the state post-conviction proceedings. Traverse,[2]
> pp. 64 & 72-73. The state court held no hearing on these items. The
> items in part C were not made available until the discovery in this
> proceeding, and as such were never the subject of any state hearing.

(Motion for Evidentiary Hearing, Doc. No. 85, at 6).  In other words, Petitioner does not relate the

witnesses he wants to present to the particular materials to be introduced in evidence at the evidentiary

hearing on this Ground for Relief.

In opposing an evidentiary hearing on this Ground for Relief, Respondent argues that the

evidence intended to be presented "does not yield an indicia of persuasive evidence required for an

evidentiary hearing."  (Respondent's Opposition, Doc. No. 86, at 11.)  The Court is disinclined to

decide the persuasiveness of evidence in the abstract, rather than hearing it presented in context.

Respondent does not assert that Petitioner did not exercise due diligence in presenting this matter to

the state courts.

Accordingly, Petitioner's Motion is granted as to the Third Ground for Relief insofar as the

evidence to be presented is limited to evidence proffered in the state post-conviction proceeding or first

discovered in the discovery proceedings in federal habeas corpus.

**Fourth Ground for Relief**

---

[2]The reference is evidently intended to be to the Amended Traverse, Doc. No. 79.

In his Fourth Ground for Relief, Petitioner pleads:

> Mr. Jones's defense counsel were ineffective when they failed to adequately investigate and prepare to confront state's witness, Dr. McDonough, and when they failed to effectively prepare their own expert, Dr. Solomkin, regarding Mr. Jones's hand injury and the nature of Eikenella corrodens.

(Quoted at Amended Traverse, Doc. No. 79, v.)  In support of his request for an evidentiary hearing on this Ground for Relief, Petitioner states "These matters were discussed in Claim Four.  These items were presented in the state post-conviction proceedings.  The state held no hearing on these items." (Motion, Doc. No. 85, at 6.)  Again, Petitioner does not relate the witnesses he wants to present to the particular materials to be introduced in evidence at the evidentiary hearing on this Ground for Relief.

Respondent asserts that this Ground for Relief is barred by procedural default.  However, this Court has not yet had occasion to rule on the procedural default defense, nor has an "pre-trial" ruling been sought, e.g., by a motion for summary judgment.  Respondent does not argue that the materials referred to were not gathered and presented in a diligent manner to the state courts.

Accordingly, Petitioner's Motion for Evidentiary Hearing is granted as to the Fourth Ground for Relief insofar as the evidence to be presented is limited to evidence proffered in the state post-conviction proceeding.

## Fifth Ground for Relief

In his Fifth Ground for Relief, Petitioner pleads

> Mr. Jones's trial counsel violated his right to effective assistance of counsel by failing to effectively investigate, discover, research, and utilize exculpatory and impeachment evidence and legal arguments which would have seriously undermined the prosecution's ability to carry its burden of proof and procure a death sentence.

(Quoted at Amended Traverse, Doc. No. 79, vi.) With respect to this Ground for Relief, Petitioner intends only to introduce "items presented in the post-conviction proceedings," although he does not identify what those are. Respondent opposes an evidentiary hearing because this Ground for Relief is alleged to be procedurally defaulted or the evidence is insufficiently persuasive. These arguments are rejected here for the same reasons they were rejected with respect to the Fourth Ground for Relief.

Accordingly, Petitioner's Motion for Evidentiary Hearing is granted as to the Fifth Ground for Relief insofar as the evidence to be presented is limited to evidence proffered in the state post-conviction proceeding.

### Eighth Ground for Relief

In his Eighth Ground for Relief, Petitioner pleads

> Systematic flaws in Hamilton County's methods for selecting grand jurors, grand jury forepersons, and petit jury venires yielded racial, gender, and socio-economic biases inimical to Mr. Jones's constitutional rights. His rights were further violated when the prosecution excluded all African-Americans from his jury. Mr. Jones's counsel failed to effectively challenge these unconstitutional systemic factors; failed to raise an obvious challenge; failed to conduct an effective voir dire; and failed to raise effective challenges to venire persons.

(Quoted at Amended Traverse, Doc. No. 79, vii-viii.) Here again Petitioner seeks only to present evidence which was presented in the state courts in post-conviction. Respondent argues the claim is procedurally defaulted, but has not presented that defense by way of a motion for summary judgment and the Court has not yet decided it.

Accordingly, Petitioner's Motion for Evidentiary Hearing is granted as to the Eighth Ground for Relief insofar as the evidence to be presented is limited to evidence proffered in the state post-

conviction proceeding.

### Ineffective Assistance of Appellate Counsel

Petitioner seeks to present evidence, not described in this portion of his Motion, to show cause and prejudice for asserted procedural defaults.  He relies on *Alcorn v. Smith*, 781 F. 2d 58 (6th Cir. 1986), and *Paprocki v. Foltz*, 869 F. 2d 281 (6th Cir. 1989).  In *Alcorn*, the Sixth Circuit did indeed remand a habeas case to the district court for an evidentiary hearing on cause and prejudice to excuse a procedural default, following its own prior holding in *Hockenbury v. Sowders,* 620 F.2d 111 (6th Cir. 1980).  *Paprocki* followed *Alcorn* on this point.

However, both of these cases precede *Keeney, supra*; enactment of the AEDPA, and *Edwards v. Carpenter,* 529 U.S. 446 (2000), which held that a claim of ineffective assistance of appellate counsel can itself be procedurally defaulted if it has not been pursued in the manner required by state law.  This subsequent law may render *Alcorn* and *Paprocki* inapplicable.  Under 28 U.S.C. §2254(e)(2), a petitioner could not present evidence on a free-standing ineffective assistance of counsel ground for relief if he had failed to present it to the state courts.  Whether a petitioner's assertion that ineffective assistance of counsel constitutes cause and prejudice excusing a procedural default is a "claim" within the meaning of §2254(e)(2) is undecided in this Court.

In keeping with its prior rulings in this Order, however, the Court declines to rule on this procedural default question prior to being presented squarely with it.  Accordingly, Petitioner is not prevented from presenting the evidence described in his Motion on this argument.

### Conclusion

The Petitioner's Motion for Evidentiary Hearing is granted, limited to the evidence described in the Motion.  Counsel for both parties shall consult as the required length of the hearing and then obtain a date from the Court's Judicial Assistant.  Petitioner is reminded that, if he desires to be present for the hearing, his presence must be obtained by a timely petition for writ of habeas corpus ad testificandum.

December 8, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge