# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**ELWOOD H. JONES**

        Petitioner,                     Case No. 01-CV-564

        v.                           JUDGE ROSE

**MARGARET A. BAGLEY, Warden**      MAGISTRATE JUDGE MERZ

        Respondent.

---

## RESPONDENT'S MOTION FOR APPROPRIATE RELIEF

---

So as to prepare for the upcoming evidentiary hearing at which Jones's trial and/or appellate counsel may testify, and in light of Jones's implied waiver of the attorney-client privilege, Respondent respectfully requests that the Court order Jones to provide Respondent with the appropriate records from the defense trial and appellate counsels' files - including any records he presently has in his possession or will have in his possession prior to the evidentiary hearing. Respondent seeks this relief after first making his request for the documents directly of Jones's habeas counsel; habeas counsel declined to turn over any part of the files without a court order.

An evidentiary hearing is scheduled in this case for July 16 through 19, 2007. Jones was granted the hearing on five grounds for relief, four of which involve claims of ineffective assistance of counsel: third ground for relief – ineffective assistance of trial counsel for failure to discovery exculpatory and impeachment evidence; fourth ground

for relief – ineffective assistance of trial counsel for failure to confront the government expert, Dr. McDonough, and failure to prepare the defense witness, Dr. Solomkin; fifth ground for relief – ineffective assistance of trial counsel for failure to investigate and utilize exculpatory and impeachment evidence; and tenth ground for relief – ineffective assistance of appellate counsel. Doc. 88. Among the witnesses that Jones lists to be offered at the hearing are his trial attorneys and his appellate attorneys. Doc. 85. Jones's trial attorneys, Julius Sanks and Catherine Adams, were previously deposed by Jones pursuant to notation order of this Court. 10/6/05.[1] In connection with those depositions, it is Respondent's understanding that Jones's trial attorneys provided their files to current habeas counsel.[2]

Respondent recently requested access to those portions of counsels' files that relate to Jones's claims of ineffective assistance of counsel. Habeas counsel declined this request without a court order. In light of the Sixth Circuit authority holding that raising claims of ineffective assistance of counsel waives the attorney-client privilege that normally adheres to such documents, Respondent requests that this Court grant him permission to inspect and copy the relevant documents from Jones's trial and appellate counsel files. *See In re Lott*, 424 F.3d 446, 452-453 (6th Cir. 2005) ("The privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance . . . Similarly, in the habeas context, courts have found implied waiver of these privileges when the petitioner 'injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the

---

[1] This followed on the heels of Jones redeposing the trial prosecutors, Mark Piepmeier and Seth Tieger, as well as receiving discovery of files from the Hamilton County Prosecutor, Hamilton County Coroner, and the Blue Ash Police Department.

[2] Respondent has no knowledge of whether Jones's appellate attorneys have provided or plan to provide any part of their files to Jones's habeas counsel.

reasonableness of its attorneys' conduct.'" (citations omitted)).  Respondent further requests that any documents withheld by Jones, pursuant to a claim that they do not bear upon the present claims of ineffective assistance of counsel, be cataloged and the list presented to Respondent.  Thereafter, if Respondent wishes to challenge the undisclosed status of any of those documents, he would file a motion with the court seeking *in camera* inspection of the document(s) at issue.[3]

Respectfully submitted,

**MARC DANN**
Attorney General

s/ Matthew C. Hellman
MATTHEW C. HELLMAN* (0071628)
         *Trial Counsel*
Principal Assistant Attorney General
HEATHER L. GOSSELIN (0072467)
Assistant Chief
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, OH 43215
(614) 728-7055; Fax (614) 728-8600
Emails:  mhellman@ag.state.oh.us
              hgosselin@ag.state.oh.us

---

[3] Respondent understands this to be the procedure the Court has pursued in other cases, including *Moreland v. Bradshaw*, 3:05-cv-334.

### CERTIFICATE OF SERVICE

I hereby certify that a true an accurate copy of the foregoing *Motion for Appropriate Relief* was delivered to counsel for petitioner this 8th day of March 2007, via the court's electronic filing system.

Gary W. Crim                          Michael L. Monta, Esq.
Attorney at Law                       Monta & Monta
943 Manhattan Avenue                  3625 Old Salem Road
Dayton, Ohio 45406                    Dayton, Ohio 45415
Email:  gwcrim@ameritech.net          Email: Zbeard7@aol.com


s/ Matthew C. Hellman_____
MATTHEW C. HELLMAN* (0071628)