IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON, OHIO

ELWOOD H. JONES

     Petitioner

v.

MARGARET BAGLEY, Warden,

     Respondent.

Case No. 1:01-cv-564

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

**Elwood H. Jones's Objections to Order Regarding
Discovery (Dkt. 95)**

Pursuant to FED. CIV. R. 72, Petitioner Elwood H. Jones objects to the Magi-
strate's Order Regarding Discovery (Dkt. 95).

**Elwood H. Jones's Memorandum in Support of
Objections to Order Regarding Discovery
(Dkt. 95)**

*Introduction*

Without hearing from the Petitioner, the Magistrate Judge ordered Petitioner
to comply with Warden's belated discovery request. We have filed our response
to the Warden's motion. Thus the issue in this motion may be mooted or re-
solved by the Magistrate.

The Warden's request is rather vague. The Warden has not formally re-
quested the opportunity to conduct discovery outside of the Court's deadlines.
The Warden has asked for "appropriate" documents from the defense trial and
appellate files. Complying with the Warden's broad discovery requires consi-
derable time and effort of Petitioner's counsel. Petitioner also concerns about

Jones v. Bagley, Warden                                                    Case No. 1:01-cv-564

discovery. There are still documents that the Government has failed to pro-

duce.

The Warden's motion goes far beyond the normal discovery rules in terms of

breadth and imprecision. It has long been held that, "there is no intention to

extend to habeas corpus, as a matter of right, the broad discovery provisions

. . . of [the Fed. Rules of Civil Procedure."[1] This principal continues to be ap-

plied under present law.[2] In *Bracy* the Court left open to each court the ability

to fashion discovery orders as law and justice require.  Upon a showing of good

cause discovery orders may issue.[3] Good cause and the interests of justice are

the only allowable basis for such orders. Nowhere is there authority to go

beyond what is allowed under Rule 26 of the Federal Rules of Civil Procedure

or to exceed the breadth of a waiver based on a claim of ineffective assistance

of counsel as it is defined by that claim. Here the Warden has asked us to go

through the files and provide anything that they think is "appropriate." This is

far beyond anything covered in the Rules of Civil Procedure.

**A. Discovery history.**

This case has been pending since 2001. Under HAB. R. 6, the Petitioner

sought discovery five years ago.[4] The Court granted the motion.[5] The Warden

did not seek any discovery in 2002, 2003, or 2004. In July 2005, this Court set

a scheduling order. "Warden shall file her motion for discovery not later than

the date on which she files her memorandum in response to Petitioner's motion

for discovery." Still the Warden made no request. On September 21, 2005, the

---

[1] Harris v. Nelson, 394 U.S. 286, 295 (1969).
[2] Bracy v. Gramley, 520 U.S. 899 (1977).
[3] RULE 6 OF THE RULES GOVERNING § 2254 CASES.
[4] Dkt. 20.
[5] Dkt. 24.

Warden filed her response but did not filed nothing more. Petitioner took the deposition of the two trial-prosecutors[6] and the two trial-lawyers.[7] When given an opportunity to examine defense counsel, the Warden did not inquire about files and information gathered during the trial preparation. Instead the Warden's cross-examination primarily on the pendant with Sands and Adams[8] and somewhat on the Embassy Suites employees with Adams.[9]

Nothing further happened until this Court ordered a hearing. During February, there were informal discussions about discovery.

## B. Access to Defense files

The Warden seeks access to the defendant's trial and appellate file. Although the Warden asserts that these files were delivered to present defense counsel, they were delivered as much as a decade ago to the Assistant Public Defender working on the case. The Warden has shown no interest in securing information from Petitioner about his trial file until after the decision to hold a hearing. Until recently, it has been the Warden's position that discovery and hearings are unnecessary. Discovery is usually covered by HAB. R. 6. This requires a motion and approval of the specific discovery sought.

The Warden has asserted that we received the defense trial files from the trial attorneys. This is incorrect. We received the copies of the files when we obtained Mr. Owen's files shortly after being appointed. We later received the original files from the Ohio Public Defender's Office. From the conversations with prior counsel, we believe that the trial files were received by the Public Defend-

---

[6] Mark Piepmeier and Seth Tieger (February 1, 2006).
[7] Julius F. Sanks (March 7, 2006) and Cathy Adams (March 14, 2006).
[8] Sanks deposition, pp. 45-53; Adams deposition, pp. 62-68.
[9] Adams deposition, pp. 69-72

er during the initial investigation for the state post-conviction proceedings. The particular attorney who did the leg work on the state post-conviction proceeding. left the Public Defender's Office around 2000. The defense trial files were not used in any subsequent proceedings either in this Court or in the state court post-conviction proceedings. They consist of approximately 3,500 pages of information. We believe that they remain in essentially the same condition as when they were turned over to the Public Defender Office, and have not indexed or systematically analyzed them.

The Warden has asked us to both frame his discovery request and then comply with what we think that the Warden wants or is entitled to. The Civil Rules do not provide for such discovery at this stage. Once the scope of the discovery request has been clarified, it will take several days to review these records, make an index, and determine which documents should be turned over to the Warden. We have not budgeted this time into our work to prepare for the hearing. Mr. Monta still has the six-week trial prosecuted by the Attorney General on various counts of Engaging in a Pattern of Corrupt Activity, Money Laundering and Complicity to violate OHIO REV. CODE § 2915.09 and Theft. Furthermore, because we are replacement counsel, we have limited funds to proceed.

At best, the Court should give the Warden the opportunity to file a more definitive discovery request before proceeding further.

Jones v. Bagley, Warden                                                                    Case No. 1:01-cv-564

*Conclusion*

Thus, this Court should grant the objections and deny the motion.

Respectfully Submitted,

*s/Michael L. Monta*

MICHAEL L. MONTA (0032777)
Trial Counsel
3625 Old Salem Road
Dayton, Ohio 45415-1427
(937) 890-6921

*s/Gary W. Crim*

GARY W. CRIM (0020252)
943 Manhattan Avenue
Dayton, Ohio 45406-5141
(937) 276-5770

Attorneys for Elwood H. Jones

**Certificate of Service**

I, Gary W. Crim, counsel for Elwood H. Jones, certify that on March 21,
2007, I served a copy of this Motion for Evidentiary Hearing on Counsel for the
Warden, Matthew C Hellman and Heather L. Gosselin, by emailing it to mhell-
man@ag.state.oh.us; hgosselin@ag.state.oh.us.

*s/Gary W. Crim*

GARY W. CRIM