IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELWOOD H. JONES, JR.,

    Petitioner,

           -vs-

MARGARET BAGLEY, Warden,

    Respondent.

Case No. 1:01-cv-564

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

**SECOND ORDER REGARDING RESPONDENT'S MOTION FOR DISCOVERY**

    This capital habeas corpus case is before the Court on Respondent's Motion for Appropriate Relief (Doc. No. 94) which seeks discovery of those portions of the files of Petitioner's trial and appellate counsel which relate to the claims of ineffective assistance of those counsel on which the Court has granted an evidentiary hearing. When the Motion was filed, the Magistrate Judge immediately found that there was prima facie good cause for the discovery within the meaning of Habeas Rule 6 as interpreted in *Bracy v. Gramley*, 520 U.S. 899 (1997), and *Harris v. Nelson*, 394 U.S. 286 (1969), because the Court had granted an evidentiary hearing on certain claims of ineffective assistance of counsel. The Magistrate Judge was advised in the Motion that Petitioners had unspecified objections to producing the files in question (Motion, Doc. No. 94, at 1), and accordingly ordered that any response by Petitioner to the Motion was to include whatever objections Petitioner had (aside from good cause, which had already been found) and, if the objections were

> based on any asserted privilege, Petitioner's counsel shall produce, not later than the date on which the memorandum in opposition is filed, a privilege log which provides enough to detail to permit adjudication of the claim and shall also produce the documents withheld under claim of privilege for in camera inspection by the Court.

(Order Regarding Respondent's Motion for Discovery, Doc. No. 95, at 2.)

Petitioner has now filed two documents captioned respectively "Elwood H. Jones's Memorandum in Opposition to First Motion for Discovery, titled Motion for Appropriate Relief" (Doc. No. 96) and "Elwood H. Jones's Objections to Order Regarding Discovery" (Doc. No. 97). These will be dealt with seriatim.

### Memorandum in Opposition

In part, Petitioner opposes Respondent's Motion on the grounds it is untimely, noting that the Court had ordered Respondent to file any motion for discovery not later than the time when she responded to Plaintiff's Motion for Discovery. That observation is correct (See Scheduling Order, Doc. No. 64). Therefore, in her reply memorandum, which is to be filed not later than April 6, 2007, Respondent shall explain why this objection is not dispositive.

Petitioner also spends considerable time discussing the provenance of Exhibits 2A and 2B which are not the subject of Respondent's Motion and projecting

> Assuming the Court grants the motion to reopen discovery, we anticipate a motion to require the Warden to search for these two documents, plus any other documents meeting the *Brady* criteria. The Petitioner was entitled to these files at trial and has been seeking these files ever since. This is not a new discovery motion but an obligation of continuing discovery on the part of the Warden.

(Doc. No. 96 at 4). Why this quasi-motion to compel should be tucked into the middle of a

memorandum in opposition to an opponent's motion for discovery is a mystery to the Court, which also notes that it does not comply with Fed. R. Civ. P. 37.

Finally, the Memorandum in Opposition is notable for its failure to comply with the Magistrate Judge's prior Order. No privilege objection of any sort is made, no privilege log is provided, and the documents in question have not been produced for *in camera* inspection. Instead, Petitioner's counsel plead the press of other business and the asserted vagueness of Respondent's requests.

The portions of counsels' files which are requested are those portions "that relate to Jones's claims of ineffective assistance of counsel" on which this Court has permitted an evidentiary hearing. That request is not vague, given that Respondent's counsel have no access to those files so as to permit them to make the request more specific. Rather, it is Petitioner's counsel who know what claims of ineffective assistance of counsel they are pressing on behalf of Petitioner and should have no difficulty determining by examination what portions of the files relate to those claims. If there are privilege claims to be made with respect to the files, Fed. R. Civ. P. 26(b)(5) is quite explicit that those claims must be made with particularity.

**Objections**

Petitioner has also filed Objections (Doc. No. 97) to the Magistrate Judge's Order Regarding Respondent's Motion for Discovery (Doc. No. 95). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

It is quite unclear what is objected to in the Magistrate Judge's Order. Petitioner asserts "Without hearing from the Petitioner, the Magistrate Judge ordered Petitioner to comply with [the]

Warden's belated discovery request." (Objections, Doc. No. 97, at 1) That statement is grossly inaccurate. What the Order did was to make a prima facie finding of good cause for Respondent's sought discovery and then to set forth what needed to be included in the memorandum in opposition, including any claim of privilege. As noted above, Petitioner has not complied with that Order.

While Petitioner has the right to appeal from a Magistrate Judge's pre-trial order under Fed. R. Civ. P. 72(a), it is unclear what is being appealed here; the only finding made in Order was a prima facie[1] finding of good cause based on the granting of the motion for evidentiary hearing. S. D. Ohio Civ. R. 72.3 provides that an objection to a magistrate judge's ruling on a non-case dispositive motion does not stay the ruling.

## Observations on Delay

This case was filed August 24, 2001, and is now the oldest capital habeas corpus case pending without evidentiary hearing on this Court's docket, excepting those which have been remanded for state court proceedings. In fact, the Court has completed hearings in two cases filed in 2003 and 2005. The Court appreciates the fact that replacement of counsel in this matter has necessitated some delay and that Petitioner's conflicts with his prior counsel occasioned some delay before the substitution. Nevertheless, when the Court granted Petitioner's Motion for Evidentiary Hearing on December 8, 2006, and ordered counsel to consult with the Court on a date for the hearing, counsel failed to comply for two months and then, when the Court set a hearing with ninety days' advance notice, counsel sought an additional sixty days. Counsel are advised that the Court's intention to proceed with the

---

[1] The label "prima facie" is used because the finding was tentative – Petitioner was not finally ordered to produce any documents, but only to include certain matters in his response.

evidentiary hearing as presently scheduled is very firm.

March 24, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge
