**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**ELWOOD H. JONES**

        Petitioner,               Case No. 01-CV-564

        v.                         JUDGE ROSE

**MARGARET A. BAGLEY, Warden**     MAGISTRATE JUDGE MERZ

        Respondent.

**RESPONDENT'S AMENDED REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR APPROPRIATE RELIEF**

As correctly noted in the March 26, 2007, Second Order Regarding Respondent's Motion for Discovery, "[T]he Court had ordered Respondent to file any motion for discovery not later than the time when she responded to Plaintiff's Motion for Discovery." Doc. 98, p. 2. In her September 21, 2005, Response to Petitioner's Third Motion for Discovery, Respondent did not then seek discovery. Jones now objects to Respondent's Motion for Appropriate Relief (Discovery of Jones's trial and appellate counsel files) on the basis that it is untimely. *Memorandum in Opposition to First Motion for Discovery*, Doc. 96, pp. 2-3. The Court has ordered Respondent to file a reply memorandum specifically addressing "why this objection is not dispositive." Doc. 98, p. 2. Respondent hereby complies with the Court's order.

Jones's timeliness objection is not dispositive for two reasons. First, the primary thrust of Jones's claim of ineffective assistance of counsel in his third ground for relief

has changed since the time that Respondent was required to seek discovery. In his Petition, filed on 11/26/01 (Doc. 15), in the Third Ground for Relief, Part (C), "Other Undisclosed Materials," Jones's sole focus was upon documents demonstrating that the victim suffered from Hepatitis C. Doc. 15, p. 44. It was not until Jones filed his Traverse, on 9/6/06 (Doc. 77), almost one year after Respondent's 9/21/05 Response to Jones's Third Motion for Discovery (Doc. 66), that he supplemented his Third Ground for Relief, Part (C), to include in addition to the Hepatitis C issue, claims regarding: 1) the victim's pendant; 2) complaints of guests about intruders; and 3) potential witnesses. Doc. 77, pp. 77-84. Indeed, these issues were the primary focus of the most recent depositions conducted of Jones's trial counsel and the trial prosecutors. Respondent should not be penalized for failing to request discovery on issues that at that point had not yet been raised by Jones in the course of this litigation.

Second, in the Decision and Order Granting In Part and Denying in Part Petitioner's Second Motion for Leave to Conduct Discovery, the Court noted that Jones's request to depose the trial jurors was made some six months after the deadline to do so and that the justification for his tardiness was based upon his counsel only recently becoming aware of a Sixth Circuit Court of Appeals case decided over 1½ years earlier. Doc. 33. Despite this, the Court ruled that it "will not deny the Motion on the grounds of timeliness." Doc. 33, p. 2. As the Court explained:

> Respondent has demonstrated no prejudice from the delay as would exist, for example, if the jurors have already been deposed on other matters or the case were ripe for decision. While the Court does not wish to encourage laxness with respect to its scheduling orders, both of Petitioner's counsel have reputations for diligence and integrity which rebut any inference of indolence in following developments in the law or delay for strategic advantage.

Doc. 33, p. 2. Respondent and her counsel respectfully request that these same considerations now be extended to them.

Jones has demonstrated no prejudice. Respondent is not seeking to redepose Jones's trial counsel and the case is not ripe for decision – examples cited by the Court as situations where prejudice would be present. Neither does the size of the defense trial files nor the fact that the files have not been "indexed or systematically analyzed," (*Memorandum in Opposition to First Motion for Discovery*, Doc. 96, p. 6) constitute prejudice.[1] These are conditions that would have also existed when Respondent filed her Response to Jones's Third Motion for Discovery - the point at which Jones claims Respondent should properly have requested the discovery.[2] And with four months until the evidentiary hearing, Jones should be able to timely produce the documents in question – indeed, Jones asserts it will only take a matter of days to review, index and produce the documents. *Memorandum in Opposition to First Motion for Discovery*, Doc. 96, p. 5.

Respondent does not seek the discovery for purposes of delay. Respondent understands the Court to have made clear that the scheduled dates for the evidentiary hearing are "firm." *Second Order Regarding Respondent's Motion for Discovery*, Doc. 98, pp. 4-5. Neither does Respondent seek the discovery for strategic advantage.[3] If anything, Respondent sought to hold off on her discovery request, thus saving Jones's

---

[1] The fact that Jones's current habeas counsel have not indexed or "systematically" analyzed the trial counsel files begs the question of how habeas counsel can be certain – let alone ultimately the Court – that there does not exists within the files document(s) that undercut or repudiate claims of ineffective assistance of counsel regarding what Jones's trial counsel did or didn't do and why.

[2] These conditions would have also existed at the time of the depositions, during which Jones notes "the Warden did not inquire about files and information gathered during trial preparation." *Memorandum in Opposition to First Motion for Discovery*, Doc. 96, p. 2. Curious to note, though, is the very fact that Jones raises this point, as it seems to infer that had Respondent then requested the documents she would have been in a better position than her present one – despite the fact that a request made at that time would still have been untimely per the technical requirements of the Court's 7/1/05 scheduling order. Doc. 64.

[3] Certainly, Respondent hopes that the material will give him a "strategic advantage" at the evidentiary hearing, but the timing of the request alone was not aimed at gaining a strategic advantage.

3

counsel any burden of providing documents, until she believed it was absolutely necessary. Though Respondent did not request discovery at the time she filed her Response to Jones's Third Motion for Discovery, she noted that she "may do so in the future depending on the outcome of the depositions" – an attempt to diligently preserve her right to request discovery. Doc. 66, p. 1. The "outcome of the depositions" did not become apparent, insofar as their potential impact on the litigation, until the Court granted Jones's request for an evidentiary hearing. Doc. 88. Thereafter, Respondent filed her Motion for Discovery in anticipation of the hearing. The Court has already determined that Respondent has demonstrated "good cause" for obtaining the documents. Jones's current objections are simply an attempt to circumvent that finding and bar Respondent access to the documents.

Jones's current objections also fly in the face of Respondent's prior concessions on Jones's Third Motion for Discovery. In that Motion, Jones sought to take the depositions of trial prosecutors Mark Piepmeier and Seth Tieger and trial defense counsel Julius Sanks and Catherine Adams. Respondent could have objected to the fact that Mr. Piepmeier had twice been previously deposed by Jones's former habeas counsel and Mr. Tieger deposed once, and while Jones's former habeas counsel had been granted the opportunity to depose Sanks and Adams (Doc. 24), they slept on that opportunity, as well as a second opportunity when the Court reopened discovery (Doc. 43). However, in the "share[d]" interest of "hav[ing] a complete record in this case," (*Warden's Response to Petitioner's Third Motion for Discovery*, Doc. 66, p. 1), Respondent did not oppose Jones's motion for discovery.[4]

---

[4] In contrast, Jones attacks Respondent's Motion for Discovery on the basis that "The Warden did not seek any discovery in 2002, 2003, or 2004" (*Memorandum in Opposition to First Motion for Discovery*, Doc.

4

Ultimately, as the Court noted, the protracted nature of the litigation in this case is unique – "the oldest capital habeas corpus case pending without evidentiary hearing." *Second Order Regarding Respondent's Motion for Discovery*, Doc. 98, p. 4. Beyond this: 1) Jones raised new claims after the time Respondent was required to seek discovery; 2) Jones has been granted three bites at the discovery apple; 3) Respondent has shown good cause for discovery of Jones's trial and appellate counsel files; and 4) Jones fails to demonstrate any prejudice from having to produce the files presently rather than some time ago. In light of these facts, Respondent respectfully requests that the Court GRANT Respondent's Motion for Appropriate Relief, DENY Jones's Memorandum in Opposition (Doc. 96) and Memorandum in Support of Objections (Doc. 97), and ORDER that Jones timely produce the documents at issue per the Court's 3/9/07 and 3/26/07 Orders (Docs. 95 and 98).[5]

Respectfully submitted,

**MARC DANN**
Attorney General

s/ Matthew C. Hellman_____
MATTHEW C. HELLMAN* (0071628)
    *Trial Counsel*
Principal Assistant Attorney General
HEATHER L. GOSSELIN (0072467)
Assistant Chief
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, OH 43215
(614) 728-7055; Fax (614) 728-8600

---

96, p. 2) – all years prior to the 7/1/05 scheduling order when the Court first required Respondent to file any motion for discovery by a date certain.

[5] Insofar as the Court determined Jones's claims regarding Exhibits 2A and 2B were not properly raised in his Memorandum in Opposition (*Second Order Regarding Respondent's Motion for Discovery*, Doc. 98, pp. 2-3) and Jones himself asserted that he would be filing a motion to require the Warden to search for these two documents (*Memorandum in Opposition to First Motion for Discovery*, Doc. 96, p. 4), Respondent does not now respond to Jones's specific allegations. By doing so, Respondent does not intend to waive future merits argument on the claim.

5

Emails:  mhellman@ag.state.oh.us
hgosselin@ag.state.oh.us

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true an accurate copy of the foregoing *Amended Reply Memorandum in Support of Motion for Appropriate Relief* was delivered to counsel for petitioner this <u>27th</u> day of March 2007, via the court's electronic filing system.

| | |
|---|---|
| Gary W. Crim | Michael L. Monta, Esq. |
| Attorney at Law | Monta & Monta |
| 943 Manhattan Avenue | 3625 Old Salem Road |
| Dayton, Ohio 45406 | Dayton, Ohio 45415 |
| Email:  gwcrim@ameritech.net | Email: Zbeard7@aol.com |

s/ Matthew C. Hellman_____
MATTHEW C. HELLMAN* (0071628)