**RECEIVED**

**MAY 29 2007**

JAMES BONINI, CLERK
DAYTON, OHIO

MR. ELWOOD H. JONES, JR.
A339-441   D-5-27
878 COITSVILLE-HUBBARD RD.
YOUNGSTOWN, OH 44505-4635

MR. MICHAEL L. MONTA
-ATTORNEY AT LAW-
3625 OLD SALEM ROAD
DAYTON, OH 45415-1427

MAY 24, 2007

MR. GARY W. CRIM
-ATTORNEY AT LAW-
943 MANHATTEN AVE.
DAYTON, OH 45406-5141

DEAR MR. MONTA, MR. CRIM,

THERE ARE **37 CALENDAR WORKING DAYS** LEFT BEFORE I AM TO APPEAR IN FEDERAL COURT AND REPRESENTATIVE BY THE BOTH OF YOU IN THE SAID EVIDENTIARY HEARING IS **DO** TO START ON **JULY 16, 2007**, BEFORE THE **HONORABLE CHIEF MAGISTRATE JUDGE MERZ.** YET I FIND IT VERY **TROUBLING** ON A NUMBER OF **LEVELS SINCE** MY **LIFE** IS IN BOTH OF **YOUR HANDS.**

   **A.** THE **THREE** OF **US** HAVE YET TO **SIT DOWN** AND **DISCUSS** HOW THE BOTH OF YOU PLAN TO **PRESENT** THE **CASE** AT THE SAID **HEARING** NOR HAVE WE **DISCUSSED A LIST** OF **WITNESSES** THE BOTH OF YOU PLAN ON **SUBPOENA** TO GIVE TESTIMONY DURING THE HEARING.

   **B.** MR. MONTA, MR. CRIM, SINCE I DO NOT HAVE A **CLUE** AS TO HOW THE **BOTH** OF **YOU** PLAN TO ADDRESS THE **COURT** ON **MY BEHALF** OR WHICH **WITNESSES** YOU **PLAN TO CALL.**

WITHIN THIS LETTER I PLAN TO **EXPLAIN** TO THE **BOTH OF YOU** THE PURPOSE I AM REQUESTING THAT THE COURT BE FURNISHED WITH AN ABSOLUTE **CLEAR RECORD** OF ALL THE FACTS NECESSARY AND RELEVANT TO ANY AND ALL CLAIMS DEMONSTRATING TO THE COURT, HOW THE **WITHHELD FACTUAL EVIDENCE** FOUND WITHIN THE **BLUE ASH POLICE** AND **PROSECUTOR'S ACTIONS** TO **WITHHOLD EXCULPATORY** AND **IMPEACHABLE EVIDENCE** PUT MY **TRIAL ATTORNEYS** MR. SANKS AND MS. ADAMS AT A **DISADVANTAGE** IN REPRESENTING ME **THROUGHOUT** THE **COURSE OF MY TRIAL NOR DID I RECEIVE A FAIR TRIAL.** WHICH SHOULD BE CLEARLY DEMONSTRATED BY THE WAY OF OPEN COURTROOM TESTIMONY OF MY **TRIAL ATTORNEYS** AND **OTHER WITNESSES** I AM **REQUESTING** HERE IN TO APPEAR **ON JULY 16, 2007, BEFORE THE HONORABLE CHIEF MAGISTRATE JUDGE MERZ.**

   I AM REQUESTING THAT YOU MAKE **NOTICES** TO THE COURT ASKING THAT HAMILTON COUNTY PROSECUTOR'S OFFICE MAKE AVAILABLE COPIES OF THE SAID FAMILY PHOTOS OF MS. NATHAN WEARING THE ALLEGED GOLD PENDANT USED IN THIS CASE. DURING THE SAID HEARING ON JULY 16, 2007, FOR THE COURT TO REVIEW.

PAGE 2
MR. MONTA, MR. CRIM
MAY 24, 2007

**A.** COPIES OF THE ALLEGED GOLD PENDANT "SUPPOSEDLY FOUND IN THE TOOL BOX IN THE TRUNK OF MY CAR BY BLUE ASH OFFICER BRAY ON SEPTEMBER 14, 1994;

**B.** COPIES OF ANY AND ALL FAMILY PHOTOS OF MS. NATHAN WEARING THE ALLEGED GOLD PENDANT IN QUESTION AND WAS PRESENTED TO THE JURY AS MS. NATHAN'S PENDANT;

**C.** COPIES OF ANY AND ALL FAMILY PHOTOS AND PHOTOS SHOWING MS. NATHAN WEARING THE ALLEGED GOLD PENDANT THAT HAS BEEN ALTERED TO HELP CONVINCE JURORS THAT **HAMILTON COUNTY PROSECUTOR'S OFFICE HAD THAT SAME PENDANT, BLUE ASH OFFICER BRAY REFERRED TO IN A LETTER TO HAMILTON COUNTY PROSECUTOR PIEPMEIR, FOUND WITHIN THE PROSECUTOR'S FILE, BATES STAMPED #0000894 AND #0000895;**

**D.** I AM ALSO REQUESTING THAT THE FOLLOWING **BLUE ASH POLICE OFFICERS** AND **HAMILTON COUNTY SHERIFF'S DETECTIVE** BE ADDED TO THE **LIST OF WITNESSES** TO BE CALLED DURING THE **EVIDENTIARY HEARING.** THE **PURPOSE** OF EACH **ONE** OF THESE OFFICER'S **TESTIMONY** WILL BE RELATED TO **INFORMATION** AND **INTERVIEW** BY **MS. NATHAN'S BEST FRIEND ELAINE SHUB,** AND MS. NATHAN'S SONS AND DAUGHTER-IN-LAW **DESCRIBING** MS. NATHAN'S NECKLACE **IN DETAIL SUCH AS COLOR AND STYLE** OF THE ALLEGED **STOLEN NECKLACE.** AND IF THEY SHARED THE INFORMATION WITH HAMILTON COUNTY PROSECUTOR'S OFFICE AND THE NAME OF THE HAMILTON COUNTY PROSECUTOR THEY SPOKE TO, OFFICER MICHAEL BRAY, SGT. J. SCHAFFER, DET. JOHN LADD, HAMILTON COUNTY SHERIFF'S DET. PETE ALDERUCCI?

**E.** I AM ALSO REQUESTING THAT THE FOLLOWING OHIO PUBLIC DEFENDER ATTORNEYS BE ADDED TO THE LIST OF WITNESSES TO BE CALLED DURING THE EVIDENTIARY HEARING. THE PURPOSE OF ATTORNEYS MRS. JENNIFER P. HITE, MR. GREGORY W. MEYERS AND ATTORNEY JAMES D. OWENS IS TO CLARIFY TO THE COURT WHAT THEY DID WITH THE INFORMATION THAT MS. NATHAN TESTED POSITIVE FOR HEPATITIS B.

**1.** AS TO WHEN WAS THE FIRST TIME THEY WERE GIVEN INFORMATION CONCERNING THE TEST RESULTS FROM THE MICROBIOLOGY REFERENCE LABORATORY, 3645 CENTRAL PARKWAY, CINCINNATI, OHIO 45223. THE FIRST SET OF TEST RESULTS READ THE FOLLOWING:

> I.D. #1229-81 AND ACCESSION NO. H-377-94, FROM MIRCOBIOLOGY REFERENCE LABORATORY [DATED SEPTEMBER 8, 1994] TEST POSITIVE FOR HEPATITIS B; SECOND SET OF TEST RESULTS FOUND WITHIN FILES DATED 9/15/94, I.D. NO. 252 "NEGATIVE FOR HEPATITIS B.

**2.** EXPLAIN TO THE COURT HOW THE OHIO PUBLIC DEFENDER'S OFFICE LEARNED ABOUT MS. NATHAN TESTING POSITIVE FOR HEPATITIS B.

PAGE 3
MR. MONTA, MR. CRIM
MAY 24, 2007

    **3.** EXPLAIN TO THE COURT UPON LEARNING ABOUT THE SAID TEST RESULTS THE OHIO PUBLIC DEFENDER REASON FOR NOT SEEKING TO FILE A SUCCESSIVE POST-CONVICTION PETITION IN STATE COURT ON MR. ELWOOD H. JONES, JR.'S BEHALF BUT INSTEAD PRESENT THE ISSUES FOR THE FIRST TIME IN A FEDERAL COURT PETITION.

    **F.** NOW THE SECOND PART OF WHY I AM REQUESTING **BLUE ASH DET. JOHN LADD** BE ADDED TO THE **LIST OF WITNESSES** TO BE **CALLED** DURING THE EVIDENTIARY HEARING. SO HE CAN EXPLAIN TO THE COURT WHAT HE DID WITH THE **INFORMATION** HE RECEIVED FROM NORMAN RYAN AND DEMITRIUS WILLIAMS, ON SEPTEMBER 3, 1994, DESCRIBING A DARK COMPLEXION BLACK MAN AND A WHITE MAN WITH GREY HAIR, LEAVING MS. NATHAN'S ROOM UPON HEARING SCREAMS. ONE OF THE MEN HAD A WALKIE-TALKIE IN HIS HAND THAT MORNING.

    **1.** DID HE EVER TRY AND FIND OUT WHO THESE TWO INDIVIDUALS WERE WHO WERE OBSERVED LEAVING MS. NATHAN'S ROOM UPON HEARING SCREAMS, ONE OF THE MEN GOING LEFT AND ONE CARRYING A WALKIE-TALKIE GOING RIGHT.

    **2.** DID HE EVER SHARE THIS INFORMATION WITH THE HAMILTON COUNTY PROSECUTOR'S OFFICE **SINCE ONE OF THE ALLEGED WEAPONS USED IN THIS CASE WAS A WALKIE-TALKIE** AND BLUE ASH POLICE DEPT AND HAMILTON COUNTY PROSECUTOR'S OFFICE WAS SEEKING EXPERT TESTIMONY OF THE F.B.I. SPECIALIST WILLIAM STOKES AND DR. WILLIAM OLIVER OF THE ARMED FORCES INSTITUTE OF PATHOLOGY.

        **A.** THAT MR. JONES HAS A WALKIE-TALKIE LIKE THE REPLICATE ONE USED BY THE EXPERT TESTIMONY OF WILLIAM STOKES AND DR. WILLIAM OLIVER, THAT MR. JONES ATTACKED THE DECEDENT WITH IT, AND THAT AS A RESULT OF THE ATTACK, THE BRUISES LEFT ON THE BODY ARE SIMILAR IN PATTERN OF THE WALKIE-TALKIE.

    **G.** I AM ALSO REQUESTING THAT THE FOLLOWING TWO BLUE ASH POLICE OFFICERS, OFFICER J. HARTINGER AND OFFICER L. STOKES BE ADDED TO THE LIST OF WITNESSES TO BE CALLED DURING THE HEARING. THE PURPOSE OF OFFICER J. HARTINGER AND OFFICER L. STOKES TESTIMONY WILL BE RELATED TO INFORMATION GENERATED FROM THE FOLLOWING INTERVIEWS:

    **A.** BLUE ASH POLICE OFFICER, J. HARTINGER INTERVIEW OF DEMITRIUS WILLIAMS ON MAY 13, 1995 ACCORDING TO BATES STAMPED INTERVIEW 0000729, DEMITRIUS WILLIAMS MADE THE FOLLOWING OBSERVATIONS.

        **1.** ABOUT 0630 HRS. DEMITRIUS SAW JONES MOVING CHAIRS FROM THE AREA OF THE "BOARDROOM" NEAR THE NW SIDE OF THE BUILDING, TOWARD THE AREA OF THE DINING ROOM. HE WAS MOVING THEM ON A SMALL 2 WHEELED CART.

PAGE 4
MR. MONTA, MR. CRIM,
MAY 24, 2007

    2. APPROX. 0700 HRS BUTCH HELPED OUT IN COMP. BREAKFAST FOR ABOUT 5 MIN.- NO LONGER.

    3. BETWEEN 0700-0730 HRS. DEMITRIUS SAW BUTCH AND MRS. METCALF'S DAUGHTER, TONYA MITCHELL PARTING COMPANY IN THE KITCHEN. BUTCH WAS READY TO LEAVE OUT THE BACK KITCHEN DOOR (WHICH LEADS TO THE LONG HALL ON THE N. SIDE OF THE BUILDING) AND HE DID LEAVE.

    DEMITRIUS DOES NOT KNOW WHY BUTCH WOULD SAY HE WAS IN COMP. BREAKFAST WHEN HE WASN'T FROM THIS POINT ON DEMITRIUS DIDN'T SEE BUTCH AND MORE UNTIL THEY WERE TOGETHER ON THE SECOND FLOOR. HE NOTED BUTCH HAD ONLY HIS KEYS AND RADIO WITH HIM AND THAT BUTCH ALSO WORE A LOT OF COLOGNE...TO THE POINT THAT YOU COULD SMELL THE TRAIL HE LEFT BEHIND. DEMETRIUS WAS NEVER AWARE THAT BUTCH HAD INJURED HIS HAND IN ANY WAY.

    B. BLUE ASH POLICE OFFICER L. STOKES INTERVIEW TANYA MITCHELL ON MAY 15, 1995, ACCORDING TO BATE STAMPED INTERVIEW 0000840;

    1. TANYA WAS NOT WORKING ON THE DATE OF THE HOMICIDE. SHE WAS OFF ON FRI 9-2 AND SAT 9-3, RETURNING TO WORK ON SUN 9-4. SHE STATES THAT SHE SAW BUTCH, WHO ALSO WORKED THE DAY AFTER THE HOMICIDE, SUN 9-4, BUT THAT **SHE DID NOT NOTICE ANYTHING AMISS.** SHE DOES RECALL SEEING HIS LEFT HAND BANDAGED, RECALLING THAT IT WAS WRAPPED IN GAUZE AND DID NOT APPEAR TO HAVE ANY PROFESSIONAL ATTENTION GIVEN TO IT. SHE STATES THAT HER SISTER, ANDRA MITCHELL ALSO EARLENE'S DAUGHTER, HAD SEEN THE EXPOSED INJURY TO JONES' HAND SOMETIME BETWEEN SAT 9-3 AND TUES 9-6 (THE DAY JONES WAS ADMITTED TO HOSPITAL).

    C. NOW I PLAN ON OFFERING BLUE ASH OFFICER J. HARTINGER AND BLUE ASH OFFICER L. STOKES' TESTIMONY TO SHOW THE COURT,

    #1. DEMETRIUS WILLIAMS HAD HIS DAYS MIXED UP ABOUT WHEN HE SAW ME BETWEEN 7:00 A.M. AND 7:30 A.M. ON SEPT. 3, 1994, IN HIS STATEMENT TO OFFICER J. HARTINGER ON MAY 13, 1995.

    #2. TANYA MITCHELL'S STATEMENT TO OFFICER L. STOKES ON MAY 15, 1995, CLEARLY SHOWS TANYA MITCHELL WAS NOT WORKING ON THE DAY OF THE HOMICIDE AND DEMETRIUS WILLIAMS DID NOT SEE TANYA MITCHELL AND BUTCH JONES PARTING COMPANY IN THE KITCHEN BETWEEN 7:00 A.M. AND 7:30 A.M. ON SEPT. 3, 1994.

PAGE 5
MR. MONTA, MR. CRIM
MAY 24, 2007

#3. I PLAN ON USING THE OFFICER'S TESTMONY AND INTERVIEW IN CHALLENGING THE ATTORNEY GENERAL ARGUMENT IN THEIR REPLY TO THE TRAVERSE ON PAGE 13 AND 14 RELATED TO DEMETRIUS WILLIAMS' INTERVIEW BY AUTHORITIES ON MAY 13, 1995, SPECIFICALLY AS TO WHEN AND WHERE HE SAW ME THE MORNING OF SEPT. 3, 1994.

H. MR. MONTA AND MR. CRIM, I NEED FOR THE BOTH OF YOU TO CLEARLY WALK THE COURT THROUGH THE PATTERN OF INFORMATION THE BLUE ASH POLICE DEPT. WERE GIVEN DEALING WITH "SUSPECT PERSON" AND ALTERNATIVE SUSPECT(S) SURROUNDING THE HOMICIDE OF MS. NATHAN IN ROOM 237 OF THE EMBASSY SUITES HOTEL ON SEPT. 3, 1994.

1. BLUE ASH POLICE DEPT. NEVER LOOKED INTO THE LEADS;

2. THE JURY IN THE CASE AGAINST ELWOOD H. JONES, JR. WAS NEVER GIVEN THE OPPORTUNITY TO HEAR BLUE ASH POLICE DEPT. WERE FULLY AWARE OF THE FACT SUSPICIOUS INDIVIDUALS WERE OBSERVED BY A NUMBER OF GUESTS TRYING TO GET INTO GUEST ROOMS WITH A KEY DURING THE TIME-LINE THAT MS. NATHAN ARRIVED AT THE HOTEL ON SEPTEMBER 2, 1994, AT 4:00 P.M. AND SUSPICIOUS INDIVIDUALS WERE OBSERVED THROUGHOUT THE NIGHT INTO THE TIME-LINE OF THE BODY OF MS. NATHAN WAS FOUND ON THE FLOOR OF HER HOTEL ROOM, ROOM, 237, AT 8:00 A.M., SEPTEMBER 3, 1994, TRYING TO GET INTO GUEST ROOMS.

3. FOR AND EXAMPLE, **ONE OF THE GUESTS NAMED LINDA MOTUSHAMI REPLIED TO THE QUESTIONNAIRE ASKING --- "WHY DIDN'T YOUR POLICE FORCE INTERVIEW THE HOTEL GUEST RIGHT AWAY WHEN PEOPLE'S MEMORIES OF THE DAY'S EVENTS WERE CERTAINLY FRESHER THAN ONE (1) MONTH LATER."**

A. INFORMATION CLEARLY SHOWS THE **SUSPICIOUS INDIVIDUALS** TRYING TO GET INTO GUEST ROOMS **DOES NOT FIT THE DESCRIPTION OF MR. JONES. NOR DOES THE INFORMATION REFER TO AS OBSERVED BY GUESTS SEEING SUSPICIOUS INDIVIDUALS AS ONE OF THE EMBASSY SUITES HOTEL EMPLOYEES;**

B. TWO GUESTS STAYING ON THE **SAME FLOOR** WITH MS. NATHAN REPORTED **INDIVIDUALS** WERE TRYING TO GET INTO **THEIR ROOMS,** SIDNEY GITTELMAN, HOTEL ROOM #203, BATES STAMPED 1177-78, READS AS FOLLOWS, SIDNEY GITTERMAN, BETWEEN 1 A.M. AND 2 A.M SATURDAY MORNING SEPT. 3, THE PHONE RANG --- UPON ANSWERING THE INDIVIDUAL HUNG UP. **ON FRIDAY AFTERNOON BETWEEN 3:30 P.M. AND 4 P.M. (SEPT. 2)** I OBSERVED TWO MEN TRYING MY DOOR KNOB --- THE OBSERVATION WAS THROUGH A CURTAIN --- SO I COULD NOT SEE THEM CLEARLY --- **I COULD NOT TELL IF THEY WERE BLACK OR WHITE** --- BUT THEY WERE BOTH TALL, I AM 5'10" THEY WERE AT LEAST 6' OR MORE;

PAGE 6
MR. MONTA, MR. CRIM
MAY 24, 2007

    **C.** SHANNON PARIS, HOTEL ROOM #202 BATES STAMPED 1159, READ AS FOLLOWS, SHANNON PARIS, AND AFRICAN AMERICAN MALE WAS AT MY DOOR SAT. AFTERNOON. HE ASKED ME IF THERE WAS A SHOWER DOOR JAM IN MY ROOM. THIS MAN WAS TRYING MY KNOB WITH KEYS --- I HAD THE 2 EXTRA LOCKS ON THE DOOR --- OTHERWISE I BELIEVE HE WOULD HAVE GOTTEN IN. HE KNOCKED BRIEFLY AND SOON AFTER WAS TRYING TO OPEN THE DOOR. I HAD YELLED MY HUSBAND'S NAME 2-3 TIMES & HE DIDN'T REPLY --- **NOR DID HE IDENTIFY HIMSELF AS MAINTENANCE.**

    **D.** MR. THOMAS CRATIN, HOTEL ROOM #107 BATES STAMPED 1169, STATED THAT **BETWEEN 3 A.M. THROUGH 4 A.M. ON SATURDAY MORNING** SEPTEMBER 3, 1994 **SOMEONE ATTEMPTED TO ENTER HIS ROOM.**

MR. MONTA, MR. CRIM, THERE IS A NUMBER OF THINGS I COULD SPEND HOURS POINTING OUT, AND REQUESTING TO BE APART OF THE UP COMING HEARING BUT, INSTEAD I HAVE **FOCUSED** ON **KEY POINTS** AND **KEY WITNESSES.** I AM **REQUESTING** THE BOTH OF YOU **ADDRESS** DURING THE HEARING AND **CALL AS WITNESSES.**

MR. MONTA AND MR. CRIM, AGAIN I WOULD HIGHLY APPRECIATE IF YOU WOULD GO AHEAD AND SEND ME A COPY OF THE COURT ORDER AND A COPY OF THE AFFIDAVITS OF EACH TECHNICIAN ON THE CORONER'S OFFICE ATTORNEY GENERAL MR. HELLMANS RECENTLY TOOK.

                                            SINCERELY,

                                            ELWOOD H. JONES, JR.

CC: COURT - CASE NO. 1-01-CV-564