**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**ELWOOD H. JONES**

        Petitioner,                         Case No. 01-CV-564

        v.                                  JUDGE ROSE

**MARGARET A. BAGLEY, Warden**       MAGISTRATE JUDGE MERZ

        Respondent.

**RESPONDENT'S MOTION TO EXCLUDE WITNESSES FROM TESTIFYING
AT EVIDENTIARY HEARING**

Pursuant to the Court's instructions in the July 10, 2007, telephone status conference, Respondent now moves to exclude the following witnesses from testifying at the September 24, 2007, evidentiary hearing: Blue Ash police officers: 1) J. Hartinger, 2) Larry Stokes, 3) John Ladd, 4) Michael Bray, 5) Peter Alderucci, and 6) Sgt. James Schaeffer; the Hamilton County Coroner – Keeper of Records; and Hamilton County Prosecutors Mark Piepmeier and Seth Tieger.

<u>Blue Ash Police Officers</u>

On March 1, 2002, Jones filed his first motion for discovery. Among other things, he sought leave to "depose all law enforcement personnel." R. 20, p. 3. The Court denied Jones's request, finding that "Petitioner has certainly not shown good cause to depose 'all law enforcement personnel' involved in the homicide investigation." R. 24, p. 9. The Court permitted Jones to renew his motion without prejudice after the

records depositions (of the Hamilton County Prosecutor's Office, Blue Ash Police Department, Cincinnati Police Department and Hamilton County Coroner's Office) "and with the specific showing that the depositions of any particular officer has a reasonable probability of disclosing *Brady* material." *Id*.

Jones should not now be permitted to call the Blue Ash Police Officers as witnesses in this evidentiary hearing. Jones, in his first motion for discovery, failed to demonstrate good cause to depose the officers. Though the Court granted Jones the opportunity to later renew his motion, after completing the records depositions of the various agencies as well as depositions of his trial counsel and the Hamilton County prosecutors, Jones refrained from renewing his motion. To date, Jones has failed to meet the necessary showing that deposing the officers has a reasonable probability of disclosing *Brady* material.

Further, as to the scheduled evidentiary hearing, the Court limited Jones to presenting "evidence described in the motion." R. 88, p. 9. In his motion for an evidentiary hearing, Jones set forth the "witnesses [that] would be offered." R. 85, p. 8. None of the Blue Ash Police Officers noted above were among those witnesses listed.

Even had he listed the officers, however, Jones has failed to "relate the witnesses he wants to present to the particular materials to be introduced." *Decision and Order Granting Petitioner's Motion for an Evidentiary Hearing*, R. 88, p. 5. As Jones noted in his Traverse, at issue are three interviews police conducted prior to the trial with: Valentine Nathan (victm's son); Ira Nathan (Valentine's uncle); and Elaine Schub (victim's roommate). The records of the interviews, and the information contained

therein, are presently part of the record. Calling the officers to testify will shed no further light upon the merits of Jones's present federal habeas claims.

Respondent anticipates that Jones may argue the recent discovery of the ring and envelope gives him new grounds to call the Blue Ash officers. This argument would be misplaced for two reasons. First, Jones subpoenaed the Blue Ash Officers prior to being informed about the ring and envelope, so his initial basis for attempting to call them was not premised upon the new evidence. Second, the ring and envelope have no direct bearing on Jones's present habeas claims – Brady and ineffective assistance of counsel. As Respondent maintained in her Sur-Reply and Opposition to Motion for Evidentiary Hearing, the existing record is a sufficient basis upon which this Court can reach a merits determination rejecting Jones's claims.

Coroner's Office – Keeper of Records

In Jones's first motion for discovery, he asked to conduct a records deposition of the Hamilton County Coroner's Office. R. 20, p. 3. The Court granted Jones's request. R. 24, p. 9. Subsequently, the coroner's file was produced to Jones on September 17, 2002. On March 22, 2007, counsel for Jones inquired of counsel for Respondent whether the complete Hamilton County Coroner file had been turned over during initial discovery. Following Jones's counsel then inquiring of the Hamilton County Coroner's office on April 4, 2007, Respondent's counsel directed the coroner to forward a complete copy of the file to him (Respondent's counsel). Upon receipt of the documents, Respondent's counsel compared them to the copy of the Hamilton County Coroner file already in the possession of Jones's counsel (a copy of which they had previously provided to Respondent's counsel on CD). The comparison revealed a total of nine (9) pages from

the coroner file sent to Respondent's counsel by that office not contained in the copy of the file possessed by Jones's counsel. On April 18, 2007, Respondent forwarded those nine (9) pages to Jones's counsel, as well as an additional three (3) pages that were in Respondent's prior copy of the coroner's file but not in the copy of the file possessed by Jones's counsel. Though Jones's counsel indicated that they may already possess copies of the photos in other parts of their file, Respondent's counsel forwarded to Jones's counsel those three (3) pages in the interest of full compliance.

Jones should not now be permitted to call the Hamilton County Coroner – Keeper of Records at the evidentiary hearing. In his first motion for discovery, in support of his *Brady* claim, Jones pointed to a microbiology reference laboratory (MRL) report finding Ms. Nathan tested positive for Hepatitis B. R. 20, pp. 14-15. As noted by the Court, Jones admitted that the evidence was not brought before the state court, despite the fact that discovery of the evidence occurred before the Ohio Supreme Court denied jurisdiction for his post-conviction appeal. *Decision and Order Granting in Part and Denying in Part Petitioner's Motion for Leave to Conduct Discovery*, R. 24, p. 8. Jones's failure to develop the record in state court, as required by *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), dooms his present request.

Further evidence of Jones's failure to develop the record in state court is the fact that Respondent's counsel recently discovered, in the files of Jones's trial counsel that the Court ordered produced to Respondent, a copy of the Hamilton County Coroner's Death Record for Rhoda Nathan. Jones Attorney Files, pp. 3704-3717 (attached).[1] Within the

---

[1] Respondent's counsel and Jones's counsel have agreed that Jones's counsel will expand the record to include the records produced during discovery from the Hamilton County Prosecutor's Office, Hamilton County Coroner's Office, Blue Ash Police Department, Cincinnati Police Department, and Jones's trial attorneys.

4

postmortem examination, it clearly sets forth that Rhoda Nathan tested positive for hepatitis B.  P. 3717.  Thus, in fact, Jones was actually aware at trial – well before receiving a copy of the MRL report in post-conviction – that Rhoda Nathan tested positive for hepatitis B.  Yet, he failed to act upon this information.

Also, as to the scheduled evidentiary hearing, the Court limited Jones to presenting "evidence described in the motion."  R. 88, p.9.  In his motion for an evidentiary hearing, Jones set forth the "witnesses [that] would be offered."  R. 85, p. 8.  The Hamilton County Coroner – Keeper of the Records was not among those witnesses listed.

Even had he listed the Hamilton County Coroner – Keeper of Records, Jones has failed to "relate the witnesses he wants to present to the particular materials to be introduced."  *Decision and Order Granting Petitioner's Motion for an Evidentiary Hearing*, R. 88, p. 5.  Respondent anticipates that Jones may argue it is unclear whether all records from the Hamilton County Coroner have been produced.  To this, two responses are appropriate:  First, in speaking with the Hamilton County Coroner's Office about the subpoena to testify at the evidentiary hearing, the Coroner's Office related that they believe all materials have been produced.  Second, if it is indeed Jones's position that not all materials have been produced, such an inquiry would be more properly requested in the form of a renewed motion for discovery to conduct further records depositions.  The Hamilton County Coroner's Office – Records Keeper can offer no testimony at the evidentiary hearing bearing upon the merits of Jones's present federal habeas corpus claims.

<u>Hamilton County Prosecutors</u>

In Jones's first motion for discovery, he asked to depose Hamilton County Prosecutors Piepmeier and Tieger. R. 20, p. 3. The Court granted Jones's request. R. 24, p. 9. Piepmeier was deposed on January 29, 2003.[2] Later, after Piepmeier informed Respondent's counsel that Tieger recalled a plea attempt for Jones, Piepmeier was again deposed on April 6, 2004, as was Tieger. On August 31, 2005, Jones's present counsel filed an additional motion for discovery, seeking to redepose Piepmeier and Tieger. R. 65. Respondent did not oppose this motion. R. 66. On February 1, 2006, Piepmeier and Tieger were redeposed.

Jones should not now be permitted to call the Hamilton County Prosecutors as witnesses in this evidentiary hearing. Again, as to the scheduled evidentiary hearing, the Court limited Jones to presenting "evidence described in the motion." In his motion for an evidentiary hearing, Jones set forth the "witnesses [that] would be offered." R. 85, p. 8. The Hamilton County Prosecutors were not among those witnesses listed.

Even had he listed the prosecutors, Jones has failed to "relate the witnesses he wants to present to the particular materials to be introduced." *Decision and Order Granting Petitioner's Motion for an Evidentiary Hearing*, R. 88, p. 5. Respondent anticipates that Jones may argue the recent discovery of the ring and envelope should afford him the opportunity to call the Hamilton County Prosecutors. And again, this argument would be without merit for two reasons. First, Jones subpoenaed the prosecutors prior to being informed about the ring and envelope, so his initial basis for attempting to call them was not premised upon the new evidence. Second, the ring and envelope have no direct bearing on Jones's present habeas claims – Brady and ineffective

---

[2] Jones's counsel waived deposing Tieger.

6

assistance of counsel. As Respondent maintained in her Sur-Reply and Opposition to Motion for Evidentiary Haring, the existing record is a sufficient basis upon which this Court can reach a merits determination rejecting Jones's claims.

Conclusion

For the above reasons, Respondent seeks to exclude the Blue Ash Police Officers and Hamilton County Coroner – Keeper of Records from testifying at the evidentiary hearing.

Respectfully submitted,

**MARC DANN**
Attorney General

s/ Matthew C. Hellman
MATTHEW C. HELLMAN* (0071628)
　　*Trial Counsel*
Principal Assistant Attorney General
SARAH A. HADACEK (0080621)
Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, OH 43215
(614) 728-7055; Fax (614) 728-8600
Emails:  mhellman@ag.state.oh.us
　　　　 shadacek@ag.state.oh.us

**CERTIFICATE OF SERVICE**

      I hereby certify that a true an accurate copy of the foregoing *Motion to Exclude Witnesses from Testifying at the Evidentiary Hearing* was delivered to counsel for petitioner this 20th day of July 2007, via the court's electronic filing system.

| | |
|---|---|
| Gary W. Crim | Michael L. Monta, Esq. |
| Attorney at Law | Monta & Monta |
| 943 Manhattan Avenue | 3625 Old Salem Road |
| Dayton, Ohio 45406 | Dayton, Ohio 45415 |
| Email: gwcrim@ameritech.net | Email: Zbeard7@aol.com |

                                          s/ Matthew C. Hellman
                                          MATTHEW C. HELLMAN* (0071628)