**RECEIVED**

JUL 3 0 2007

JAMES BONINI, CLERK
DAYTON, OHIO

MR. ELWOOD H. JONES
A339-441  D-5-27
878 COITSVILLE-HUBBARD RD.
YOUNGSTOWN, OH 44505-4635

MR. MICHAEL MONTA
-ATTORNEY AT LAW-
3626 OLD SALEM ROAD
DAYTON, OH 45415-1427

JULY 25, 2007

RE:CASE NO. 1:01-CV-564

MR. GARY W. CRIM
-ATTORNEY AT LAW-
943 MANHATTEN AVENUE
DAYTON, OH 45405-5141

DEAR MR. MONTA, MR. CRIM:

IN RESPONSE TO YOUR BRIEF LETTER OF JULY 21, 2007, AND THE ENCLOSED COPIES OF THE TWO MOTIONS AND EXHIBITS THAT THE OHIO ATTORNEY GENERAL'S OFFICE FILED LATE ON FRIDAY JULY 20, 2007, IN THIS CASE.

FIRST LET ME ASK THE BOTH OF YOU, DID YOU FORGET TO ENCLOSE A COPY OF THE MOTIONS I REQUESTED YOU SUBMIT ON MY BEHALF? OPPOSING THE OHIO ATTORNEY GENERAL'S OFFICE SEEKING TO CREATE A NEW RECORD THROUGH MS. NATHAN'S TWO SONS TO CORRECT THE CONFLICTING STATEMENTS AND DESCRIPTIONS FOUND WITHIN THE FILES OF THE HAMILTON COUNTY PROSECUTOR'S OFFICE. THE DOCUMENTS PROSECUTORS PIEPMIER AND TIEGER WITHHELD DURING MY TRIAL THAT MS. NATHAN'S SONS MADE CONCERNING THE ALLEGED PENDENT. THAT THE JURY IN THIS CASE WERE NEVER GIVEN THE OPPORTUNITY TO HEAR, THE NUMBER OF CONFLICTING DESCRIPTIONS AND STATEMENTS GIVEN BY THE VICTIM'S SONS AND DAUGHTER-IN-LAW CONCERNING THE ALLEGED PENDENT STOLEN FROM THEIR MOTHER?

MR. MONTA, MR. CRIM, IF SO, PLEASE IMMEDIATELY SEND ME A COPY OF THE MOTION(S) AND MEMORANDUM IN SUPPORT OF MOTION OPPOSING THE OHIO ATTORNEY GENERAL'S REQUEST TO CREATE A NEW RECORD THROUGH MS. NATHAN'S SONS 13½ YEARS LATER RELATING TO A <u>BRADY</u> ISSUE OF VARIOUS DOCUMENTS THE JURY IN THIS CASE WAS NEVER GIVEN THE OPPORTUNITY TO HEAR.

IF NOT PLEASE EXPLAIN WHY EITHER OF YOU HAVEN'T SUBMITTED THE PROPER MOTION(S) ON MY BEHALF IN THE ABOVE MATTER.

SECONDLY UNDERSTAND I HAVE NO PROBLEM WITH THE ATTORNEY GENERAL'S OFFICE SEEKING TO CREATE A NEW RECORD THROUGH MS. NATHAN'S TWO SONS CONCERNING THE ALLEGED PENDENT STOLEN FROM THEIR MOTHER AT A **NEW TRIAL** BUT NOT TODAY OR DURING THE COURSE OF THIS RESCHEDULED EVIDENTIARY HEARING, SEPTEMBER 24, 2007, BY WAY OF THIS SELF-SERVING AFFIDAVIT OF VALENTINE NATHAN OF JULY 18, 2007, SUBMITTED AND ESTABLISH NO DOCUMENTS, ORIGINAL DESIGN AND/OR PICTURES OF THE ALLEGED PENDANT MADE BY TILDEN JEWELERS FROM THE RING IN QUESTION.

PAGE 2
MR. MONTA, MR. CRIM
JULY 25, 2007

    THE OHIO ATTORNEY GENERAL, MR. HELLMAN SEEMS TO FORGET ACCORDING TO A SUPPLEMENTARY REPORT AND HANDWRITTEN NOTES BY SGT. J. SCHAFFER ON SEPTEMBER 15, 1994, CONCERNING AN INTERVIEW CONDUCTED WITH ONE OF MS. NATHAN'S SONS AND DAUGHTER-IN-LAW, I.E. VAL AND ELKE NATHAN FOUND WITHIN THE HAMILTON COUNTY PROSECUTOR'S FILES UPON THIS COURT GRANTING DISCOVERY IN THIS CASE:

    A.  "SHOW VALENTINE NATHAN WAS ASKED TO DESCRIBE HIS MOTHER'S PENDANT PRIOR TO SGT. SCHAFFER SHOWING THE RECOVERED ONE TO HIM. HE STATES THAT "...IT HAD THREE BARS, STAGGERED, THREE SMALL DIAMONDS AND WAS SILVER IN COLOR." HE STATED THAT HIS FATHER, ROBERT I. NATHAN, HAD THE PENDANT CUSTOM MADE FROM HIS "VALENTINE" GRANDMOTHER'S ENGAGEMENT RING AND BELIEVED THE MANUFACTURE IN 1980 OR 1981. HE DID NOT BELIEVE THAT HIS FATHER HAD ANY PARTICULAR JEWELRY STORE THAT HE FREQUENTED HOWEVER IT PROBABLY WOULD HAVE BEEN IN BRONX N.Y. WHERE HE OWNED THREE HARDWARE STORES.

    B.  THIS INTERVIEW WITH VALENTINE NATHAN ON SEPTEMBER 15, 1994, THIS REPORT CLEARLY SHOW THE PENDENT WAS NOT CUSTOM-CRAFTED FROM MRS. NATHAN'S HUSBANDS MOTHER'S ENGAGEMENT RING. DURING THE SAID INTERVIEW WITH VALENTINE NATHAN ON 9-15-94; **IRA NATHAN STATED THAT THE PENDENT HAD NOT BEEN CUSTOM-CRAFTED FROM HIS MOTHER'S DIAMOND ENGAGEMENT RING AS ORIGINALLY THOUGHT.** HE WAS IN POSSESSION OF HIS MOTHER'S ENGAGEMENT RING AND **THE DIAMOND IN HER RING WAS LOST SEVERAL YEARS AGO.** THREE (3) YEARS AGO **HE HAD THE DIAMOND REPLACED IN HIS MOTHER'S RING** HIS SISTER-IN-LAW'S PENDENT WAS NEVER MADE FROM HIS MOTHER'S ENGAGEMENT RING. **IT WAS NOT CUSTOM-CRAFTED. THE PENDENT WAS BOUGHT AT A STORE IN PELLIAN BAY.**

    C.  THE OHIO ATTORNEY GENERAL MR. HELLMAN IS FULLY AWARE OF THIS SUPPLEMENTARY REPORT SHOWING IRA NATHAN, VALENTINE'S UNCLE, HIS FATHER'S BROTHER CLEARLY STATED THAT THE PENDENT HAD NOT BEEN CUSTOM-CRAFTED FROM HIS MOTHER'S DIAMOND ENGAGEMENT RING AS ORIGINALLY THOUGHT. HE WAS IN POSSESSION OF HIS MOTHER'S ENGAGEMENT RING AND THE DIAMOND IN HER RING WAS LOST SEVERAL YEARS AGO. THREE (3) YEARS AGO HE HAD THE DIAMOND REPLACED IN HIS MOTHER'S RING.

    1.  IF IRA NATHAN WAS IN POSSESSION OF HIS MOTHER'S ENGAGEMENT RING THIS CLEARLY SHOWS THE PENDENT WAS NEVER MADE FROM VALENTINE GRANDMOTHER'S ENGAGEMENT RING IN THE EARLY '80'S SINCE HIS UNCLE IRA WAS IN POSSESSION OF HIS MOTHER'S ENGAGEMENT RING IN SEPTEMBER OF 1994.

PAGE 3
MR. MONTA. MR. CRIM
JULY 25, 2007

    2. IRA NATHAN ALSO STATED DURING THE PHONE INTERVIEW ON SEPTEMBER 15, 1994, TO SGT. SCHAFFER SEVERAL YEARS AGO THE "DIAMONDS IN HIS MOTHERS ENGAGEMENT RING WAS LOST, HE HAD THE DIAMONDS REPLACED IN HIS MOTHER'S ENGAGEMENT RING THREE (3) YEARS BEFORE.

    A. IRA NATHAN WAS IN POSSESSION OF HIS MOTHER'S ENGAGEMENT RING IN 1991, ACCORDING TO THE ABOVE STATEMENT IRA NATHAN GAVE SGT. SCHAFFER ON SEPTEMBER 15, 1994, WHICH WOULD CLEARLY MAKE IT IMPOSSIBLE FOR THE ENGAGEMENT RING IN QUESTION, NOW TO BE APART OF VALENTINE NATHAN AFFIDAVIT.

THIRDLY, I AM REQUESTING THAT YOU USE PART OF THE OHIO ATTORNEY GENERAL'S ARGUMENT IN THEIR MOTION TO EXCLUDE WITNESSES FROM TESTIFYING AT THE EVIDENTIARY HEARING ON SEPTEMBER 24, 2007, IN MAKING THE CASE TO THE COURT OPPOSING THE OHIO ATTORNEY GENERAL'S REQUEST TO EXPAND THE RECORD THROUGH MS. NATHAN'S TWO SONS --- NEW EVIDENCE CAME TO LIGHT IN THE CASE NAMELY:

    1. THE RING FROM WHICH THE DIAMONDS FOR RHODA NATHAN'S PENDENT HAD BEEN TAKEN;

    2. A TILDEN JEWELERS ENVELOPE ON WHICH WERE WRITTEN INSTRUCTIONS FOR MAKING OF THE PENDENT.

THAT THE OHIO ATTORNEY GENERAL'S OWN ARGUMENT IN THEIR MOTION TO EXCLUDE WITNESSES FROM TESTIFYING AT THE EVIDENTIARY HEARING ON SEPTEMBER 24, 2007, ON PAGES #3 AND #6, CLEARLY EXPLAIN AND ILLUSTRATE IN THE SAID MOTION "THE RING AND TILDEN JEWELER'S ENVELOPE HAVE NO DIRECT BEARING ON JONES' PRESENT HABEAS CLAIM --- <u>BRADY</u> AND INEFFECTIVE ASSISTANCE OF COUNSEL. AS RESPONDENT MAINTAINED IN HER SUR-REPLY AND OPPOSITION TO MOTION FOR EVIDENTIARY HEARING, THE EXISTING RECORD IS A SUFFICIENT BASIS UPON WHICH THIS COURT CAN REACH A MERIT DETERMINATION REJECTING JONES' CLAIMS. THE OHIO ATTORNEY GENERAL'S OWN ARGUMENT IN THE ABOVE MOTIONS CLEARLY ILLUSTRATES TO THE COURT THERE IS NO NEED TO EXPAND THE RECORD WITH THIS FRIVOLOUS ISSUES, THE RING AND ENVELOPE HAVE NO DIRECT BEARING ON THE PRESENT CLAIMS BEFORE THIS COURT.

MR. MONTA, MR. CRIM, AGAIN, NO DISRESPECT TO EITHER OF YOU, BUT UNDERSTAND I AM SENDING A COPY OF THIS LETTER TO MR. JAMES BONINI, UNITED STATES DISTRICT CLERK OF COURT, REQUESTING THAT IT BE APART OF THE CASE FILE EXPRESSING MY OBJECTIVE TO MR. MATTHEW C. HELLMAN TO CREATE A NEW RECORD IN THE ABOVE MATTER.

                                            SINCERELY,

                                            ELWOOD H. JONES, JR.



MR. ELWOOD H. JONES, JR.
A339-441  D-5-27
878 COITSVILLE-HUBBARD RD.
YOUNGSTOWN, OH 44505-4635

YOUNGSTOWN OH 445
26 JUL 2007 PM
USA 41

Mr. James Bonini
c/o Clerk of Courts, Room #712
United States District Court
200 West Second Street
Dayton, Ohio 45402

RECEIVED
JUL 3 0 2007
JAMES BONINI, CLERK
DAYTON, OHIO