IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON, OHIO

ELWOOD H. JONES

    Petitioner

v.

MARGARET BAGLEY, Warden,

    Respondent.

Case No. 1:01-cv-564

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

### Elwood H. Jones's Memorandum Opposing Respondent's Motion to Expand the Record (Dkt. 113)

Elwood H. Jones opposes the expansion of the Record with the proffered affidavit, the six pictures of the ring, and the two photographs of the envelope.

We first oppose the expansion of the record with this material because the purpose of the hearing is to address the trial as it occurred, not as it might have occurred had the Government presented this information. This information is not helpful to the Court without explanation of why it was not presented in 1994, when the Blue Ash detectives went to New York to discuss these matters with the family; without explanation of where these two items have been for the last thirteen years; and without explanation of how they were discovered just at the time that the problems of the pendant were being addressed by this Court and not to disclosed to the defense at trial.

Secondly we oppose the expansion of the record in this manner because introducing new information—as opposed to the materials used in depositions and in pleadings for the last couple of years—violates the purpose of the rule. This is the Sixth Circuit position:

The purpose of Rule 7 "is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." 28 U.S.C. § 2254 (Rule 7, advisory committee notes). The rule is meant to eliminate unnecessary hearings, not require the expansion of necessary ones.[1]

This Court has already scheduled a hearing on the matter. If the Government wishes to present the ring and the envelope for the Court's consideration, it can subpoena the various witnesses and have them bring the items that they seek to introduce to Court and why it is relevant at this point.

Thirdly, we oppose expansion of the record with the photographs. These items are relevant only to the extent that they show the evidence, the envelope and the ring. These photographs fail to accurately portray the items. These photographs do not present the evidence with sufficient clarity for counsel to conduct any further investigation. It was our understanding in our discussions with attorney for respondent Mr. Hellman that the photographs were merely a stopgap measure until transportation to Ohio could be arranged for the items, the ring and the envelop.

Thus, this Court should deny the Motion to Expand the Record (Dkt. 113) because it does not comply with the requirements of HAB. R. 7, will not save time of a hearing, and leaves many unanswered questions while presenting negligible information to assist the Court.

Respectfully Submitted,

*s/Michael L. Monta*
MICHAEL L. MONTA (0032777)
Trial Counsel
3625 Old Salem Road
Dayton, Ohio 45415-1427
(937) 890-6921

---

[1] *Jamison v. Collins,* 291 F.3d 380, 387 (6th Cir. 2002).

*s/Gary W. Crim*
GARY W. CRIM (0020252)
943 Manhattan Avenue
Dayton, Ohio 45406-5141
(937) 276-5770

Attorneys for Elwood H. Jones

**Certificate of Service**

I, Gary W. Crim, counsel for Elwood H. Jones, certify that on August 5, 2007, I served a copy of this Memorandum Opposing Respondent's Motion to Expand the Record (Dkt. 113) on Counsel for the Warden, Sarah A. Hadacek and Stephen E. Maher, by emailing it to shadacek@ag.state.oh.us; smaher@ag.state.oh.us.

*s/Gary W. Crim*
GARY W. CRIM