IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON, OHIO

ELWOOD H. JONES

    Petitioner

v.

MARGARET BAGLEY, Warden,

    Respondent.

Case No. 1:01-cv-564

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

**Elwood H. Jones's Motion for Discovery**

Pursuant to RULE 6 OF THE RULES GOVERNING 2254 CASES Elwood H. Jones moves this Court for an order allowing him to depose Valentine Nathan and Peter Nathan.

**Elwood H. Jones's Memorandum in
Support of Motion for Discovery**

This Court has ordered discovery in this case on several occasions.[1] The Court presently has before it a belated Motion to Expand the Record filed by the Respondent. That motion seeks to add the testimony of the two sons of the victim, Valentine and Peter Nathan and the sudden appearance of what is now identified as the source of the diamonds that were on the pendant.

When a *habeas* petitioner demonstrates good cause to conduct discovery by presenting specific allegations that show reason to believe that if he is allowed to fully develop the facts, he may be able to demonstrate that he is entitled to relief. Rule 6 of the Rules Governing § 2254 (hereafter "Habeas Rule 6") provides that a habeas petitioner may be granted leave to conduct discovery re-

---

[1] Doc, 24.

garding the claims for relief enumerated in his habeas petition where he shows good cause for appropriate discovery. *Bracy v. Gramley*, 520 U.S. 899 (1997), In *Bracy*, the Supreme Court, in a unanimous opinion, reversed the federal district and appellate courts' denials of petitioner's motions for discovery. Bracy had shown good cause for appropriate discovery regarding his theory that "his trial lawyer might have been appointed [by the trial judge] with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and camouflage the bribe negotiations in, a [simultaneously pending] murder case [before the same trial judge]". The Advisory Committee Note to Habeas Rule 6 states that "Discovery may, in appropriate cases, aid in developing facts necessary to decide whether to order an evidentiary hearing or grant the writ following an evidentiary hearing."

The Respondent seeks to present the testimony and the evidence on the issue of the guilt of Petitioner; however, the same logic can be applied to the impact of the various claims and the need for relief. Thus, the proposed testimony and evidence would also have relevance for the issues such as the materiality of *Brady* information.

The Respondent seeks to present the evidence through a Motion to Expand the Record. We are separately addressing the issue of the record expansion. The Respondent seeks to do this through an affidavit. The affidavit states that this is the ring from which the diamonds were taken. The affidavit implies that Peter identifies the ring, not Valentine. The affidavit does not address the matter of Valentine's earlier statement at the time of the events that the ring was silver and that it was only through photographs that Valentine changed his

mind. The affidavit does not address the circumstances of the discovery except in a very vague manner. Neither does the affidavit explain the recollection problems Valentine Nathan had when he was interviewed and how they might affect any testimony now.[2] These are all matters that would be clarified by deposing the Nathan brothers.

The Court should permit deposition to seek an explanation of why the ring and the envelope were not presented in 1994, when the Blue Ash detectives went to New York to discuss these matters with the family, to seek an explanation of where these two items have been for the last thirteen years, to seek an explanation of how they were discovered just at the time that the problems of the pendant were being addressed by this Court, and other matters relating to the petition.

## Conclusion

Thus, this Court should grant this motion for discovery.

**s/Michael L. Monta**
MICHAEL L. MONTA
Trial Counsel
3625 Old Salem Road
Dayton, Ohio 45415
(937) 890-6921

**s/ Gary W. Crim**
GARY W. CRIM (0020252)
943 Manhattan Avenue
Dayton, Ohio 45406-5141
(937) 276-5770

Attorneys for Elwood H. Jones

---

[2] We attached the Blue Ash Police Department report to the response to the motion to strike.

## Certificate of Service

I, Gary W. Crim, counsel for Elwood H. Jones, certify that on August 5, 2007, I served a copy of this Motion for Discovery on Counsel for the Warden, Sarah A. Hadacek and Stephen E. Maher, by emailing it to shadacek@ag.state.oh.us; smaher@ag.state.oh.us.

                                              **s/ Gary W. Crim**
                                              GARY W. CRIM