# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

ELWOOD H. JONES, JR.,

                Petitioner,

          -vs-

MARGARET BAGLEY, Warden,

                Respondent.

    :

    :

    :

Case No. 1:01-cv-564

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

---

## DECISION AND ORDER

---

This case is before the Court on Respondent's Motion to Exclude Witnesses at the Evidentiary Hearing (Doc. No. 112) which Petitioner opposes (Doc. No. 120), Respondent's Motion to Expand the Record (Doc. No. 113) which Petitioner opposes (Doc. No. 121), and Petitioner's Motion for Discovery (Doc. No. 122).

### Motion to Exclude Witnesses

1.  **Blue Ash Police Officers**

Respondent seeks to strike from Petitioner's witness list for the evidentiary hearing Blue Ash police officers Hartinger, Stokes, Ladd, Bray, Alderucci, and Schaeffer; the records custodian of the Hamilton County coroner; and Assistant Hamilton County Prosecutors Piepmeier and Tieger.

As grounds for exclusion of the police officers, Respondent notes that the Court declined to

permit depositions of all the law enforcement personnel involved in the investigation of the murder in suit. However, failure to depose the officers in discovery is not a ground for excluding them from testifying at the hearing.

Respondent also objects that none of these witnesses was listed by Petitioner in the section of his Motion for Evidentiary Hearing labeled "The following witnesses would be offered." (Motion, Doc. No. 85, at 8.) Petitioner responded:

> The central premise behind the government's argument is that witnesses are not mentioned in the motion for evidentiary hearing. However, missing from this motion is any legal authority supporting this claim. Nothing that present counsel is aware of requires such a process. The order of this court did not require disclosure of witnesses nor has the government requested such an order. . . . We do have access to the report from the trip to New York for the interviews of the victim's family, which is attached to our motion discovery motion.
>
> We seek the testimony Blue Ash officers involved in the meeting with the family in New York. The interviews contradict what is now being asserted in the recently filed motion to expand the record.

((Memorandum Opposing, Doc. No. 120, at 1-2.)

Petitioner's counsel neglect to note that the Order granting the evidentiary hearing provided that the hearing would be "limited to the evidence described in the Motion" (Doc. No. 88 at 9.) None of the Blue Ash officers, either by name or by description, was mentioned in the Motion. Under the AEDPA, the burden is on a Petitioner to demonstrate his entitlement to present evidence at a hearing.

Perhaps Petitioner intends to assert that he now realizes the need to call these officers because "[t]he interviews contradict what is now being asserted in the recently filed motion to expand the record." In other words, the Blue Ash officers are needed to respond to what Respondent now seeks to add to the record. However, the interview report in question[1] was prepared solely by Sergeant

---

[1]The report is attached to Petitioner's Response in Opposition to the Motion to Strike (Doc. No. 120), rather than to the Motion for Discovery (Doc. No. 122). There are no attachments to the

Schaeffer; none of the other Blue Ash officers is mentioned in the report.[2]

Accordingly, giving Petitioner the benefit of the doubt, the Order granting evidentiary hearing is amended to allow Petitioner to call Sergeant Schaeffer; the other Blue Ash officers are excluded because Petitioner has not shown his entitlement to call them under 28 U.S.C. §2254(e)(2).

**2.      Records custodian of the Hamilton County Coroner:**

Respondent also seeks to exclude this witness because the witness was not listed in the Petitioner's Motion for Evidentiary Hearing. Petitioner responds that his sole purpose in calling this witness is to establish the authenticity of the report of the victim's hepatitis. Apparently there is no dispute about authenticity, as the Respondent's counsel does not contest that in his Motion to Exclude; the Court's presumes that counsel are satisfied they are talking about the same document. If the only purpose of calling the witness is to establish authenticity, then the witness need not be called. Petitioner shall promptly prepare and submit to Respondent's counsel a written stipulation on the authenticity question.

Of course, authenticity does not establish admissibility which Respondent strongly contests.

**3.      Assistant County Prosecutors Piepmeier and Tieger**

Here, again, these witnesses were not listed in Petitioner's Motion for Evidentiary Hearing and the Court granted that Motion "limited to the evidence described in the Motion" (Doc. No. 88 at 9.) Petitioner offers no explanation of why they were not listed, apparently relying on his assumed right

---

Motion for Discovery.

[2]The Court reads the abbreviation "R/O" in the interview report as meaning "reporting officer."

to call whoever he wants without providing a list in advance and without including them in a list he actually filed.  Petitioner does, however, intend to rely on evidence from these witnesses, stating "we have no problem relying on their depositions."

The Court notes that Messrs. Piepmeier and Tieger are within subpoena range and do not otherwise appear to come within any of the exceptions listed in Fed. R. Civ. P. 32(a).  If Petitioner intends to rely on any evidence from these witnesses, it shall be presented live.  Although they were not listed in the Motion for Evidentiary Hearing, the Court amends the Order granting the hearing to allow them to testify.

## Motions to Expand the Record and for Discovery

The Court declines to expand the record to admit the physical evidence proffered by Respondent or the Affidavit of Mr. Nathan.  Such evidence, if admissible at all, should be admitted after a proper foundation is laid at the evidentiary hearing and Mr. Nathan has been subject to cross-examination.

Instead, both parties are granted leave to depose Messrs. Peter and Nathan Valentine.  Said depositions are to be arranged forthwith.  The Court notes that, because both of these witnesses are beyond subpoena range, neither party may be able to obtain their testimony live at the evidentiary hearing.  Once these witnesses have been deposed, their testimony shall be promptly transcribed and filed.  Rather than deposing these witnesses in New York, the Court is amenable to having them come

to Dayton to be deposed just before the evidentiary hearing, if that is more convenient for all concerned.

August 8, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge