RECEIVED

OCT 2 2 2007

JAMES BONINI, CLERK
DAYTON, OHIO

MR. ELWOOD H. JONES, JR.
A339-441  D-5-27
878 COITSVILLE-HUBBARD RD.
YOUNGSTOWN, OH 44505-4635

MR. GARY W. CRIM
-ATTORNEY AT LAW-
943 MANHATTEN AVENUE
DAYTON, OH 45050-5141

RE: OCTOBER 20. 2007

RE: CASE NO. 1:01-CV-564

MR. MICHAEL MONTA
-ATTORNEY AT LAW-
3626 OLD SALEM ROAD
DAYTON, OH 45415-1427

DEAR MR. CRIM:

AFTER CAREFULLY GIVING SOME THOUGH TO THE NUMBER OF MATTERS WE DISCUSSED WEDNESDAY AFTERNOON OCTOBER 3, 2007, ON THE PHONE.

FIRST I AM GOING TO HIGHLY PROPOSE IF FOR SOME REASON YOU ARE ARE UNABLE TO CHANGE MAGISTRATE JUDGE MERZ'S MIND CONCERNING THIS INTER-COURTROOM POLICY HE HAS IN HIS COURTROOM YOU DISCUSSED WITH ME ON OCTOBER 3, 2007..."THEN I AM GOING TO REQUEST THAT YOU ASK THE COURT FOR PERMISSION 'NOW' TO PUT THIS CASE ON THE SHELF AND ALLOW US TO GO BACK TO THE STATE COURT TO ADDRESS EACH OF THE BRADY CLAIMS TO THE STATE IS ARGUING PROCEDURALLY DEFAULTED."

SECOND, I AM REQUESTING TO REVIEW A DRAFT COPY OF COMPREHENDERS BRIEF BEFORE IT'S DUE TO BE FILED WITH THE COURT IN THIS CASE.  I ALSO FEEL PRETTY GOOD ABOUT HOW THE EVIDENTIARY HEARING WENT OVER ALL BUT, THERE IS STILL FEW MORE AREAS I FEEL NEED TO BE ADDRESSED WITH CLARITY IN THIS COMPREHENDERS BRIEF FOR THE COURT TO UNDERSTAND HOW THE STATEMENTS INTERWEAVE WITH EACH OTHER AND HOW THE PROSECUTION MISLEAD THE JURY DURING MY TRAIL.

1. TESTIMONY WAS OFFERED BY THE PROSECUTION IN THIS CASE TO THE JURY THROUGH BLUE ASH POLICE OFFICERS, MS NATHAN'S TWO SONS PETER NATHAN AND VALENTINE NATHAN UPON ARRIVING IN CINCINNATI, OHIO ON THE AFTERNOON OF SEPTEMBER 3, 1994, AT THE EMBASSY SUITES HOTEL GAVE A STATEMENT TO BLUE ASH POLICE OFFICERS DESCRIBING THEIR MOTHER'S MISSING PENDANT **YET THERE IS NO OFFICIAL RECORD SHOWING PETER NATHAN OR VALENTINE NATHAN WAS EVER INTERVIEWED BY BLUE ASH POLICE OFFICERS OR GAVE A STATEMENT TO OFFICERS ON SEPTEMBER 3, 1994, DESCRIBING THEIR MOTHER'S STOLEN PENDANT.**

2. THE ONLY **STATEMENT** CAN BE **FOUND** IN THE **RECORD** FROM **ONE #1** OF **MRS NATHAN SONS** DESCRIBING THEIR MOTHER'S STOLEN PENDANT IS FROM **VALENTINE NATHAN** GAVE BLUE ASH POLICE SGT. J. SCHAFFER ON **SEPTEMBER 15, 1994.** WHICH IS NOW BEFORE THIS COURT AS PART OF THE **BRADY** MATERIAL WITHHELD IN THIS CASE DEALING WITH INCONSISTANT DESCRIPTIONS MADE IN DESCRIBING THE VICTIM'S ALLEGED STOLEN PENDANT.

PAGE 2
MR. CRIM, MR. MONTA
OCT. 20, 2007

3. HAMILTON COUNTY PROSECUTORS MARK PIEPMEIR AND SETH TEIGER
PRESENTED TESTIMONY TO THE JURY IN IDENTIFYING THE ALLEGED
CUSTOM CRAFTED PENDANT WAS MADE FROM MRS. NATHAN'S LATE
HUSBAND'S MOTHER'S ENGAGEMENT RING.   MRS. NATHAN ALWAYS
WORE THIS PENDANT, SHE NEVER TOOK IT OFF NOT EVEN WHEN SHE
WENT SWIMMING OR TOOK A SHOWER.   THIS TESTIMONY WAS
PRESENTED BY BLUE ASH POLICE OFFICER AND MRS. NATHAN'S
DAUGHTER-IN-LAW MRS. ELKE NATHAN --- TESTIMONY TO PASS
UNCORRECTED THE PROSECUTION KNEW TO BE FALSE.

4. MR. CRIM, I NEED FOR YOU TO WALK THE COURT THROUGH BLUE
ASH OFFICER BRAY'S LETTER TO HAMILTON COUNTY PROSECUTOR
PIEPMEIR.   FOUND WITHIN THE PROSECUTOR'S FILES BATE
STAMPED NO. 0000894 AND 0000895, OFFICER BRAY CLEARLY
DEMONSTRATED IN HIS LETTER TO HAMILTON COUNTY PROSECUTOR
PIEPMEIR THE PHOTO OF MRS. NATHAN WEARING THE ALLEGED
PENDANT HAS BEEN ALTERED TO SHOW MRS. NATHAN IS WEARING
THE ALLEGED GOLD PENDANT IS AN ALTER PHOTOGRAPH:

"**ROB PARIS PHOTOGRAPH WAS ENLISTED TO CREATE AN
ENLARGEMENT OF RHODA NATHAN WEARING THE NECKLESS/
PENDANT, WHEREIN THE ACTUAL RECOVERED PENDANT COULD BE
OVERLAYED ON THE PHOTO AT ACTUAL SIZE.** I THOUGH THIS
MIGHT HELP **CONVINCE JURORS** THAT WE DO HAVE THAT VERY
**NECKLACE.** AGAIN, ANY SLIGHT VARIATION WILL ALSO BE DUE
TO PERSPECTIVE DISTORTION. **(OBSERVE THE ANGLE FROM
WHICH THIS ORIGINAL PHOTO WAS TAKEN OF MRS. NATHAN.)**

MR. CRIM, ITS VERY IMPORTANT TO ME THAT YOU TOUCH ON #1 - 4,
IN WRITING YOUR ARGUMENT AS APART OF THE COMPREHENDERS BRIEF
REGARDING THE ALLEGED CUSTOM CRAFTED PENDANT AND THE NUMBER OF
INCONSISTANT DESCRIPTION MADE IN DESCRIBING THE VICTIM'S ALLEGED
STOLEN PENDANT.  ALSO INCLUDE THE VICTIM'S SON VALENTINE NATHAN'S
RECENT AFFIDAVIT OF JULY 18, 2007 OFFERING MORE INCONSISTANT
STATEMENT REGARDING THE ALLEGED CUSTOM CRAFTED PENDANT.

THIRDLY, I NEED FOR YOU TO CLEARLY WALK THE COURT THROUGH THE
PATTERN OF INFORMATION THE BLUE ASH POLICE DEPARTMENT WERE GIVEN
DEALING WITH "SUSPECT PERSON" AND "ALTERNATIVE SUSPECTS"
SURROUNDING THE HOMICIDE OF MS. NATHAN IN ROOM 237, OF THE
EMBASSY SUITES HOTEL OF SEPTEMBER 3, 1994.  WHICH IS NOW BEFORE
THE COURT AS WITHHELD EXCULPATORY AND IMPEACHABLE EVIDENCE AND
PUT MY TRAIL ATTORNEYS AT A DISADVANTAGE IN PREPARING MY DEFENSE.

1. THE JURY IN THE CASE AGAINST ME WAS NEVER GIVEN THE
OPPORTUNITY TO HEAR THE BLUE ASH POLICE DEPARTMENT WAS
FULLY AWARE OF THE FACT SUSPICIOUS INDIVIDUALS WERE
OBSERVED BY A NUMBER OF GUESTS TRYING TO GET INTO GUEST
ROOMS WITH A KEY DURING THE TIME-LINE THAT MS. NATHAN
ARRIVED AT THE HOTEL ON SEPTEMBER 2, 1994, AT 4:00 P.M.
AND SUSPICIOUS INDIVIDUALS WERE OBSERVED THROUGHOUT THE

PAGE 3
MR. CRIM, MR. MONTA
OCT. 20, 2007

NIGHT INTO THE TIME-LINE OF THE BODY OF MS. NATHAN WAS FOUND ON THE FLOOR OF HER HOTEL ROOM, ROOM, 237, AT 8:00 A.M., SEPTEMBER 3, 1994, TRYING TO GET INTO GUEST ROOMS;

2. SUSPICIOUS INDIVIDUALS TRYING TO GET INTO GUEST ROOMS DOES NOT FIT THE DESCRIPTION OF ME, NOR DOES THE INFORMATION REFER TO AS OBSERVED BY GUESTS SEEING SUSPICIOUS INDIVIDUALS AS ONE OF EMBASSY SUITE HOTEL EMPLOYEES;

3. TWO GUESTS STAYING ON THE **SAME FLOOR** WITH MS. NATHAN REPORTED **INDIVIDUALS** WERE TRYING TO GET INTO **THEIR ROOMS**, SIDNEY GITTELMAN, HOTEL ROOM #203, BATES STAMPED 1177-78, READS AS FOLLOWS, SIDNEY GITTLEMAN, BETWEEN 1 A.M. AND 2 A.M. SATURDAY MORNING SEPT. 3, THE PHONE RANG --- UPON ANSWERING THE INDIVIDUAL HUNG UP.  ON **FRIDAY AFTERNOON BETWEEN 3:30 P.M. AND 4 P.M. (SEPT. 2)** I OBSERVED TWO MEN TRYING MY DOOR KNOB---THE OBSERVATION WAS THROUGH A CURTAIN --- SO I COULD NOT SEE THEM CLEARLY --- **I COULD NOT TELL IF THEY WERE BLACK OR WHITE** --- BUT THEY WERE BOTH TALL, **I AM 5'10", THEY WERE AT LEAST 6' OR MORE;**

4. THE LIST OF HOTEL GUESTS AND THE LOCATION OF THEIR HOTEL ROOMS ON SEPTEMBER 2ND AND 3RD, 1994;

    A. THOMAS CRATIN, HOTEL ROOM $107; BATES STAMPED 000998;
    B. SHANNON PARIS, HOTEL ROOM #202; BATES STAMPED 000996;
    C. SIDNEY GITTLEMAN, HOTEL ROOM #203; BATES STAMPED 000998;
    D. JEFF JONES, HOTEL ROOM #302; BATES STAMPED 001003;
    E. TOM WELLMAN, HOTEL ROOM #303; BATES STAMPED 001003;
    F. CARRIE LUCKETT, HOTEL ROOM #404; BATES STAMPED 000997;
    G. SAMUEL HUFFAHER, HOTEL ROOM 409; BATES STAMPED 000997;
    H. ROBYN WILLIAMS, HOTEL ROOM #417; BATES STAMPED 001002;
    I. CAROLYN TURNER, HOTEL ROOM #425; BATES STAMPED 000995;
    J. GERALD CANTOR, HOTEL ROOM #547; BATES STAMPED 001000;

5. HAD THE STATEMENTS OF RYAN AND WILLIAMS BEEN DISCLOSED TO MY TRIAL ATTORNEYS DURING MY TRIAL, MY ATTORNEYS WOULD HAVE BEEN ABLE TO ATTACK THE MOST FUNDAMENTAL PORTION OF THE STATE'S ASSUMPTION OF ALLEGED MURDER WEAPON BEING A WALKIE-TALKIE, AND THE EXPERT TESTIMONY OF F.B.I. SPECIALIST WILLIAM STOKES AND DR. WILLIAM OLIVER OF THE ARMED FORCES INSTITUTE OF PATHOLOGY;

PAGE 4
MR. CRIM, MR. MONTA
OCT. 20, 2007

6. THE PROSECUTION'S CIRCUMSTANTIAL CHAIN OF INFERENCE FIRST
DEPENDS ON THE INFERENCE THAT I HAD A WALKIE-TALKIE LIKE
THE REPLICATE ONE USED BY THE EXPERT TESTIMONY OF WILLIAM
STOKES AND DR. WILLIAM OLIVER, THAT I ATTACKED THE
DECEDENT WITH IT, AND THAT AS A RESULT OF THE ATTACK, THE
BRUISES LEFT ON THE BODY ARE SIMILAR IN PATTERN OF THE
WALKIE-TALKIE;

7. HAD THE PROSECUTION DISCLOSED THE INFORMATION GIVEN TO
DETECTIVE LADD SURROUNDING THE TIME-LINE OF MS. NATHAN'S
MURDER, THAT TWO MEN WERE OBSERVED LEAVING THE VICTIM'S
ROOM, ONE CARRYING A WALKIE-TALKIE, I WOULD HAVE BEEN ABLE
TO CHALLENGE THE OPINION RENDERED BY THE STATE'S SO-CALLED
EXPERTS. NEITHER WITNESS, STOKES OR OLIVER. COULD
CONCLUDE TO REASONABLE DEGREE OF CERTAINTY THAT MS.
NATHAN'S WOUNDS WERE MADE BY THE WALKIE-TALKIE;

8. THE PROBABILITY OF THE WALKIE-TALKIE SEEN IN THE HANDS OF
THE ALTERNATE SUSPECTS OBSERVED LEAVING THE VICTIM'S ROOM
HOLDS GREATER FACTUAL BASIS FOR IT BEING THE MURDER WEAPON
BASED ON EYE-WITNESS OBSERVATION. THE OPINION BY THE
STATE'S SO CALL EXPERTS, IS BASED UPON "POSSIBILITIES" AND
NOT SCIENTIFIC CERTAINTIES, BETWEEN THE BRUISE PATTERN AND
WALKIE-TALKIE;

9. GIVEN THE INFORMATION CONTAINED WITHIN THE STATEMENTS OF
NORMAN RYAN AND DEMETRIUS WILLIAMS, AND HAND WRITTEN NOTES
OF DETECTIVE LADD FROM THE INTERVIEWS WITH THE TWO
EMPLOYEES OF SEPTEMBER 3, 1994, WHETHER OR NOT THEY WERE
EXCULPATORY, THEY WERE MOST DEFINITELY IMPEACHING AND AS
SUCH, DEPRIVED OF SAID DOCUMENTS NOT ONLY VIOLATED MY
CONSTITUTIONAL RIGHT TO DUE PROCESS, BUT THE VERY
DEPRIVATION OF THIS IMPEACHING EVIDENCE (SUCH AS) VIOLATED
MY CONSTITUTIONAL RIGHT TO CONFRONTATION AS WELL.

FOURTH, MR. CRIM, AS FOR THE ARGUMENT CONCERNING THE TEST
RESULTS SHOWING MS. NATHAN'S POSITIVE TEST FOR HEPATITIS B, THE
ARGUMENT NEEDS TO BE CLARIFIED FOR THE COURT TO UNDERSTAND IT'S
NOT ONLY ABOUT MS. NATHAN HAVING HEPATITIS B;

1. THE FACT REMAINS THE PROSECUTION IN THIS CASE WAS FULLY
AWARE A **SECRET TEST** WAS ORDERED ON ME ON SEPTEMBER 15,
1994, TO SEE IF I HAD **HEPATITIS B.** UNDER A SEARCH WARRANT
READS IN PART AS FOLLOWS:

ELWOOD H. JONES, JR. IS TO BE TAKEN TO THE HAMILTOM COUNTY
LAB AND THAT THE QUALIFIED EMPLOYEE OF THAT LAB ARE
DIRECTED TO PROPERLY TAKEN BLOOD, HAIR, SEMEN, FINGERNAIL
SCRAPINGS, AND SALIVA SAMPLES FROM ELWOOD H. JONES, JR.

PAGE 5
MR. CRIM, MR. MONTA
OCT. 20, 2007

UPON COMPLETION THEREOF, ELWOOD H. JONES, JR. IS TO BE
RETURNED TO 4343 COOPER ROAD, BLUE ASH, OHIO.

YET THE PROSECUTION IN THIS CASE NEVER SHARED THE TEST
RESULTS, I.D. NO. 252, SHOWING I TESTED NEGATIVE FOR
HEPATITIS B, WITH MY ATTORNEYS DURING OR BEFORE MY TRIAL,
CANNOT BE WEIGHED AS PROCEDURALLY DEFAULTED WHEN THIS
INFORMATION CONCERNING TEST RESULTS REFER TO J.14594475;
J.1594466, I.D. NO. 252, DATED SEPTEMBER 15, 16, 1994,
SHOWING ELWOOD H. JONES, JR. GAVE BLOOD UNDER A COURT ORDER
ON SEPTEMBER 15, 1994, AND IT WAS SENT TO MICROBIOLOGY
REFERENCE LABORATORY, 3645 CENTRAL PARKWAY, CINCINNATI, OH
45223 — TO BE TESTED FOR HEPATITIS B.  THE TEST RESULTS UNDER
I.D. 252 FOR ELWOOD H. JONES, JR. CAME BACK NEGATIVE FOR
HEPATITIS B.. ONLY CAME TO THE ATTENTION OF MY ATTORNEYS UPON
THIS COURT'S GRANTING OF DISCOVERY IN THIS CASE ON JUNE 25,
2002.

2. MR. CRIM, SEE UNITED STATES V. MULLINS, 22 F.3d 1365, 1371
(6TH CIR. 1994):

A NEW TRIAL WILL BE GRANTED FOR A BRADY VIOLATION ONLY ID
THE DEFENDANT CAN DEMONSTRATED BOTH THAT THE PROSECUTION
WITHHELD EXCULPATORY EVIDENCE, SEE UNITED STATES V.
PHILLIP, 948 F.2d 241,249 (6TH CIR. 1991), AND THAT THE
EVIDENCE WAS MATERIAL IN THAT THE DEFENDANT DID NOT
RECEIVE A FAIR TRIAL BECAUSE OF ITS ABSENCE, SEE UNITED
STATES V. FROST, 125 F.3d 346, 382-83 (6TH CIR. 1997). IN
SCHLEDWITZ V. UNITED STATES, 169 F.3d 1003 (6TH CIR.
1999), THE SIXTH CIRCUIT ELABORATED UPON THE "MATERIALITY"
REQUIREMENT OF BRADY AS FOLLOWS:

WHEN A DEFENDANT ... ASSERTS THAT THE NEWLY DISCOVERED
BRADY EVIDENCE IS EXCULPATORY, THE DEFENDANT WILL BE
ENTITLED TO A NEW TRIAL IF HE SHOWS THAT THE FAVORABLE
EVIDENCE AT ISSUE WAS "MATERIAL." UNITED STATES V.
FROST, 125, F.3d 346, 382 (6TH CIR. 1997). IN KYLES V.
WHITLEY, 514 u.s. 419 (1995), THE SUPREME COURT
CLARIFIED THE "MATERIALITY" ANALYSIS. THE COURT
EXPLAINED THAT A SHOWING OF MATERIALITY DOES NOT
REQUIRE THE SUPPRESSED EVIDENCE IN QUESTION ESTABLISH
THE DEFENDANT'S INNOCENCE BY A PREPONDERANCE OF THE
EVIDENCE. "[T]HE QUESTION IS NOT WHETHER THE DEFENDANT
WOULD MORE LIKELY THAN NOT HAVE RECEIVED A DIFFERENT
VERDICT WITH THE EVIDENCE, BUT WHETHER IN ITS ABSENCE
HE RECEIVED A FAIR TRIAL, UNDERSTOOD AS A TRIAL
RESULTING IN A VERDICT WORTHY OF CONFIDENCE."

3. YOU MUST POINT OUT TO THE COURT, HAMILTON COUNTY CORONER'S
DEATH RECORDS FOR MRS. RHODA NATHAN SHOWS SHE HAD

PAGE 6
MR. CRIM, MR. MONTA
OCT. 20, 2007

HEPATITIS B AND INFORMATION CONCERNING TEST RESULTS REFER
TO J.1540581; J.1540591; I.D. NO. 1229-81, ACCESSION NO.
H-377-94, DATED SEPTEMBER 6, 7, 8, 1994, SHOWING MS.
NATHAN TESTING POSITIVE FOR HEPATITIS B.   DOCUMENTS FROM
MICROBIOLOGY REFERENCE LABORATORY, 3645 CENTRAL PARKWAY,
CINCINNATI OHIO 45223.    YET THE ISSUE HERE IS THE
PROSECUTION IN THIS CASE WAS AWARE OF A SECRET TEST DONE
ON ME TO SEE IF I HAD HEPATITIS B AND **NEVER** TURNED THE
TEST RESULTS OVER SHOWING I DID NOT HAVE HEPATITIS TO **MY
ATTORNEYS BEFORE** OR **DURING MY TRIAL.** WE ONLY LEARNED OF
THIS INFORMATION CONCERNING THE **SECRET TEST** AND ITS
**RESULTS** UPOON THIS **COURT GRANTING** A **DICOVERY** IN THIS CASE
AND SHOULD NOT BE CONFUSED WITH WHEN MY ATTORNEYS WAS MADE
AWARE OF MRS. NATHAN'S DEATH RECORDS SHOWING SHE HAD
HEPATITIS B.

I AM BRINGING THIS LETTER TO A CLOSE FOR NOW.   I HAVE TOUCHED
ON FIVE AREAS I AM REQUESTING YOU INCLUDE AS PART OF THE
COMPREHENDERS BRIEF IS DUE TO BE FILED IN THIS CASE.  MR. CRIM, I
STILL HAVEN'T RECEIVED A COPY OF THE PLEADING FILED IN THIS CASE
OR A COPY OF THE EXHIBIT MATERIALS USED DURING THE EVIDENTIARY
HEARING YOU WAS SENDING ME.   ALSO HAVE THE TRANSCRIPTION OF THE
EVIDENTIARY HEARING AND WITNESSES BEEN COMPLETED YET?   PLEASE
CALL ME ABOUT TWO WEEKS AFTER YOU SEND ME THE EXHIBIT MATERIALS
AND TRANSCRIPTS OF THE HEARING.   I WILL HAVE BEEN ABLE TO GO OVER
THE MATERIAL BY THAT TIME.

SINCERELY,

ELWOOD H. JONES, JR.

CC: COURT

MR. ELWOOD H. JONES, JR.
A339-441   D-5-27
878 COITSVILLE-HUBBARD RD.
YOUNGSTOWN, OH 44505-4635

Mr. James Bonini

c/o
CLERK'S OFFICE OF THE
DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF OHIO
200 WEST SECOND ST., RM. 712
DAYTON, OHIO 45402