IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON, OHIO

ELWOOD H. JONES

    Petitioner

v.

MARGARET BAGLEY, Warden,

    Respondent.

Case No. 1:01-cv-564

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

**Elwood H. Jones's Reply Memorandum in
Support of Motion to Amend Petitioner (Dkt. 142)**

This Court should grant the motion to amend the petition. The procedural default provisions that the Government attempts to argue should not prevent this. They can be plead when the petition is amended. And they are without merit because the Government failed for almost a decade to disclose the information.

Jones first asked for information favorable to him almost a year after the government's agents went to New York and found out that various family members had differing stories concerning the pendant.[1] On December 8, 1995, citing *Brady*, the Government represented the following:

> It is the intention of the State to fully and liberally comply with all appropriate rules and cases. The Defendant shall receive all information to which is lawfully entitled. [2]

---

[1] Demand for Discovery, October 8, 1995, Doc. 5, I App. 30; Defendant's Request for Disclosure of Favorable Evidence Pursuant to Rule 16(B)(1)(f) of the Ohio Rules of Criminal Procedure, October 8, Doc. 6, I App. 31; Motion to Compel Disclosure of all Evidence Favorable to the Defendant and/or Discrediting to the Plaintiff, October 10, 1995, Doc. X, 14, I App. 42.
[2] State's Response to Defendant's Demand for Disclosure of Favorable Evidence, December 8, 1995, Doc. 35, I App. 141.

In April 1996, the defense requested an order requiring the Blue Ash Police Department to turn over the information to the prosecutor.[3] In response the Government reiterated its intention to fully and liberally comply with its obligation to provide the required information:

> The matters raised by the Motion are covered by Rules 12 and 16 of the Ohio Rules of Criminal Procedure. It is the intention of the State to fully and liberally comply with these rules. The Defendant shall receive all information to which he is lawfully entitled.[4]

Despite these representations, the Government failed to provide during trial information about contradictory statements of family members about the pendant, the complaints of other hotel guests, and the written statements and interviews of Demetrius H. Williams and Ryan Norman.

The matter of *Brady* material also arose in the postconviction proceeding.[5] Jones sought documents and depositions during the postconviction process, including documents from the police department and deposition of the Nathans.[6] The Government's response was not to present the information about the contradictory statements of family members about the pendant, the complaints of other hotel guests, and the written statements and interviews of Demetrius H. Williams and Ryan Norman. Instead, the Government asserted that discovery was unavailable. In addressing the merits of the claims, the Govern-

---

[3] Motion to Compel Law Enforcement Officials to Turn Over and Advise Prosecuting Attorney of All Information Acquired During the Course of Investigation, April 10, 1996, Doc. 76, I App. 283.
[4] State's Response to Defendant's Motion to Compel Law Enforcement Officials to Turn Over and Advise Prosecuting Attorney of All Information Acquired During the Course of Investigation, April 17, 1996, Doc. 88, I App. 337.
[5] Thirtieth and Thirty-first Grounds for relief, XII App. 198-200, and Exhibit L, IX App. 5-32; Exhibit YY, XII App. 257-80; and Thirty-Fifth Ground for relief, XII App. 254-56, and the Exhibit YY, XII App. 257-80.
[6] Petitioner's First Motion for Leave of Court to Conduct Discovery, or, in the Alternative, an Order Requiring Disclosure of Specific Items Enumerated Herein, April 12, 1998, Doc. XXX, XII App. 1.

ment did not address any of its failure and merely asserted that it was a matter of trial tactics.[7]

The Government has continued this pattern of refusing to present information and opposing discovery. In 2002 Jones asked this Court for discovery of *Brady* information based in part on Prosecutor Piepmeier's documented record of withholding evidence.[8] The Government response was to continue to refuse discovery.[9]

The information that we seek to add to the petition was not made available in a timely manner in the state courts because of the actions of the Government's agents. Nonetheless the Government seeks to take advantage of its own actions, and require Petitioner to return to state court. Because exhaustion is a comity-based doctrine that "serves to minimize friction between our federal and state systems of justice by allowing the state an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."[10]

The United States Supreme Court has held that a petitioner establishes cause for procedural default under these circumstances:

> In summary, petitioner has established cause for failing to raise a Brady claim prior to federal habeas because (a) the prosecution withheld exculpatory evidence; (b) petitioner reasonably relied on the prosecution's open file policy as fulfilling the prosecution's duty to disclose such evidence; and (c) the Commonwealth confirmed petitioner's reliance on the open file policy by asserting during state habeas proceedings that petitioner had already received "everything known to the government." We need not decide in this

---

[7] Motion to Dismiss Postconviction Petition, June 10, 1999, Doc. XXX, XII App. 132; Plaintiff-Respondent's Motion to Dismiss the Amended and Second Amended Petitioner, etc., July 29, 1999, Doc XXX, XII App. 333,
[8] Petitioner Elwood Jones' First Motion for Leave to Conduct Discovery, Dkt. 20, March 1, 2002.
[9] Respondent's Memorandum in Opposition to Petitioner's First Motion for Leave to Conduct Discovery, Dkt. 21, March 20, 2002.
[10] *Duckworth v. Serrano,* 454 U.S. 1, 3 (1981) (per curiam ).

case whether any one or two of these factors would be sufficient to constitute cause, since the combination of all three surely suffices.[11]

The United States Supreme Court has reiterated this position:

Corresponding to the second Brady component (evidence suppressed by the State), a petitioner shows "cause" when the reason for his failure to develop facts in state-court proceedings was the State's suppression of the relevant evidence; coincident with the third Brady component (prejudice), prejudice within the compass of the "cause and prejudice" requirement exists when the suppressed evidence is "material" for Brady purposes.[12]

Thus, this Court should grant the motion to amend the petition.

                                                        Respectfully Submitted,

                                                        *s/Michael L. Monta*
                                                        MICHAEL L. MONTA (0032777)
                                                        Trial Counsel
                                                        3625 Old Salem Road
                                                        Dayton, Ohio 45415-1427
                                                        (937) 890-6921

                                                        *s/Gary W. Crim*
                                                        GARY W. CRIM (0020252)
                                                        943 Manhattan Avenue
                                                        Dayton, Ohio 45406-5141
                                                       (937) 276-5770

                                                        Attorneys for Elwood H. Jones

---

[11] *Strickler v. Greene*, 527 U.S. 263, 289 (1999), footnotes omitted.
[12] *Banks v. Dretke*, 540 U.S. 668, 691 (2004).

## Certificate of Service

I, Gary W. Crim, counsel for Elwood H. Jones, certify that on December 4, 2007, I served a copy of this Reply Memorandum in Support of Motion to Amend Petitioner (Dkt. 142) on Counsel for the Warden, Sarah A. Hadacek and Stephen E. Maher, by emailing it to shadacek@ag.state.oh.us; smaher@ag.state.oh.us.

*s/Gary W. Crim*
GARY W. CRIM