INDEX TO
EVIDENTIARY HEARING TRANSCRIPTS
DR. JOSEPH SOLOMKIN
SEPTEMBER 24, 2007
DIRECT EXAMINATION: PAGES 5-44
CROSS EXAMINATION: PAGES 44-56

**IMPRESSIVE CREDENTIALS IN THE AREA OF INFECTIOUS DISEASES**

- CURRENTLY PROFESSOR OF SURGERY AT THE UNIVERSITY OF CINCINNATI COLLEGE OF MEDICINE AND HOSPITAL……………………………………………………5, LINES 7-9

- GRADUATE OF HARVARD COLLEGE…………………………………………………...7, LINES 7-9

- GRADUATE OF ALBERT EINSTEIN COLLEGE OF MEDICINE……………..................7, LINES 10-12

- STUDIED INFECTIONS DURING RESIDENCY AT THE UNIVERSITY OF MINNESOTA…………………………………………………….6, LINES 4-7

- COMPLETED RESIDENCY AND BECAME BOARD CERTIFIED IN 1980………………………………………………….................7, LINES 5-6

- RECEIVED A FELLOWSHIP FROM THE NATIONAL INSTITUTE OF HEALTH TO CONTINUE WORK IN MINNESOTA……………………………………………………………………………6, LINES 8-10

- RECRUITED TO THE UNIVERSITY OF CINCINNATI TO WORK IN THE AREA OF SURGICAL INFECTIONS……………………………...6, LINES 11-16

- DEVELOPED A DIVISION OF SURGICAL INFECTIONS AT THE UNIVERSITY OF CINCINNATI………………………………………..................6, LINES 16-18

- HAS DONE "HANDS-ON" SURGERY SINCE THE 1970'S…………………………………7, LINES 1-5

- HAS PREVIOUSLY BEEN QUALIFIED AS AN EXPERT AND HAS HAD TESTIMONY ACCEPTED AS AN EXPERT……………………………………………………........................7, LINES 21-23

**HIRED TO EDUCATE ATTORNEY SANKS ON THE EIKENELLA ISSUE**

- AGREES JONES'S ATTORNEYS SOUGHT OUT HIS SERVICES; HE DID NOT SOLICIT HIMSELF………………………………………………………46, LINES 8-9
- AGREES ATTORNEY SANKS EXERCISED PROFESSIONAL JUDGMENT BY CONTACTING HIM ABOUT THE EIKENELLA ISSUE……………………………………………………………..45, LINES 20-23
- PERCIEVED HIS ROLE TO BE TO EDUCATE ATTORNEY SANKS ON THE EIKENELLA ISSUE………………….....................46, LINES 19-21

**AGREED TO BE DEPOSED BY ATTORNEY SANKS**

- AGREES ATTORNEY SANKS ORIGIANLLY SOUGHT HIS LIVE TESTIMONY IN COURT…………………………………….....................48, LINES 23-25
- COULD NOT TESTIFY LIVE BECAUSE HE WAS OUT OF THE COUNTRY ON THOSE DATES……………………………………………..49, LINES 1-2
- AGREES HE AGREED TO BE DEPOSED EVEN THOUGH HE KNEW HE WOULD NOT HAVE AN OPPORTUNITY TO REVIEW DR. MCDONOUGH'S TESTIMONY PRIOR TO HIS DEPOSITION……………………………………. …………………………...52, LINES 24-25
  53, LINES 1-3

**REVIEWED JONES'S MEDICAL RECORDS PRIOR TO HIS DEPOSITION**

- AGREES HE REVIEWED INTRA-OPERATIVE AND OPERATIVE REPORTS ON JONES'S HAND SURGERY PRIOR TO HIS DEPOSITION……………………………………………………...54, LINES 1-5
- AGREES HE TOOK HIS TIME WHEN HE REVIEWED THOSE MATERIALS……………………………………………………………54, LINES 6-8
- AGREES ATTORNEY SANKS AT NO TIME TOOK THE REPORTS AWAY FROM HIM OR REFUSED TO ALLOW HIM TO

- 3 -

    LOOK AT THEM………………………………………………………………54, LINES 9-11

- AGREES, AS A RESULT OF REVIEWING THOSE REPORTS, HE WAS ABLE TO OFFER MEDICAL OPINIONS AS TO HOW JONES'S HAND BECAME INFECTED……………………………………………54, LINES 12-21

- AGREES HE AT NO TIME ASKED TO REVIEW ANYTHING IN ADDITION TO THE INTRA-OPERATIVE AND OPERATIVE REPORTS ON JONES'S HAND SURGERY………………………………………………………55, LINES 5-7

- AGREES HIS MEDICAL OPINION WOULD NOT HAVE CHANGED IF HE HAD MORE TIME TO REVIEW THE INTRA-OPERATIVE AND OPERATIVE REPORTS ON JONES'S HAND SURGERY……………………………………………55, LINES 21-25

                                                                      56, LINES 1-6