IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELWOOD H. JONES, JR.,

   Petitioner,

  -vs-

MARGARET BAGLEY, Warden,

   Respondent.

:

:

:

Case No. 1:01-cv-564

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

**DECISION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND**

   This capital habeas corpus case is before the Court on Petitioner's post-evidentiary-hearing Motion to Amend the Petition (Doc. No. 142) by adding the following claim to Ground Three:

> C1. The Government violated its obligation under *Napue v. Illinois*, 360 U.S. 264 (1959); *Brady v. Maryland,* 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and *Kyles v. Whitley,* 514 U.S. 419 (1995); by failing to disclose evidence favorable to the defense.

The amendment is not barred by the statute of limitations as interpreted in *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 2569 (2005), because it does not "assert a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading." Indeed, Respondent does not assert any such bar.

   Respondent instead asserts that Petitioner has an unexhausted available state court remedy for this claim, to wit, a petition for post-conviction relief under Ohio Revised Code § 2953.23. Under that section, a person may file a second or successive post-conviction petition upon proof that the petition depends on newly-discovered evidence which could not have been discovered in time for the first of

such petitions in the exercise of due diligence.

      Petitioner, for whatever reason does not respond to the exhaustion argument, but instead offers authority as to why this claim is not procedurally defaulted. Respondent has not asserted procedural default, but points out the Court is authorized to deny an unexhausted claim on the merits, although it may not grant such a claim.

      Given this state of the argument, the Motion to Amend is granted without any finding by the Court as to whether there is merit to the new claim. If the Court finds the claims to be potentially meritorious, the question of a stay to allow their submission to the state courts will be addressed at that time.

December 10, 2007.

                                                        s/ **Michael R. Merz**
                                                   Chief United States Magistrate Judge