IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON, OHIO

ELWOOD H. JONES, JR.            :
                                :
        PETITIONER, PRO SE      :    CASE NO. 1:01-CV-564
                                :
                                :    DISTRICT JUDGE:
    V.                          :    THOMAS M. ROSE
                                :    CHIEF MAGISTRATE JUDGE:
MARGARET BAGLEY, WARDEN,        :    MICHAEL R. MERZ
                                :
                                :
        RESPONDENT.             :    **THIS IS A DEATH PENALTY CASE**

---

**PRO SE PETITIONER ASKS THIS COURT FOR PERMISSION TO CORRECT
THE RECORD IN THE CASE OF ELWOOD H. JONES, JR. V.
MARGARET BAGLEY, WARDEN IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO CASE NO. 1:01-CV-00564
IN THE INTEREST OF JUSTICE UNDER SPECIAL CIRCUMSTANCES
BROUGHT TO THE COURT'S ATTENTION BT THE PETITIONER**

---

NOW COMES PRO SE PETITIONER ELWOOD H. JONES, JR. RESPECTFULLY
REQUESTS THIS HONORABLE COURT TO ALLOW HIM UNDER SPECIAL
CIRCUMSTANCES -- **TO CLARIFY FOR THE COURT ANOTHER IMPORTANT
ASPECT OF THE CASE TO CONSIDER, IN RELATING TO DEMETRIUS WILLIAMS
AND NORMAN RYAN'S STATEMENTS ON SEPTEMBER 3, 1994, TO DET. JOHN
LADD -- THAT THEY OBSERVED A DARK COMPLEXION BLACK MAN CARRYING A
WALKIE-TALKIE LEAVING MS. NATHAN'S ROOM THAT MORNING. WHICH WAS
ANOTHER IMPORTANT ASPECT OF THE CASE AGAINST THE PETITIONER
HEREIN.**

A. **SINCE THE DESCRIPTION OF A DARK COMPLEXION BLACK MAN CARRYING
   A WALKIE-TALKIE LEAVING** MS. NATHAN'S ROOM **WAS NOT OF THE
   PETITIONER HEREIN, MR. JONES.**

   1. THE PROSECUTION'S EXPERT WITNESS IN THIS CASE FROM THE
      HAMILTON COUNTY CORONERS OFFICE WAS ALLOWED TO OFFER

TESTIMONY TO THE JURORS -- "THE BRUISE PATTERN LEFT ON THE BODY OF MS. NATHAN ARE **SIMILAR IN PATTERN TO A WALKIE-TALKIE MR. JONES WAS CARRYING SEPTEMBER 3, 1994;**

2. HAD THE PROSECUTION DISCLOSED THIS INFORMATION GIVEN TO DETECTIVE LADD SURROUNDING THE TIME-LINE OF MS. NATHAN'S MURDER, THAT TWO MEN WERE OBSERVED LEAVING THE VICTIM'S ROOM, ONE CARRYING A WALKIE-TALKIE, I WOULD HAVE BEEN ABLE TO CHALLENGE THE OPINION RENDERED BY THE STATE'S SO-CALLED EXPERTS FROM THE HAMILTON COUNTY CORONER'S OFFICE DURING MY TRIAL.  THE PROBABILITY_ OF THE WALKIE-TALKIE SEEN IN THE HANDS OF THE ALTERNATIVE SUSPECTS OBSERVED LEAVING THE VICTIM'S ROOM HOLDS GREATER FACTUAL BASIS FOR IT BEING THE MURDER WEAPON BASED ON EYE-WITNESS OBSERVATION.  THE OPINION BY THE STATE'S SO-CALLED EXPERTS, IS BASED UPON "POSSIBILITIES" AND NOT SCIENTIFIC CERTAINTIES, BETWEEN THE BRUISE PATTERN AND WALKIE-TALKIE;

3. GIVEN THE INFORMATION CONTAINED WITHIN THE STATEMENTS OF NORMAN RYAN AND DEMETRIUS WILLIAMS AND HAND WRITTEN NOTES OF DETECTIVE LADD FROM THE INTERVIEWS WITH THE TWO EMPLOYEES OF SEPTEMBER 3, 1994, WHETHER OR NOT THEY WERE EXCULPATORY, THEY WERE MOST DEFINITELY IMPEACHING AND AS SUCH, DEPRIVED OF SAID DOCUMENTS NOT ONLY VIOLATED THE PETITIONER HEREIN CONSTITUTIONAL RIGHT TO DUE PROCESS AND CONSTITUTIONAL RIGHT TO CONFRONT THE TESTIMONY OF THE CORONER'S OFFICE RELATING TO BRUISE PATTERN AND WALKIE-TALKIE.  NOR WAS PETITIONER GIVEN THE OPPORTUNITY TO CONFRONT AND CHALLENGE THE EXPERT OPINION OF STOKES AND OLIVER'S VIDEO DEPOSITION TESTIMONY DURING MY TRIAL. FOR AN EXAMPLE WITH A LINE OF QUESTIONS, BY ASKING WERE EITHER OF YOU WITNESSES GIVEN INFORMATION CONCERNING A BLACK MALE COMING OUT OF THE VICTIM'S ROOM WITH A WALKIE-TALKIE IN HIS HAND?

B.  ON **APRIL 28, 2008**, PETITIONER HEREIN SPOKE TO COURT
    APPOINTED ATTORNEY GARY W. CRIM, BY PHONE CALL AND WAS TOLD
    THAT AFTER DISCUSSING THE MATTER WITH LEAD COURT APPOINTED
    ATTORNEY, MICHAEL L. MONTA, THAT I HAVE ADDRESSED IN A
    LETTER TO HIM AND MR. MONTA ON **FEBRUARY 3, 2008** AND **APRIL
    20, 2008** THAT HE HAD JUST FINISHED ADDRESSING A LETTER TO
    CHIEF MAGISTRATE JUDGE MERZ, REQUESTING PERMISSION TO
    CORRECT THE RECORD IN THE CASE AGAINST PETITIONER AND TO
    ADDRESS THE PART OF THE 'TWO' INDIVIDUAL WITHHELD STATEMENTS
    OF DEMETRIUS WILLIAMS AND NORMAN RYAN RELATING TO A BLACK
    MALE SEEN COMING OUT OF THE VICTIM'S ROOM WITH A
    WALKIE-TALKIE IN HIS HAND, THAT HE HAD SENT ME A COPY OF THE
    ABOVE LETTER SENT TO CHIEF MAGISTRATE JUDGE MERZ, AND TO LET
    HIM OR MR. MONTA KNOW WHAT I THOUGHT AFTER I RECEIVED THE
    COPY OF THE ABOVE MENTIONED LETTER.

    1. THE PETITIONER HEREIN ON **MAY 8, 2008** AFTER PATIENTLY
       WAITING TO RECEIVE THE LETTER MENTIONED BY MR. CRIM,
       **STATED** WAS IN THE MAIL TO ME ON **APRIL 28, 2008** AND WHEN
       **UNABLE TO GET THROUGH TO EITHER MR. G. W. CRIM OR MR. M.
       L. MONTA BY PHONE** TO INFORM THE BOTH OF THEM I **NEVER
       RECEIVED THE LETTER** MR CRIM SPOKE OF WAS IN THE MAIL TO
       ME FOR MY REVIEW, PETITIONER CONTACTED **DEATH ROW CASE
       MANGER MR. SCOTT NOWAK ON MAY 8, 2008 REQUESTING THAT HE
       PLACE A PHONE CALL TO MR. MONTA.** (PLEASE REVIEW THE
       DOCUMENT TO MR. SCOTT NOWAK OF MAY 8, 2008, AND HIS REPLY
       TO THE REQUEST TO CONTACT MY ATTORNEY MICHAEL L. MONTA.)

    2. ON MAY 14, 2008, PETITIONER HEREIN RECEIVED A LETTER BY
       U.S. MAIL FROM ATTORNEY GARY W. CRIM, POST MARKED AND
       DATED MAY 12, 2008, WITH AN ATTACHED LETTER ADDRESSED TO
       CHIEF MAGISTRATE JUDGE MICHAEL R. MERZ, DATED MAY 12,
       2008. THIS CLEARLY SHOWS THERE WAS NEVER ANY LETTER
       WRITTEN TO THE COURT ON APRIL 28, 2008. PLEASE REVIEW
       THE TWO (2) ATTACHED DOCUMENTS WRITTEN BY ATTORNEY GARY
       W. CRIM, DATED MAY 12, 2008. UPON RECEIVING THE ABOVE

MENTIONED LETTER, ON MAY 14, 2008, PETITIONER REACHED OUT
TO GET IN TOUCH WITH HIS ATTORNEYS BUT WAS UNABLE TO GET
THROUGH TO EITHER OF THEM BY PHONE TO EXPRESS HIS TOTAL
DISAGREEMENT WITH THEIR STAND NOT TO CLARIFY THE
IMPORTANT ASPECT OF THE 'TWO' INDIVIDUAL STATEMENTS OF
DEMETRIUS WILLIAMS AND NORMAN RYAN, WITHHELD RELATING TO
A BLACK MALE WAS SEEN COMING OUT OF THE VICTIM'S ROOM
WITH A WALKIE-TALKIE IN HIS HAND. "GIVEN THE FACT THAT
THE PROSECUTION'S CIRCUMSTANTIAL CHAIN OF INFERENCE TO
THE JURORS IN THIS CASE WAS FIRST, DEPENDS ON THE
INFERENCE THAT PETITIONER HAS A WALKIE-TALKIE LIKE THE
REPLICATE ONE USED BY THE EXPERT TESTIMONY OF STOKES AND
DR. WILLIAM OLIVER, THAT PETITIONER ATTACKED THE DECEDENT
WITH IT, AND THAT AS A RESULT OF THE ATTACK, THE BRUISES
LEFT ON THE BODY ARE SIMILAR IN PATTERN OF THE
WALKIE-TALKIE;

3. ACCORDING TO CATHERINE ADAMS' TESTIMONY DURING THE
EVIDENTIARY HEARING ON SEPTEMBER 25, 2007, WHEN ASKED THE
QUESTION, WAS THERE SOME TYPE OF ISSUE RELATING TO A
WALKIE-TALKIE IN THIS CASE, CATHERINE ADAMS TESTIFIED AS
FOLLOWS ON PAGES 222-225 AND 253-255;

Q. IN DEFENDING THIS CASE YOU WERE LOOKING FOR POTENTIAL
SUSPECTS AND WAS THERE AN ISSUE WITH A WALKIE-TALKIE TOO?

A. THERE WAS.

Q. WHAT WAS THAT?

A. ONE OF THE REASONS THAT THE PROSECUTOR GAVE US FOR NOT
HAVING BROUGHT CHARGES EARLIER WAS THAT THEY WERE WAITING
FOR RESULTS FROM THE F.B.I. IN WASHINGTON. THEY HAD DONE
SOME SORT OF SPECIAL PHOTOGRAPHY BECAUSE THERE WAS AN
IMPRINT ON SOME PORTION OF THE VICTIM'S BODY THAT I CAN'T
REMEMBER NOW, BUT THAT IMPRINT, THEY BELIEVE, MATCHED A

WALKIE-TALKIE AND THEY WANTED THAT INFORMATION BACK.   THE
REASON   A   WALKIE-TALKIE   WAS   SIGNIFICANT   IS   THAT   ONLY
CERTAIN PEOPLE WITHIN THE HOTEL CARRIED WALKIE-TALKIES.

Q. AND WAS ELWOOD ONE OF THOSE?

A.HE WAS.

Q. BUT THERE WAS NO MATCH BETWEEN ANY WALKIE-TALKIE HE
HAD AND THIS SO CALLED IMPRINT?

A. NO, THERE WASN'T A WALKIE-TALKIE MATCH.

Q. SUSPICIOUS DARK SKINNED GUY WITH BROWN SHIRT AND A
WHITE GUY WERE COMING OUT OF THE ROOM SEPARATE WHEN THEY
CAME OUT.   MALE, BLACK, WENT RIGHT; WHITE MALE, LEFT,
BLACK HAD WALKIE-TALKIE.   NOW, GOING BACK WHAT WE SAID OR
TALKED ABOUT BEFORE AND THE REPORT ABOUT AN IMPRINT OF A
WALKIE-TALKIE OR AT LEASE TO BE WOULD THIS HAVE BEEN
SIGNIFICANT INFORMATION?

A. YES.

Q. WITHOUT HAVING THIS INFORMATION IS THERE ANY WAY YOU
WOULD HAVE KNOWN ABOUT A BLACK MALE OR WHITE MALE COMING
OUT OF THE ROOM WITH A WALKIE-TALKIE?

A. NO THERE ISN'T.

Q. CONSIDER IT BRADY?

A. YES.

PRO SE PETITIONER RESPECTFULLY REQUESTS THIS HONORABLE COURT TO
ACCEPT THIS MOTION IN THE INTEREST OF JUSTICE UNDER SPECIAL
CIRCUMSTANCES   ONLY   TO   CLARIFY   ANOTHER   IMPORTANT   ASPECT   TO

CONSIDER IN WEIGHING THE ALLEGED EVIDENCE PRESENTED TO THE JURORS IN THIS CASE LISTED IN SECTION A, SUBSECTION 1, 2, AND 3 AND SECTION B, SUBSECTIONS 1, 2, 3.


RESPECTFULLY SUBMITTED,


ELWOOD H. JONES, JR.
339-441
878 COITSVILLE-HUBBARD RD.
YOUNGSTOWN, OH 44505-4635


## CERTIFICATE OF SERVICE

A COPY OF THE FOREGOING PRO SE MOTION WAS SENT BY REGULAR U.S. MAIL TO MR. MICHARL L. MONTA, -ATTORNEY AT LAW-, 3625 OLD SALEM ROAD, DAYTON, OH 45415-1427, MR. GARY W. CRIM, -ATTORNEY AT LAW-, 943 MANHATTEN AVE. DAYTON, OH 45406-5141, AND MS. SARAH A. HADEACK, ATTORNEY GENERAL STATE OFFICE, CAPITAL CRIMES SECTION, 30 EAST BROAD STREET, 23RD FLOOR, COLUMBUS, OH 43215, ON THIS DAY _14th_ OF MAY, 2008.


ELWOOD H. JONES, JR.