

MAY 8, 2008

MR. NOWAK,

I AM REQUESTING THAT YOU PLACE A PHONE CALL TO MY ATTORNEY, MR. MICHAEL L. MONTA, PHONE NUMBER 937-890-6921.

EXPLAIN TO HIM, MR. JONES, SAID HE IS UNABLE TO GET THROUGH TO HIM OR MR. GARY W. CRIM BY PHONE.

RELAY TO HIM:

A. MR. JONES SAID HE NEVER RECEIVED THE LETTER MR. CRIM SPOKE OF IN THE MAIL TO CHIEF MAGISTRATE JUDGE MERZ, ASKING THE COURT FOR PERMISSION TO CORRECT THE RECORD IN THE CASE OF <u>ELWOOD H. JONES, JR. V. MARGARET BAGLEY, WARDEN, IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO, CASE NO. 1:01-CV-00564.</u> TO CLARIFY FOR THE COURT ANOTHER IMPORTANT ASPECT OF THE CASE RELATING TO DEMETRIUS WILLIAMS AND NORMAN RYAN'S STATEMENTS OF SEPTEMBER 3, 1994.

B. MR. JONES IS REQUESTING THAT YOU AND MR. CRIM SET UP A PHONE CALL TO SPEAK TO HIM IN THE NEXT FEW DAYS. HE IS ALSO REQUESTING THAT YOU FAX A COPY OF THE LETTER TO CHIEF MAGISTRATE JUDGE MERZ HERE SO HE CAN DIRECT HIS QUESTIONS TO THE EACH OF YOU DURING THE PHONE CALL HE IS REQUESTING.

MR. NOWAK, I NEED HIS RESPONSE HE GIVES YOU BACK IN WRITING.

*[signature]*
JONES
339-441

*[handwritten: Message left with Attorney Monta at 1:00 pm  Nowak]*

KITE PROCEDURE

1. Check with your Sergeant or Case Manager to see if this communication can be handled without a kite.
2. Write only to the Department that handles the problem you have. Others will merely forward your kite.
3. State your problems clearly and completely and thereby get immediate attention.
4. Avoid duplication of Kites, Writing to more than one office about the same thing will not obtain any faster attention.
5. Kites are to be used only for communication between inmates and Institutional Staff and not for any other purpose.

| | | |
|---|---|---|
| Number: A339-441 | Na[me]: Jones | Date: 5/8/08 |
| Unit: H-5 | Lock: 27 | Assignment: |

To: Mr. Howard Case Manager

Issued By (Staff Member Signature): CO DiMozzo [signature]

FOLD HERE

| | | |
|---|---|---|
| CASE MANAGER | INST. INSPECTOR | QUARTERMASTER |
| CLASSIFICATION | INVESTIGATOR | RECORDS |
| COMMISSARY | JOB COORDINATOR | RECOVERY SERVICES |
| DENTAL | LIBRARY | RECREATION |
| DEPUTY WARDEN ADMINISTRATION | MAIL ROOM | RELIGIOUS SERVICES |
| DEPUTY WARDEN OPERATIONS | MAJOR | UNIT MANAGER |
| DEPUTY WARDEN SPECIAL SERVICES | MEDICA[L] | WARDEN |
| EDUCATION | MENTAL HEAL[TH] | OTHER |

KITE PROCEDURE

1. Check with your Sergeant or Case Manager to see if this communication can be handled without a kite.
2. Write only to the Department that handles the problem you have. Others will merely forward your kite.
3. State your problems clearly and completely and thereby get immediate attention.
4. Avoid duplication of Kites, Writing to more than one office about the same thing will not obtain any faster attention.
5. Kites are to be used only for communication between inmates and Institutional Staff and not for any other purpose.

# Gary W. Crim
Attorney at Law

943 Manhattan Avenue, Dayton, Ohio 45406-5141
Telephone: (937) 276-5770
Facsimile: (937) 278-5188
E-mail: gary_crim@ameritech.net



May 12, 2008

Chief Magistrate Judge Michael R. Merz
Federal Building, Room 505
200 West Second Street
Dayton, Ohio 45402

    Re:   *Elwood H. Jones v. Margaret Bagley, Warden,*
           *United States District Court, Southern District of Ohio*
           Case No. 1:01-cv-00564-TMR-MRM

Dear Judge Merz:

    It has taken me some time to review and respond to Mr. Jones' most recent letters to counsel, which he has so kindly filed with the Court.

    In reviewing these letters, I have noted a mistake in our Post-Hearing Traverse. We quoted from the testimony of Ms. Adams on pages 90-91 of our Traverse. The implication was that this testimony related to Ryan Norman. This is not accurate. The quoted testimony related to another undisclosed witness, one Robyn Williams, whom we discussed at pages 27 & 92. The quote accurately depicts Ms. Adams's testimony that the she would have considered the witness Williams significant and would have investigated the matter. Ms. Adam's testimony about the importance of the undisclosed statements of Mr. Ryan can be found in the Hearing Transcript at pp. 221-24

    My apologies for any inconvenience that this may have caused.

Respectfully,

GARY W. CRIM

GWC: msw
cc:    Sarah A. Hadacek and Stephen E. Maher

# Gary W. Crim
Attorney at Law

943 Manhattan Avenue, Dayton, Ohio 45406-5141
Telephone: (937) 276-5770
Facsimile: (937) 278-5188
E-mail: gary_crim@ameritech.net



May 12, 2008

Elwood H. Jones, # 339,441
Ohio State Penitentiary
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505

Re:   *Elwood H. Jones v. Margaret Bagley, Warden,*
United States District Court, Southern District of Ohio
Case No. 1:01-cv-00564-TMR-MRM

Dear Mr. Jones:

Enclosed is a copy of the letter to Judge Merz.

I have not emphasized the issue that you raised concerning the walkie-talkie. I have done this because Mr. Monta and I believe that Judge Merz should not focus on the evidence concerning other persons with walkie-talkies at this time. The government had never contended that it was the walkie-talkie that you had that day that caused the imprint on the victim, only that a walkie-talkie of that type matched the imprint. The government has never contended that you were the only person to carry a walkie-talkie.

Rather we believe that Judge Merz should focus on the issue emphasized in our Traverse, namely that the unrevealed evidence concerning the pendant and the failure to properly present the information on the Eikenella puts the case in a new light and undermines the confidence in the verdict.

If you have any questions, please call me or Mr. Monta, who can be reached at (937) 890-6921. I was out of the office at the Sixth Circuit Judicial Conference from Wednesday through Saturday evening last week. You called several times while I was gone, my apologies.

Respectfully,

GARY W. CRIM

GWC: msw
Enclosure